1   Eric S. Pezold, Bar No. 255657
    epezold@swlaw.com
2   Andrew B. Still, Bar No. 312444
    astill@swlaw.com
3   SNELL & WILMER L.L.P.
    600 Anton Blvd, Suite 1400
4   Costa Mesa, California 92626-7689
    Telephone:    714.427.7000
5   Facsimile:    714.427.7799

6   *Attorneys for Defendants*

7                      UNITED STATES DISTRICT COURT

8                      EASTERN DISTRICT OF CALIFORNIA

9

10  GAVIN MEHL; RON CUPP; and DOES 1-10          Case No. 2:21-CV-01861-TLN-JDP
    inclusive consumers,

11                    Plaintiffs,                **DEFENDANTS' NOTICE OF MOTION
                                                 AND MOTION TO STRIKE
12         vs.                                   COMPLAINT PURSUANT TO CAL.
                                                 CODE CIV. PROC. § 425.16 AND TO
13  WARREN GREEN; MATTHEW DAMERON;               DISMISS PURSUANT TO FED. R. CIV.
    ERIC S. PEZOLD; LYNDSEY A. TORP;             P. 12(b)(6); MEMORANDUM OF
14  MORGAN T. PETRELLI, individual               POINTS AND AUTHORITIES**
    defendants; SNELL & WILMER L.L.P.;
15  WILMINGTON TRUST, NATIONAL                   Hearing Information:
    ASSOCIATION; MFRESIDENTIAL ASSETS            Date:       December 2, 2021
16  I, L.L.C.; MFRA TRUST 2016-1; PS             Time:       2:00 p.m.
    FUNDING, INC.; PEER STREET INC.,             Courtroom: 2
17  corporate defendants; and DOES 1-10          Address:    501 I Street
    inclusive,                                               Sacramento, CA 95814

18

19                    Defendants.

20         TO THE COURT AND ALL PARTIES:

21         PLEASE TAKE NOTICE that on December 2, 2021, at 2:00 p.m., or as soon thereafter as

22  the matter may be heard, in Courtroom 2 of the above-entitled court, located at 501 I Street,

23  Sacramento, CA 95814, Defendants Warren Green, Matthew Dameron, Eric S. Pezold, Lyndsey

24  A. Torp, Morgan T. Petrelli, Snell & Wilmer L.L.P.,[1] Wilmington Trust National Association[2]

25  ("Wilmington"), MFResidential Assets I, L.L.C., MFRA Trust 2016-1, PS Funding Inc., and Peer

26

27  _____
    [1] Defendants Eric S. Pezold, Lyndsey A. Torp, Morgan T. Petrelli, and Snell & Wilmer L.L.P. are sometimes referred
    to herein collectively as "Attorney Defendants."
28  [2] Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-
    1, a Delaware Statutory Trust has been erroneously named as "Wilmington Trust National Association."

    4814-7793-6127

1   Street Inc. (collectively "Defendants") will, and hereby do, move pursuant to California Code of

2   Civil Procedure ("CCP") section 425.16 to strike the complaint of Plaintiffs Gavin Mehl and Ron

3   Cupp [Docket No. 1] (the "Complaint") on the grounds that the Complaint and all causes of action

4   contained therein are meritless and brought for the purpose of chilling Defendants' right of petition.

5       In the alternative, Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of

6   the Federal Rules of Civil Procedure ("FRCP") on the grounds that Plaintiffs fail to state sufficient

7   facts to state a claim upon which relief can be granted.[3] First, Plaintiffs' claims for Violation of the

8   Fair Debt Collection Practices Act, 15 U.S.C. § 1292 *et seq.*, ("FDCPA") and Violation of the

9   Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, ("Rosenthal Act") fail

10  because Plaintiffs have not and cannot allege facts to establish that a debt is owed, that there was a

11  transaction between the parties, or that Defendants are debt collectors as defined under either

12  statute. Second, the claim for violation of the Telephone Consumer Protection Act ("TCPA") fails

13  because Plaintiff Gavin Mehl has not and cannot allege facts to show that Defendant Lyndsey Torp

14  used an automatic telephone dialing system ("ATDS") to place the calls at issue. Third, Plaintiffs'

15  claim for intentional infliction of emotional distress fails because Plaintiffs have not alleged any

16  facts to show that Defendants engaged in any outrageous conduct. Last, the claim for injunctive

17  relief fails as a matter of law because injunctive relief is a remedy, and not a cause of action.

18  Accordingly, Defendants respectfully request that this Court grant their Motion to Dismiss without

19  leave to amend.

20      Defendants further move, pursuant to California Code of Civil Procedure section 425.16(c),

21  for an order awarding their reasonable attorneys' fees and costs in connection with bringing this

22  Motion.

23  //

24  //

25  //

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

---

[3] It should also be noted at the outset that Plaintiffs failed to properly serve Defendants pursuant to FRCP 4.

1        This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

2    Authorities appended hereto, the Request for Judicial Notice submitted concurrently herewith, the

3    pleadings and papers on file in this action, and any other matters that may properly come before

4    this Court.

5

6    Dated: October 29, 2021                                    SNELL & WILMER L.L.P.

7

8    By:   _/s/ Eric S. Pezold_____
                                                                  Eric S. Pezold
                                                                  Andrew B. Still

9
                                                                  Attorneys for Defendants
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -
DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS ......................................................................................... 2

III.   THIS COURT SHOULD GRANT DEFENDANTS' ANTI-SLAPP MOTION ................ 4

    A.   Legal Standard on An Anti-SLAPP Motion Under CCP § 425.16 ........................ 4

    B.   First Step: Plaintiffs' Claims are Based on Constitutionally Protected Activity ........................................................................................................... 5

    C.   Second Step: Plaintiffs Cannot Show a Probability of Success on the Merits ................................................................................................................. 6

        1.   The Litigation Privilege Bars Plaintiffs' Claims.................................... 7

        2.   Plaintiffs Have Not and Cannot Allege Sufficient Facts To State A Claim Against the Defendants ...................................................... 8

            a.   The FDCPA is not Applicable to Plaintiffs' Case as a Matter of Law ................................................................... 8

            b.   Plaintiffs Cannot State A Claim Under the Rosenthal Act ........... 10

            c.   The Complaint Fails to State a Claim Under the TCPA Because There Are No Factual Allegations To Show That Defendants Used an ATDS to Call Plaintiff ................................ 11

            d.   Plaintiffs' Claim for Intentional Infliction of Emotional Distress Fails ............................................................................. 13

            e.   Plaintiffs' Fifth Claim for Injunctive Relief is Not a Claim, but a Remedy, and Thus Fails as a Matter of Law...................... 14

    D.   Defendants Should Be Awarded Reasonable Attorneys' Fees Incurred in Bringing This Anti-SLAPP Motion ...................................................... 15

IV.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS................ 15

    A.   Legal Standards For A Rule 12(b)(6) Motion...................................................... 16

    B.   Plaintiffs Fail to Allege Sufficient Facts to State a Claim on Which Relief Can Be Granted ............................................................................................... 17

V.     CONCLUSION ...................................................................................................... 18

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n,*
  491 F.Supp.3d 727 (E.D. Cal. 2020).........................................................................14

*Alkan v. Citimortgage, Inc.,*
  336 F.Supp.2d 1061 (N.D. Cal. 2004) ......................................................................11

*Allen Bros. v. Abacus Direct Corp.,*
  2002 WL 237872 (N.D. Ill. Feb. 19, 2002) ..............................................................15

*American Humane Ass'n v. Los Angeles Times,*
  *Corp.,* 92 Cal. App. 4th 1095 (2001) ........................................................................15

*Andrews v. Maffucci,*
  1988 WL 49179 (S.D.N.Y. Apr. 21, 1988)...............................................................15

*Bader v. Navient Sols., LLC,*
  No. 18-cv-1367, 2019 WL 2491537 (N.D. Ill. June 14, 2019)..................................12

*Behnia v. Shapiro,*
  961 F.Supp. 1234 (N.D. Ill. 1997) ...........................................................................15

*Bel Air Internet, LLC v. Morales,*
  20 Cal. App. 5th 924 (2018) .......................................................................................5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)............................................................................................16, 17

*Birkner v. Lam,*
  156 Cal.App.4th 275 (2007) ........................................................................................6

*Bishop v. Hug,*
  No. B147942, 2002 WL 660910 (Cal. Ct. App. Apr. 23, 2002)..................................6

*Briggs v. Eden Council for Hope & Opportunity,*
  19 Cal. 4th 1106 (1999) ..............................................................................................6

*Cochran v. Cochran,*
  65 Cal.App.4th 488, 76 Cal. Rptr. 2d 540 (1998) ....................................................13

*Cook v. Hamrick,*
  278 F.Supp.2d 1202 (D. Colo. 2003) ........................................................................10

*Davenport v. Litton Loan Serv., LP,*
  725 F.Supp.2d 862 (N.D. Cal. 2010) ........................................................................14

*eCash Tech., Inc. v. Guagliardo,*
  127 F.Supp.2d 1069 (CD. Cal. 2000) .......................................................................15

*Equilon Enterprises, LLC v. Consumer Cause, Inc.,*
  29 Cal.4th 53 (2002) ..........................................................................................4, 5, 7

*Facebook, Inc. v. Duguid,*
  141 S. Ct. 1163 (2021).............................................................................................12

*Feldman v. 1100 Park Lane Assoc.,*
  160 Cal. App.4th 1467 (2008) ....................................................................................6

*GeneThera, Inc. v. Troy & Gould Prof. Corp.,*
  171 Cal.App.4th 901 (2009) ........................................................................................6

*Halbert v. City of Sherman, Tex.,*
  33 F.3d 526 (5th Cir. 1994)......................................................................................14

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3    *Hamilton v. US Bank, N.A.,*
4       2011 U.S. Dist. LEXIS 136493 (S.D. Cal. Nov. 28, 2011) .................................... 10
     *Heintz v. Jenkins,*
5       514 U.S. 291 (1995) ............................................................................................... 8
6    *Heritage Pacific Financial, LLC v. Monroy,*
        215 Cal.App.4th 972 (2013) .................................................................................. 8
7    *Hufnus v. DoNotPay, Inc.,*
        2021 WL 2585488 (N.D. Cal. June 24, 2021) ..................................................... 12
8    *Ines v. Countrywide Home Loans,*
9       2008 WL 4791863 (S.D. Cal. Nov. 3, 2008) ....................................................... 10
     *Jarrow Formulas, Inc. v. LaMarche,*
10      31 Cal. 4th 728 (2003) ........................................................................................... 7
11   *Karim-Panahi v. California Dep't of Transp.,*
        996 F.2d 1225 (9th Cir. 1993)............................................................................. 15
12   *Kashian v. Harriman,*
        98 Cal. App. 4th 892 (2002) .................................................................................. 7
13   *Klueh v. Paul Vallas for All Chicago,*
        2020 WL 4934975 (N.D. Ill. Aug. 24, 2020).................................................... 12
14   *Knight v. Wells Fargo Bank NA,*
        459 F.Supp.3d 1288 (N.D. Cal. 2019) ................................................................ 14
15   *Lee v. Pep Boys-Manny Moe & Jack of Cal.,*
        186 F.Supp.3d 1014 (N.D. Cal. 2016) .................................................................. 9
16   *McFadden v. Deutsche Bank Nat'l Trust Co.,*
17      2011 U.S. Dist. LEXIS 91010 (E.D. Cal. Aug. 15, 2011) .................................. 10
     *Newsham v. Lockheed Missiles & Space Co.,*
18      190 F.3d 963 (9th Cir. 1999)............................................................................... 15
     *Ove v. Gwinn,*
19      264 F.3d 817 (9th Cir. 2001)............................................................................... 15
20   *Pantaleo v. Ravski,*
        No. CV 920326931, 1997 WL 94103 (Conn. Super. Feb. 14, 1997) ................... 14
21   *Perez v. Quicken Loans, Inc.,*
        2020 WL 1491145 (N.D. Ill. Mar. 27, 2020)..................................................... 12
22   *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
        890 F.3d 828 (9th Cir.)........................................................................................... 5
23   *Potter v. Firestone Tire & Rubber Co.,*
        6 Cal. 4th 965 (1993) ........................................................................................... 13
24   *Rogers v. Home Shopping Network, Inc.,*
        57 F. Supp. 2d 973 (C.D. Cal. 1999)................................................................ 7, 17
25   *Rohde v. Wolf,*
        154 Cal. App. 4th 28 (2007) ................................................................................... 5
26   *Romine v. Diversified Coll. Servs.,*
        155 F.3d 1142 (9th Cir. 1998)............................................................................. 10
27   *Rutman Wine Co. v. E. & J. Gallo Winery,*
        829 F.2d 729 (9th Cir. 1987)............................................................................... 15
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- iii -

1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Shell Oil Co. v. Richter*,
  52 Cal.App.2d 164 (1942)............................................................... 14
*Silberg v. Anderson*,
  50 Cal.3d 205 (1990) ......................................................................... 7
*Stewart v. Network Cap. Fund. Corp.*,
  2021 WL 3088011 (C.D. Cal. July 16, 2021) ................................ 12
*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003)........................................................... 17
*United Tel. Se., LLC v. Bristol Tenn. Essential Servs.*,
  2015 WL 13186245 (E.D. Tenn. Aug. 5, 2015) ............................ 15
*Watts v. Emergency Twenty Four, Inc.*,
  2021 WL 2529613 (N.D. Ill. June 21, 2021) ................................ 12
*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008)............................................................................. 15
*Yu v. Signet Bank/Virginia*,
  69 Cal.App.4th 1377 (1999) ........................................................... 14

**STATUTES**

15 U.S.C. § 1692(e) ............................................................................... 8
15 U.S.C. § 1692a(6) ........................................................................... 10
15 U.S.C. § 1692e ................................................................................. 8
15 U.S.C. § 1692k .............................................................................. 11
15 U.S.C. §§ 1692b–1692j ................................................................. 11
15 U.S.C.A. § 1692a(3)........................................................................ 8
15 U.S.C.A. § 1692a(4)........................................................................ 9
47 U.S.C. § 227(b) .............................................................................. 11
Cal. Civ. Code § 47(b) .......................................................................... 7
Cal. Civ. Code § 1788 ........................................................................ 11
Cal. Civ. Code § 1788.17 ................................................................... 11
Cal. Civ. Code § 1788.2(d) ................................................................ 11
Cal. Civ. Proc. Code § 128.7................................................................ 4
Cal. Civ. Proc. Code § 425.16 ............................................... 1, 4, 5, 6, 7
Cal. Civ. Proc. Code § 425.16(c) ...................................... 2, 5, 15, 16
Cal. Civ. Proc. Code § 425.16(e)(1) .................................................... 5
Cal. Civ. Proc. Code § 425.16(e)(2)..................................................... 5

**RULES**

Fed. R. Civ. P. 12(b) ........................................................................... 16
Fed. R. Civ. P. 12(b)(6) ........................................... 1, 5, 7, 14, 16, 17, 18
Fed. R. Civ. P. 8 ................................................................................. 16
Fed. R. Civ. P. 8(a)(2) ............................................... 10, 16, 17, 18

DEMURRER TO PLAINTIFFS' COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This Court should grant Defendants' Motion to Strike the Complaint pursuant to California Code of Civil Procedure section 425.16 *et seq.* (the "anti-SLAPP Motion") because the Complaint is meritless and brought for the purpose of chilling Defendants' right of petition. In the alternative, this Court should dismiss the Complaint *without* leave to amend pursuant to FRCP 12(b)(6) because Plaintiffs have not—and cannot—state a claim upon which relief can be granted.

This action arises from Defendants' communications in furtherance of a forcible detainer action Defendant Wilmington filed against, *inter alia*, Plaintiffs herein, which is currently pending in Sacramento County Superior Court ("Underlying Action"). The Underlying Action, in turn, arises out of Plaintiffs' unlawful possession of a piece of real property to which they have no legal claim or right to occupy.  Rather, Plaintiffs broke into the property after Wilmington took possession and continue to refuse to vacate. In a word, they are "squatters."

Plaintiffs have successfully delayed the Underlying Action for months by filing frivolous motions. Plaintiffs' latest abuse of the judicial process manifests itself in the instant Complaint alleging Defendants violated federal and California consumer protection laws by filing the Underlying Action and placing three calls to Plaintiff Gavin Mehl's cell phone in connection with the Underlying Action. Put simply, Plaintiffs' Complaint should be stricken as a SLAPP suit under CCP section 425.16 because it arises from Defendants' protected litigation conduct.

In the alternative, dismissal is appropriate because Plaintiffs utterly fail to identify one single fact, allegation, or iota of information against Defendants which would ground a viable cause of action. And there is none. It appears Plaintiffs have named in their Complaint every entity or individual ever identified on any documentation or linked in any negligible way to the real property at issue in the Underlying Action. But Defendants' relationship to Plaintiffs is non-existent. Plaintiffs are nothing more than trespassers on real property owned by Wilmington and Wilmington's only action has been to pursue its lawful remedies to regain possession.

Accordingly, Plaintiffs' Complaint should also be dismissed pursuant to FRCP Rule 12(b)(6) because (1) Plaintiffs' FDCPA and Rosenthal Act claims fail because there is no debt,

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    there has been no transaction between the parties and Defendants are not debt collectors as defined

2    by either act; (2) the TCPA claim fails because Plaintiff Gavin Mehl has not and cannot allege that

3    Defendant Lyndsey Torp used an automatic telephone dialing system ("ATDS") to place the calls

4    at issue; (3) the claim for intentional infliction of emotional distress fails because Defendants did

5    not engage in any outrageous conduct; and (4) the claim for injunctive relief is not a claim, but a

6    remedy and thus fails as a matter of law.

7        In sum, this Court should reject Plaintiffs' abusive behavior and attempt to forum-shop.

8    Plaintiffs' Complaint is subject to dismissal and Defendants should be awarded their attorneys' fees

9    incurred in bringing this anti-SLAPP Motion pursuant to California Code of Civil Procedure section

10   425.16(c).

## II.     STATEMENT OF FACTS

12       On July 2, 2020, Wilmington acquired title at a trustee's sale to a single-family residence

13   commonly described as 1400 36th Street, Sacramento, California (the "Property"). [Request for

14   Judicial Notice ("RJN"), Ex. 1 (Trustee's Deed Upon Sale)].  The underlying borrower was Ikon

15   Homes, Inc., a third-party not related to Plaintiffs. *Id.*

16       On May 24, 2021, Defendant Wilmington served Plaintiffs with a written demand to

17   surrender the Property. [Compl., ¶ 15; *see also* RJN, Ex. 2 (Underlying Complaint p. 11)]. The

18   Demand to Surrender was signed by Defendant Warren Green, authorized signatory for Defendant

19   PS Funding, Inc., the master servicing agent for Defendant Wilmington. [RJN, Ex. 2].

20       On June 14, 2021, Defendant Wilmington, through its counsel, Defendant Snell & Wilmer

21   LLP, filed a forcible detainer action in the Superior Court of California, Sacramento County,

22   captioned *Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as*

23   *Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust v. Gavin Mehl, et. al,* Case No.

24   21UD01125 ("the Underlying Action"). [RJN, Ex. 2].  The Underlying Complaint alleges that

25   approximately one month after Wilmington took possession of the Property from the prior owner

26   (third-party Ikon Homes, Inc.), Plaintiffs unlawfully entered and continue to refuse to vacate. *See*

27   *id.* On July 22, 2021, Plaintiff Gavin Mehl was served with the summons and complaint in the

28   Underlying Action. [Compl. ¶ 20; *see also* RJN, Ex. 3 (Proof of Service)].

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    On July 29, 2021, Plaintiff Gavin Mehl filed a Motion to Quash in the Underlying Action.

2    [RJN, Ex. 4 (Notice of Motion and Motion to Quash Service of Summons for Non-Compliance

3    with Statutory Provisions and/or Stay or Dismiss the Action on Inconvenient Forum)]. On August

4    9, 2021, the Superior Court granted the Motion to Quash in part merely because Wilmington

5    conceded it mistakenly served Mehl with an incorrect copy of the complaint (containing a mistaken

6    allegation regarding the county where the Property was located which was corrected prior to filing),

7    and thus Wilmington re-served the summons with the correct version of the complaint. [RJN, Ex.

8    5 (Order Regarding Motion to Quash)].

9    Nine days later, on August 18, 2021, Plaintiff Gavin Mehl filed a Motion to Dismiss Action

10   for Delay in Prosecution in the Underlying Action. [RJN, Ex. 6 (Motion to Dismiss the Action for

11   Delay in Prosecution)]. On August 26, 2021, the Superior Court denied Plaintiff Gavin Mehl's

12   Motion to Dismiss. [RJN, Ex. 7 (Order Regarding Motion to Dismiss Action)].

13   On August 20, 2021, Defendant Lyndsey Torp, counsel of record for Defendant Wilmington

14   in the Underlying Action, placed three calls to Plaintiff Gavin Mehl to discuss the Underlying

15   Action. [Compl., ¶ 25].

16   On or about August 23, 2021, Defendant Wilmington filed its First Amended Complaint in

17   the Underlying Action. [Compl., ¶ 29; RJN, Ex. 8 (FAC)].

18   On September 7, 2021, Plaintiff Gavin Mehl filed another frenzy of unmeritorious motions:

19   (1) Demurrer to Wilmington's First Amended Complaint, [RJN, Ex. 9 (Defendant Gavin Mehl's

20   Notice of Demurrer and Demurrer to Plaintiff's First Amended Complaint)]; (2) Motion to Strike

21   Wilmington's Complaint, [RJN, Ex. 10 (Notice of Motion and Motion to Strike)]; and (3) Motion

22   to Reclassify from Limited to Unlimited. [RJN, Ex. 11 (Notice of Motion and Motion to Reclassify

23   from Limited to Unlimited)]. On October 4, 2021, the Superior Court denied each of Mehl's

24   motions. [RJN, Ex. 12 (Order Regarding Demurrer; Order Regarding Motion to Strike; Order

25   Regarding Motion to Reclassify from Limited to Unlimited)].

26   On October 8, 2021, Plaintiffs filed the instant action for Violation of FDCPA and

27   Rosenthal Act, Violation of the TCPA, Intentional Infliction of Emotional Distress, and Injunctive

28   Relief. [*See generally*, Complaint].

1   On October 15, 2021, Plaintiff Gavin Mehl filed a Motion for Sanctions in the Underlying
2   Action, setting forth largely the same assertions as the allegations in the instant Complaint and his
3   Demurrer and Motion to Strike. [RJN, Ex. 13 (Motion for Sanctions in the Form of Dismissal Under
4   Code Civ. Proc. § 128.7 and for an Award of Expenses Against Plaintiff, Lyndsey A. Torp. and
5   Snell & Wilmer, LLP in Favor of Gavin Mehl)].

6   On October 19, 2021, Wilmington filed its Motion for Summary Judgment in the
7   Underlying Action, and Mehl filed his opposition on October 25, 2021. At the hearing on October
8   26, 2021, the Superior Court granted Wilmington's Motion for Summary Judgment finding that
9   Wilmington established each element of its claim for forcible detainer. [RJN, Ex. 14 (Order
10  Granting Plaintiff's Motion for Summary Judgment and Notice of Entry of Judgment)].

11  **III.   THIS COURT SHOULD GRANT DEFENDANTS' ANTI-SLAPP MOTION**

12  This is precisely the type of lawsuit that California's anti-SLAPP statute protects against.
13  Plaintiffs are suing Defendants for their litigation activity in the Underlying Litigation.
14  Accordingly, to defeat Defendants' anti-SLAPP Motion, Plaintiffs must establish, under prong two
15  of the anti-SLAPP analysis, that they are likely to prevail on the merits of their causes of action in
16  this new lawsuit. They simply cannot meet this heavy burden because (i) Defendants' alleged
17  conduct is protected by the litigation privilege, and (ii) Plaintiffs have not and cannot state facts
18  sufficient to state a claim upon which relief can be granted.

19  **A.   Legal Standard on An Anti-SLAPP Motion Under CCP § 425.16**

20  Evaluating an anti-SLAPP motion is a two-step process. *Equilon Enterprises, LLC v.*
21  *Consumer Cause, Inc.* 29 Cal.4th 53, 67 (2002). First, the court decides whether the defendants
22  have made a threshold showing that the challenged causes of action arise from protected activity.
23  *Id*. Second, if the court finds such a showing under the first prong has been made, the court then
24  determines whether plaintiffs have demonstrated a probability of prevailing on the claim. *Id*. If
25  plaintiffs fail to demonstrate they are likely to prevail on their claims, the claims are stricken. *Id.*

26  The Ninth Circuit has held that a federal court applying prong two of the anti-SLAPP statute
27  may do either of two things. Strike the complaint without conducting any discovery "based on
28  alleged deficiencies in the plaintiff's complaint" such that "the motion must be treated in the same

1   manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c)

2   applies." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th

3   Cir.), amended, 897 F.3d 1224 (9th Cir. 2018). Alternatively, if the plaintiff is afforded a reasonable

4   opportunity for some discovery, the Court may then apply the summary-judgment like standard

5   that California courts apply on prong two to determine if the plaintiff can meet its burden to state

6   and substantiate a legally sufficient claim. *Id.*

7       Here, the Court may decide Defendants' anti-SLAPP Motion without need for discovery

8   because of the deficiencies in Plaintiffs' Complaint and Plaintiffs' inability to remedy the same.

9       **B.      First Step: Plaintiffs' Claims are Based on Constitutionally Protected Activity**

10      Defendants satisfy the first prong of the anti-SLAPP statute because each of the claims

11  Plaintiffs allege in the Complaint is based on Defendants' constitutional right of petition. Under the

12  first prong of the anti-SLAPP analysis, "an act in furtherance of the actor's right of petition"

13  includes the following:

14          (1) any written <u>or oral statement or writing</u> made before a legislative,
            executive, or <u>judicial proceeding</u>, or any other official proceeding
15          authorized by law; [and]
            (2) any written <u>or oral statement or writing</u> made in connection with
16          an issue under consideration or review by a legislative, executive, or
            <u>judicial proceeding</u> authorized by law.
17

18  Cal. Civ. Proc. § 425.16(e)(1) and (e)(2) (emphasis added).

19      Statements and writings made in connection with litigation are therefore covered by the

20  anti-SLAPP statute. *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007) ("Section 425.16 is 'construed

21  broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without [the]

22  fear of being harassed subsequently by derivative tort actions.'" (citations omitted)). Not only does

23  the anti-SLAPP statute protect a person's own litigation activities, the protections under the anti-

24  SLAPP statute extend even to people who encourage or assist others to participate in litigation. *Bel*

25  *Air Internet, LLC v. Morales*, 20 Cal. App. 5th 924, 944 (2018); *Briggs v. Eden Council for Hope*

26  *& Opportunity*, 19 Cal. 4th 1106, 1116 (1999) (noting that "the statute does not require that a

27  defendant moving to strike under section 425.16 demonstrate that its protected statements or

28  writings were made on its own behalf...").

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    Plaintiffs' Complaint makes plain that they are suing Defendants based on their statements

2    and conduct related to the Underlying Action. [*See* Compl., ¶¶ 12-41]. Specifically, in Counts I and

3    II, Plaintiffs allege that Defendants violated the FDCPA and Rosenthal Act by sending a demand

4    to surrender the Property (*id*, ¶ 15) and filing the complaint (*id.*, ¶ 21) and the FAC (*id.*, ¶ 29) in

5    the Underlying Action. [*See id.*, ¶¶ 42-51]. In Count III, Plaintiff Gavin Mehl alleges that Defendant

6    Lyndsey Torp violated the TCPA by calling him three times in connection with the Underlying

7    Action. [*Id.*, ¶¶ 23, 52-57]. Finally, in Counts IV and V, Plaintiffs allege that Defendants are liable

8    for intentional infliction of emotional distress and injunctive relief, again for filing the Underlying

9    Action and placing the alleged three calls to Plaintiff Gavin Mehl. [*Id.*, ¶¶ 51-71]. The foregoing

10   conduct satisfies prong 1 of the anti-SLAPP statute.

11   Filing a forcible detainer action is a protected by the anti-SLAPP statute. *See Bishop v. Hug*,

12   No. B147942, 2002 WL 660910, at *3 (Cal. Ct. App. Apr. 23, 2002) (Respondents exercised their

13   right of petition by filing the forcible detainer lawsuit, which brought them under the broad

14   umbrella of section 425.16); *see also e.g. Birkner v. Lam*, 156 Cal.App.4th 275, 281-84 (2007)

15   ("[P]rosecution of an unlawful detainer action indisputably is protected activity within the meaning

16   of section 425.16").

17   Moreover, sending a demand for surrender, which is a prerequisite to filing a forcible

18   detainer action, is also protected activity. *See Feldman v. 1100 Park Lane Assoc.*, 160 Cal. App.4th

19   1467, 1479 (2008). Finally, "an attorney's communication with [an] opposing [party] on behalf of

20   a client regarding pending litigation directly implicates the right of petition and thus is subject to a

21   motion to strike." *GeneThera, Inc. v. Troy & Gould Prof. Corp.*, 171 Cal.App.4th 901, 908 (2009)

22   (citation omitted).

23   Based on the foregoing, Plaintiffs' Complaint thus indisputably arises from protected

24   activity under the anti-SLAPP statute.

25   **C.    Second Step: Plaintiffs Cannot Show a Probability of Success on the Merits**

26   Because Defendants have made a prima facie showing that Plaintiffs' Complaint arises from

27   protected activity, the burden now shifts to Plaintiffs to demonstrate a probability that they will

28   succeed on the merits of their claims. *Equilon*, *supra*, 29 Cal.4th at 61. Where, as here, the

1  sufficiency of the pleading is at issue, the anti-SLAPP motion is "treated in the same manner as a

2  motion under Rule 12(b)(6) except that the attorney's fee provision of Section 425.16 applies."

3  *Rogers v. Home Shopping Network, Inc*., 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999).

4      Plaintiffs cannot satisfy their heavy burden under prong 2 for at least two separate reasons.

5  First, the litigation privilege under Cal. Civ. Code, § 47(b) bars Plaintiffs' claims. Second, Plaintiffs

6  have not and cannot allege sufficient facts to state a claim upon which relief can be granted.

7              **1.      The Litigation Privilege Bars Plaintiffs' Claims**

8      Because Plaintiffs' entire Complaint consists of statements made in and conduct undertaken

9  during the course of the Underlying Action, statements and conduct are protected under the

10  litigation privilege. Cal. Civ. Code § 47(b). The litigation privilege is "a substantive rule of law that

11  grants absolute immunity from tort liability from communications made in relation to judicial

12  proceedings." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 737 (2003). The litigation

13  privilege protects conduct even if it is "alleged to be fraudulent, perjurious, unethical, or even

14  illegal." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002).

15      For the litigation privilege to apply, the statements or conduct at issue must be "(1) made in

16  judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3)

17  to achieve the objects of the litigation; and (4) that have some connection or logical relation to the

18  action." *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990). Here, Defendants pursuit of the

19  Underlying Action is just that. Plaintiffs nonetheless allege that Defendants are liable for damages

20  Plaintiffs allegedly sustained based on statements and actions that Defendants purportedly took

21  during the course of the Underlying Litigation, such as sending a demand for surrender (Compl.,

22  ¶15); filing the Underlying Action (*id.*, ¶¶ 21, 29), or calling Plaintiffs in connection with the

23  Underlying Action (*id.*, ¶ 23).

24      Defendants conduct allegedly undertaken during the Underlying Action is precisely the type

25  of actions that the litigation privilege is designed to protect. *Silberg*, 50 Cal.3d at 212 (noting that

26  the purpose of the litigation privilege is to allow litigants "the utmost freedom of access to the

27  courts *without fear of being harassed subsequently by derivative tort actions*") (emphasis added).

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

As such, this Court should grant Defendants' anti-SLAPP motion because Defendants cannot be liable for the act of engaging in the legal system.

### 2. Plaintiffs Have Not and Cannot Allege Sufficient Facts To State A Claim Against the Defendants

Plaintiffs are also unable to satisfy their burden under the second step of the anti-SLAPP analysis because the allegations in the Complaint are insufficient to state a claim on which relief can be granted.

#### a. The FDCPA is not Applicable to Plaintiffs' Case as a Matter of Law

Count 1 in the Complaint is for Violation of the FDCPA. However, the allegations in the Complaint are insufficient to state a violation of the FDCPA because Plaintiffs have not and cannot allege facts to establish that a debt is owed, there was a transaction between the parties, and/or Defendants are debt collectors as defined under the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "When alleging a claim under the FDCPA, a plaintiff must establish that (1) the plaintiff is a consumer,[4] as defined by the FDCPA; (2) the debt arises out of a transaction primarily for personal, family or household purposes; (3) the defendant is a debt collector, as that phrase is defined by the FDCPA; and (4) the defendant violated a provision of the Act." *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal.App.4th 972, 997 (2013) (citing 15 U.S.C. § 1692e; *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)) (emphasis added).

Plaintiffs' Complaint fails to allege each of these elements. It contains nothing more than unsupported, conclusory allegations that an unspecified debt was owed and, in connection therewith, Defendants purportedly attempted to collect on such mysterious debt. [Compl., ¶¶ 12-41]. As outlined below, these conclusory allegations are insufficient to state a claim for FDCPA violation.

---

[4] A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.A. § 1692a(3).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    First, Plaintiffs fail to allege *facts* to show that a debt was owed, as that term is defined

2    under the FDCPA. The term "debt" means "any obligation or alleged obligation of a consumer to

3    pay money arising out of a transaction in which the money, property, insurance, or services which

4    are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15

5    U.S.C.A. § 1692a(4). Here, Plaintiffs fail to identify, specify or detail what "debt" Defendants were

6    purportedly attempting to collect from Plaintiffs. Plaintiffs don't even allege that they owe

7    Defendants money. Critically, Plaintiffs' inability to meet their pleading obligation stems from the

8    fact that this case does not involve any "debt" as defined by the FDCPA. Rather, Plaintiffs,

9    unlawfully and without any claim to title or right to possession broke into the Property after

10   Wilmington took possession and continue to refuse to vacate. In fact, the Trustee's Deed Upon Sale

11   notes the underlying borrower was Ikon Homes, Inc., not Plaintiffs. *See* RJN, Ex. 1. Put simply,

12   the filing and maintaining a forcible detainer action does not constitute the collection of a "debt"

13   under the meaning of the FDCPA. *See* 15 U.S.C.A. § 1692a(4). With no "debt," as defined by the

14   FDCPA, there can be no relief for Plaintiffs under the act.

15   Second, Plaintiffs fail to allege *facts* to show that the purported debt arose from a

16   "transaction" between the parties, as that term is defined under the FDCPA. The transaction

17   contemplated under the FDCPA must be a consensual transaction. *Lee v. Pep Boys-Manny Moe &*

18   *Jack of Cal.*, 186 F.Supp.3d 1014, 1026 (N.D. Cal. 2016). Plaintiffs do not allege or describe any

19   consensual transaction entered into by the parties. Plaintiffs' Complaint instead is based on the

20   Underlying Action where the parties had no transaction at all, let alone a "consensual transaction."

21   Indeed, forcible detainer actions are filed if there is no privity of relationship between landlord and

22   occupant—*i.e.,* the occupant, like Plaintiffs, is a trespasser. With no "transaction," as defined by

23   the FDCPA, there can be no relief for Plaintiffs under the act.

24   Third and finally, Plaintiffs fail to allege *facts* to show that Defendants are debt collectors

25   under the FDCPA. Instead, they rely exclusively on a conclusory allegation that Defendants are

26   engaged "in the business of collecting a debt from Plaintiff(s)." [Compl., ¶ 14]. The FDCPA defines

27   a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails

28   in any business the principal purpose of which is the collection of any debts, or who regularly

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are no factual allegations in the Complaint to indicate that Defendants qualify as "debt collectors" under the FDCPA. To the extent Plaintiffs' Complaint only copies sections from the governing statutes, without including any facts, allegations, or information specific to the actual facts here, the Complaint is insufficient as a matter of law. *Romine v. Diversified Coll. Servs*., 155 F.3d 1142, 1146 (9th Cir. 1998); *Ines v. Countrywide Home Loans*, 2008 WL 4791863 at *3-4 (S.D. Cal. Nov. 3, 2008) (complaint must allege facts showing that defendant is a debt collector within the scope of the FDCPA and has violated its provisions, mere conclusions will not suffice).

Further, in attempting to generically assert that the Attorney Defendants are debt collectors, Plaintiffs also ignore the precept that the Attorney Defendants' actions are outside of the FDCPA's coverage. Indeed, an attorney prosecuting a forcible detainer action on behalf of their client is not a debt collector under the FDCPA. *See e.g. Hamilton v. US Bank, N.A.,* 2011 U.S. Dist. LEXIS 136493, at *11 (S.D. Cal. Nov. 28, 2011) (An attorney filing a wrongful detainer action on behalf of the purchaser of a foreclosed property is not a debt collector within the meaning of the FDCPA); *McFadden v. Deutsche Bank Nat'l Trust Co*., 2011 U.S. Dist. LEXIS 91010, at *36 (E.D. Cal. Aug. 15, 2011) (unlawful detainer action sought possession of the already re-sold property, not the collection of any debt under the FDCPA); *Cook v. Hamrick*, 278 F.Supp.2d 1202, 1204 (D. Colo. 2003) (Attorney cannot be deemed a debt collector under the FDCPA based upon his role in filing a complaint in an action for unlawful detainer).

In short, setting forth the name of a statute and reciting purported relevant portions of a statute are not sufficient to state a claim under federal law. Indeed, Rule 8(a)(2) requires factual allegations supporting a facially plausible claim for relief. Accordingly, this Court should grant Defendants' anti-SLAPP motion as to count 1 for violation of the FDCPA because Plaintiffs' FDCPA claim is nothing but conclusory allegations or mere recitations of provisions of said statute.

**b.     Plaintiffs Cannot State A Claim Under the Rosenthal Act**

Count 2 in the Complaint is for Violation of the Rosenthal Act and is based on the same purported violations of the FDCPA discussed above. Accordingly, Plaintiffs' claim for violation of

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4814-7793-6127

- 10 -

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1    the Rosenthal Act fails for the same reasons explained above.

2         California has incorporated by reference provisions of the FDCPA into the Rosenthal Act.

3    *Alkan v. Citimortgage, Inc*., 336 F.Supp.2d 1061, 1065 (N.D. Cal. 2004). California Civil Code

4    § 1788.17 requires debt collectors in California to comply with 15 U.S.C. §§ 1692b through 1692j,

5    and states that violators will be subject to the remedies provided by 15 U.S.C. § 1692k. Cal. Civ.

6    Code § 1788.17.

7         As with Plaintiffs' claim under the FDCPA, Plaintiffs' claim for violation of the Rosenthal

8    Act is also devoid of any facts to establish the threshold elements of a claim under that statute,

9    namely, that Defendants engaged in the collection of a "debt"[5] within the meaning of the statute.

10   Plaintiffs also fail to allege that each defendant is a "debt collector"[6] with respect to Plaintiffs.

11   Critically, Plaintiffs' Complaint is insufficient to state a claim under the Rosenthal Act because the

12   alleged conduct is vaguely attributed to all Defendants and the allegations are otherwise conclusory.

13        Again, other than identifying the statute, and quoting portions of Civil Code section 1788,

14   Plaintiffs wholly fail to identify the elements of the alleged claims, let alone any facts or information

15   to support the claims. Because Plaintiffs have offered no factual allegations that support the

16   elements of a claim for violation of the Rosenthal Act or the sections of the Act upon which they

17   rely, this court should grant Defendants' anti-SLAPP motion as to Count II in the Complaint.

18        **c.    The Complaint Fails to State a Claim Under the TCPA Because**

19        **There Are No Factual Allegations To Show That Defendants**

20        **Used an ATDS to Call Plaintiff**

21        The Court should grant Defendants' anti-SLAPP motion as to Count III for TCPA violation

22   because the Complaint is completely devoid of any factual allegations to show that Defendant

23   Lyndsey Torp used an ATDS to call Plaintiff Gavin Mehl.

24        To state a claim under the TCPA, a plaintiff must allege that the defendant made a call to

25   his or her cellphone using an ATDS. 47 U.S.C. § 227(b). Earlier this year, the United States

26   _____

27   [5] The Rosenthal Act defines "debt" as "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Cal. Civ. Code § 1788.2(d).

28   [6] The Rosenthal Act defines "debt collector" as: any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection.

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  Supreme Court explained that "to qualify as an 'automatic telephone dialing system,' a device must

2  have the capacity either to store a telephone number using a random or sequential generator or to

3  produce a telephone number using a random or sequential number generator." *Facebook, Inc. v.*

4  *Duguid*, 141 S. Ct. 1163, 1167 (2021).

5  In the Complaint, Plaintiffs merely recite the words of the TCPA and state in a conclusory

6  fashion that Defendant Lyndsey Torp used an ATDS to call Plaintiff Gavin Mehl. As numerous

7  courts have explained, this is insufficient to state a claim for violation of the TCPA. *See, e.g., Klueh*

8  *v. Paul Vallas for All Chicago*, 2020 WL 4934975, at *6 (N.D. Ill. Aug. 24, 2020) (Allegations that

9  "merely recite the words of the [TCPA]" or that simply state that the defendant used an ATDS "are

10  conclusory"). A TCPA complaint must include "more robust" details to sufficiently allege the use

11  of an ATDS. *Perez v. Quicken Loans, Inc.*, 2020 WL 1491145, at *3 (N.D. Ill. Mar. 27, 2020).

12  Indeed, District Courts have repeatedly granted motions to dismiss where a complaint, as is

13  the case with the Complaint here, merely recites the words of the TCPA or that simply state that

14  the defendant used an ATDS. *See, e.g.*, *Stewart v. Network Cap. Fund. Corp.*, 2021 WL 3088011,

15  at *2 (C.D. Cal. July 16, 2021) (granting motion to dismiss because "Plaintiff did not allege indicia

16  of ATDS use by, for example, showing the identical, repetitive, or impersonal nature of the calls");

17  *Hufnus v. DoNotPay, Inc.*, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (granting motion to

18  dismiss on the grounds that platforms that contact phone numbers "specifically provided by

19  consumers during" their registration process are not ATDS); *Bader v. Navient Sols., LLC*, No. 18-

20  cv-1367, 2019 WL 2491537, at *2 (N.D. Ill. June 14, 2019) (granting defendant's motion for

21  judgment on the pleadings and dismissing complaint with prejudice because plaintiff did not allege

22  facts showing that defendant "used a device that had the ability to generate random or sequential

23  numbers and dial such numbers"); *Watts v. Emergency Twenty Four, Inc.*, 2021 WL 2529613, at

24  *3-*4 (N.D. Ill. June 21, 2021) (granting motion to dismiss on the grounds that allegations that a

25  dialing equipment "is capable of contacting thousands of people a day," "stores numbers ... of

26  persons who have not given their express written consent to be called or who have since withdrawn

27  their consent," and is used to call "Plaintiff and others continually and at all hours of the day and

28  night" are insufficient to show that the defendant used an ATDS to place the calls at issue).

Here, Plaintiff Gavin Mehl does not allege any facts to show that Defendant Lyndsey Torp used an ATDS to place the three calls at issue here. [Compl., ¶¶ 23, 53-57]. Without these factual allegations, Plaintiffs' allegations are conclusory and insufficient to state a claim for TCPA violation. Accordingly, this Court should grant Defendants' anti-SLAPP motion as to Count III for TCPA violation because Plaintiffs cannot show any likelihood that they will prevail on this claim.

### d.  Plaintiffs' Claim for Intentional Infliction of Emotional Distress Fails

To plead intentional infliction of emotional distress, a plaintiff must allege sufficient facts to plausibly allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 1001 (1993) (internal quotation omitted). To constitute outrageous conduct, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result. *Id.* Major outrage is essential to the tort of intentional infliction of emotional distress; the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurts, is not enough. *Cochran v. Cochran,* 65 Cal.App.4th 488, 76 Cal. Rptr. 2d 540 (1998).

Plaintiffs claim that Defendants acted outrageously by "calling the police without cause, calling plaintiff(s) fraud, continuing to collect a debt after having notice the debt was in dispute." [*See, e.g.,* Compl. at ¶ 64]. But because these allegations are vaguely attributed to all Defendants and are conclusory, they fail to plausibly show the requisite level of extreme conduct. In any case, filing a forcible detainer action against someone accused of trespassing derives solely from the forcible detainer statutes related to the Property, and is not outrageous conduct as a matter of law. *See e.g. Yu v. Signet Bank/Virginia*, 69 Cal.App.4th 1377, 1398 (1999) ("The assertion of an economic interest in good faith is privileged, even if it causes emotional distress."); *see also, Davenport v. Litton Loan Serv., LP*, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010) ("Where a lending

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1   party in good faith asserts its right to foreclose according to contract, however, its conduct falls shy

2   of 'outrageous' ...."). Moreover, courts regularly find that merely calling the police to report

3   suspected wrongdoing normally is not sufficiently outrageous conduct to warrant the recovery of

4   damages for the intentional infliction of emotional distress even if those statements are false. *See*

5   *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994); *Pantaleo v. Ravski*, No. CV

6   920326931, 1997 WL 94103, at *5 (Conn. Super. Feb. 14, 1997); *Knight v. Wells Fargo Bank NA*,

7   459 F.Supp.3d 1288 (N.D. Cal. 2019). Plaintiffs thus fail to state a claim for intentional infliction

8   of emotional distress.

9           **e.      Plaintiffs' Fifth Claim for Injunctive Relief is Not a Claim, but**

10                    **a Remedy, and Thus Fails as a Matter of Law**

11          This Court should dismiss Plaintiffs' injunctive relief claim with prejudice for three reasons.

12   First, injunctive relief is a remedy, not a cause of action. *Shell Oil Co. v. Richter*, 52 Cal.App.2d

13   164, 168 (1942) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of

14   action must exist before injunctive relief may be granted."); *A.B. Concrete Coating Inc. v. Wells*

15   *Fargo Bank, Nat'l Ass'n*, 491 F.Supp.3d 727, 737 (E.D. Cal. 2020) ("injunctive relief is not an

16   independent causes of action."). Second, the dismissal of Plaintiffs' legal claims will be fatal to any

17   request for an injunction. Because their legal claims fail under Rule 12(b)(6), Plaintiffs have no

18   chance of succeeding on the merits of their claims. Third, Plaintiffs' injunctive relief claim is

19   missing many of the necessary prima facie elements for an injunction.

20          "To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of

21   success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of hardships favors

22   the plaintiff; and (4) that the injunction is in the public interest." *Winter v. Nat. Res. Def. Council,*

23   *Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs' claim does not contain any allegations at all concerning the

24   first, third and fourth elements. "Even under the liberal rules of notice pleading in the federal courts,

25   the plaintiff still must allege all the necessary elements of a particular cause of action." *Behnia v.*

26   *Shapiro*, 961 F.Supp. 1234, 1240 (N.D. Ill. 1997); *see also Ove v. Gwinn*, 264 F.3d 817, 820 (9th

27   Cir. 2001) (affirming dismissal "because plaintiffs failed to allege the requisite elements."); *Rutman*

28   *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 732 (9th Cir. 1987) (affirming dismissal when

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   "essential elements" were missing). Furthermore, as for the irreparable harm element, Plaintiffs fail

2   to allege any facts showing that their legal remedy would be inadequate. Rather, their allegations

3   as to this element are incomprehensible. Courts have dismissed or denied requests for injunctive

4   relief for this same reason.[7] This Court likewise should dismiss Plaintiffs' claim for injunctive

5   relief.

6       **D.**    **Defendants Should Be Awarded Reasonable Attorneys' Fees Incurred in**

7             **Bringing This Anti-SLAPP Motion**

8          California Code of Civil Procedure section 425.16(c) provides for a mandatory award of

9   attorneys' fees and costs when a special anti-SLAPP motion to strike is granted. Federal courts

10  have held this provision to be substantive, and thus fully applicable to state law claims brought in

11  federal court. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972 (9th Cir.

12  1999) (holding that the mandatory fee provision of them anti-SLAPP statute is applicable in federal

13  court); *eCash Tech., Inc. v. Guagliardo*, 127 F.Supp.2d 1069, 1084 (CD. Cal. 2000). Accordingly,

14  in addition to an order granting their anti-SLAPP motion to strike Plaintiffs' Complaint, Defendants

15  request an order awarding their reasonable attorneys' fees and costs in connection with bringing

16  this motion pursuant to Section 425.16(c).[8]

17  **IV.**    **THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS**

18         As explained in detail above in section III, this Court should grant Defendants' anti-SLAPP

19  Motion because the Complaint arises from Defendants' protected activities in connection with the

20

21  [7] *See, e.g., Karim-Panahi v. California Dep't of Transp.*, 996 F.2d 1225 (9th Cir. 1993) (affirming the denial of a request for an injunction because "the numerous conclusory allegations [the plaintiff] raises in his complaint

22  demonstrate neither that his legal remedy is inadequate nor that he is in danger of sustaining substantial and immediate irreparable harm."); *see also Allen Bros. v. Abacus Direct Corp.*, 2002 WL 237872, at *5 (N.D. Ill. Feb. 19, 2002)

23  (striking a prayer for injunctive relief "because [the plaintiff] has failed to sufficiently plead that it is entitled to an injunction." The complaint "baldly asserts that [the plaintiff] does not have an adequate remedy at law and fails to

24  allege the remaining elements of a claim for an injunction. This is insufficient even under the liberal pleading requirements of the federal rules."); *Andrews v. Maffucci*, 1988 WL 49179, at *2 (S.D.N.Y. Apr. 21, 1988) (dismissing

25  a demand for injunctive relief because "the complaint does not allege circumstances creating the likelihood of substantial and immediate irreparable injury which is a prerequisite to injunctive relief."); *United Tel. Se., LLC v.*

26  *Bristol Tenn. Essential Servs.*, 2015 WL 13186245, at *5 (E.D. Tenn. Aug. 5, 2015).

27  [8] Rather than provide an estimation of its reasonable costs and fees incurred in bringing this anti-SLAPP Motion at this time, Defendants requests that, if the Court strikes any or all of Plaintiffs' claims against Defendants pursuant to

28  California's anti-SLAPP statute, it allow Defendants to submit proof of its actual costs and fees in connection with a follow-up motion for such costs and fees at which time Defendants will be able to more accurately document the costs and fees it actually incurred. *American Humane Ass'n v. Los Angeles Times Corp.*, 92 Cal. App. 4th 1095, 1103 (2001).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  Underlying Action and Plaintiffs cannot show a likelihood of prevailing on their claims. However,

2  in the event this Court is inclined to deny Defendants' anti-SLAPP Motion, Defendants respectfully

3  request that it grant Defendants' Motion to Dismiss the Complaint pursuant to FRCP 12(b)(6) with

4  prejudice.

5        A.     **Legal Standards For A Rule 12(b)(6) Motion**

6  Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:

7  > Every defense to a claim for relief in any pleading must be asserted
   > in the responsive pleading if one is required. But a party may assert

8  > the following defenses by motion: … (6) failure to state a claim upon
   > which relief can be granted;

9

10  When considering a Rule 12(b)(6) motion, which tests the legal sufficiency of a complaint,

11  a court also reviews compliance with Rule 8. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

12  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to

13  relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court in *Twombly* held that satisfying

14  Rules 8(a)(2) and 12(b)(6) requires a plaintiff "to provide the grounds of his entitlement for relief

15  [which] requires more than labels and conclusions, and a formulaic recitation of the elements of

16  the cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted.) To survive a motion

17  to dismiss, "factual allegations must be enough to raise the right to relief above the speculative

18  level." *Id.* Courts considering a motion to dismiss are not bound by a complaint's legal conclusions,

19  deductions and opinions couched as facts. *Id.* Moreover, under *Twombly*, such fundamental

20  deficiencies "should be exposed at the point of minimum expenditure of time and money by the

21  parties and the Court." *Id.* at 558.

22  Typically, if a court relies on materials outside the pleadings in ruling on a motion to

23  dismiss, it must treat the motion as a motion for summary judgment. *United States v. Ritchie,* 342

24  F.3d 903, 907 (9th Cir. 2003). A "court may, however, consider certain materials -- documents

25  attached to the complaint, documents incorporated by reference in the complaint, or matters of

26  judicial notice -- without converting the motion to dismiss into a motion for summary judgment."

27  *Id.* at 908.

28  Plaintiffs clearly fail to meet the pleading requirements of Rules 12(b)(6) and 8(a)(2). The

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1  Complaint contains nothing more than a jumble of unsupported allegations, lumped together

2  indiscriminately against a laundry list of defendants without differentiation of which particular

3  allegations are made against which defendants. The resulting hodge-podge is neither "a short and

4  plain statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2), nor a

5  set of "factual allegations . . . enough to raise the right to relief above the speculative level" under

6  *Twombly*. Dismissal is warranted.

7  **B.    Plaintiffs Fail to Allege Sufficient Facts to State a Claim on Which Relief Can**

8  **Be Granted**

9  This Court should grant Defendants' Motion to Dismiss because each of the Plaintiffs'

10 claims in the Complaint fail to allege sufficient facts to state a claim on which relief can be granted.

11 As explained above in the context of Defendants' anti-SLAPP Motion,[9] the first and second counts

12 in the Complaint for violation of the FDCPA and Rosenthal Act fail because Plaintiffs have not and

13 cannot allege facts to show that a debt is owed, there was a transaction between the parties, and/or

14 Defendants are debt collectors as defined under either statute. The third count in the Complaint for

15 violation of the TCPA also fails because Plaintiff Gavin Mehl has not—and cannot—allege facts

16 to show that Defendant Lyndsey Torp used an ATDS to place the calls at issue here. The fourth

17 count in the Complaint for intentional infliction of emotional distress fails because Plaintiffs have

18 not alleged any facts to show that Defendants engaged in any outrageous conduct. Finally, the fifth

19 count in the Complaint for injunctive relief fails as a matter of law because injunctive relief is a

20 remedy, and not a cause of action.

21 In sum, Plaintiffs have alleged nothing against Defendants to meet even the basic "short

22 and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Plaintiffs have not and cannot meet this

23 basic standard because there are simply no facts, evidence or information to support any claim

24 against Defendants.  Accordingly, this Court should grant Defendants' Motion to Dismiss without

25 leave to amend.

26

27 [9] As explained, Ninth Circuit courts analyze the second prong of the anti-SLAPP test in the same manner as a motion to dismiss pursuant to Rule 12(b)(6) where the anti-SLAPP motion is based on pleading deficiencies. *Rogers,* 57 F.Supp.2d at 983. Since Defendants' anti-SLAPP motion challenges in part the sufficiency of Plaintiffs' factual allegations in the Complaint, Defendants already discussed the pleading deficiencies of the Complaint in section III.C.2.

28

4814-7793-6127

- 17 -

1    **V.       CONCLUSION**

2           The Complaint in this case falls under the apparent theory that "the best defense is a good

3    offense."  Plaintiffs faced with a forcible detainer action for unlawfully occupying real property

4    owned by Wilmington concocted the instant Complaint to stave off the inevitable: on order of

5    eviction from the Sacramento County Superior Court. This Court should not condone Plaintiffs'

6    continued abusive litigation practices.  Based on the foregoing, Defendants respectfully requests

7    that the Court grants the anti-SLAPP Motion, or in the alternative, dismiss the Complaint without

8    leave to amend pursuant to FRCP Rule 12(b)(6).

9

10   Dated: October 29, 2021                              SNELL & WILMER L.L.P.

11

12                                                 By:   _/s/ Eric S. Pezold_
                                                        Eric S. Pezold
13                                                      Andrew B. Still

14                                                      Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On October 29, 2021, I served, in the manner indicated below, the foregoing document described as: **Defendant's Notice of Motion and Motion to Strike Complaint Pursuant to Cal. Code Civ. Proc. § 425.16 and to Dismiss Pursuant to Fed. R. CIV. P. 12(b)(6); Memorandum of Points and Authorities** on the interested parties in this action:

**Ron Cupp**                                                    Plaintiffs
150 Raley Town Center, Ste 2512
Rohnert Park, CA 94926

**Gavin Mehl**
1400 36th St
Sacramento, CA 95816

☒        BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (F.R.C.P. § 5 (b)(2)(C)).

☒        BY E-FILING (USDC Eastern): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒        FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on October 29, 2021, at Costa Mesa, California.

_____
Kelley Nestuk

PROOF OF SERVICE

2:21-CV-01861-TLN-JDP