1  Gavin Mehl
2  1400 36th Street
   Sacramento, California ~95816
3  (916) 942-9244
4  gavingmehl@gmail.com

5  Consumer Plaintiff in *Pro Se*

6

7  Ron Cupp
   150 Raley Town Center Ste 2512
8  Rohnert Park, California 94925
9  (707) 318-9929
   ronc2009@gmail.com
10

11 Consumer Plaintiff in *Pro Se*

12

13



**FILED**

DEC 0 3 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

14         **IN THE UNITED STATES DISTRICT COURT**
15         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

16  GAVIN MEHL; RON CUPP; and        Case No.: **2:21-cv-01861-TLN-JDP**
17  DOES 1-10 inclusive consumers
                                      **FIRST AMENDED COMPLAINT FOR**
18         Plaintiff(s),              **DAMAGES AND FOR INJUNCTIVE**
                                      **RELIEF FOR VIOLATIONS OF:**
19
           Vs.                        1. Fair Debt Collection Practices Act
20                                       15 United States Code section 1692, et seq.
21  WILMINGTON TRUST, NATIONAL        2. Rosenthal Act, Civil Code § 1788 *et seq.*;
    ASSOCIATION, NOT IN ITS           *3.* Federal Fair Credit Reporting Act 15 U.S.C
22  INDIVIDUAL CAPACITY, BUT          § 1681s-2(b)
23  SOLELY AS TRUSTEE OF MFRA         4. Telephone Consumer Protection Act 47
    TRUST 2016-1, A DELAWARE          U.S.C. § 227, *et seq.*
24  STATUTORY TRUST; SNELL &
25  WILMER L.L.P.; ANDREW B. STILL    **DEMAND FOR JURY TRIAL**
    an individual, and DOES 1-10
26  inclusive,
27                                     **FIRST AMENDED COMPLAINT**
           Defendant(s)               **FOR DAMAGES**
28

DEMAND FOR JURY TRIAL

COMES NOW, GAVIN MEHL and RON CUPP (hereinafter Plaintiff(s)), complaining of the Defendant's, as follows:

## INTRODUCTION

Gavin Mehl owed $59,208.24 in back rent.  Wishing to collect, defendant referred Mehl to Snell & Wilmer with authorization to sue.  Mehl received a damand from landlord for the $59,000.  After wining the first case for unlawful detainer, Mehl saw in the county recorder an assignment and notice of trustee sale. He then disputed the debt after seeing the notice that said this is from a debt collector.

This is an action brought by the Plaintiff(s) and each of them in an individual capacity for violation(s) of the Consumer Protection Laws, including 15 U.S.C. § 1692 Fair Debt Collection Practices Act (hereinafter "FDCPA"),  15 U.S.C § 1681 Fair Credit Reporting Act,  -2(b)and Civil Code § 1788 California Rosenthal Fair Debt Collection Practices Act (hereinafter "CFDCPA"), and ), 47 U.S.C. § 227 Telephone Consumer Protection Act ("TCPA") (b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

## I.

## PARTIES

1.      Gavin Mehl (hereinafter "Mehl" or "Plaintiff"), is a natural person, an adult, and at all times relevant to this action, was a resident of California.

2.      Ron Cupp (hereinafter "Cupp" or "Plaintiff"), is a natural person, an adult, and at all times relevant to this action, was a resident of California.

3.     Defendant, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST, (hereinafter "WT" or "Defendant(s)"), is believed to be now and at all times relevant to this action a trust, formed under the laws of the State of Delaware.  WT has a principal place of business located in Delaware.

4.     SNELL & WILMER L.L.P. (hereinafter "Snell & Wilmer", or "Defendant(s)"), is now and at all times relevant to this action a Limited Liability Partnership formed under the laws of the State of Arizona.  It has a principal place of business located in Arizona.  Incorporated by reference: https://www.swlaw.com/services/real-estate-dispute-resolution-and-litigation

5.     Defendant, Andrew B. Still, ("Still", or "defendant") is and at all times relevant to this action, a member of the State Bar of California 312444 and the attorney who apparently taken over collection activities.  Still specializes in "Defaulted Loan Enforcement" Incorperated herein by reference https://www.swlaw.com/people/andrew_still.

6.     Plaintiff(s) does not know the true names, capacities, basis for liability, or interests of Plaintiff(s) DOES 1 through 10 inclusive and defendants sued in this action as DOES 1 through 10, inclusive, and will amend this complaint when that information is discovered.

## II.

## JURISDICTION AND VENUE

7.   Plaintiff(s) realleges and incorporates by reference the facts and allegations contained in the previous paragraphs above, as though fully set forth herein.

8.   The U.S. District Court Eastern District of California has jurisdiction according to 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.*, 15 USC§1681p *et*, al ., and 47 U.S.C. § 227(b)(3).

9.  Venue is proper because Defendant (s) does business in the State of California, and the occurrences which give rise to this action took place within the Eastern District of California.

## III.

## FACTUAL ALLEGATIONS

10.  Plaintiff(s) realleges and incorporates by reference the facts and allegations contained in the previous paragraphs above, as though fully set forth herein.

11. On or about June 24 2020 Mehl leased both front and back units on two separate leases for the property commonly known as 1400 36th St. Sacramento, California.

12.     Due to the pandemic and unexpected hardship, Mehl lost his job and was served a notice of failure to pay rent on 9/15/2020 as exhibit 1 incorperated by reference.

13.     On or about 10/202020 Mehl received a notice to quit via first class mail as exhibit 2 and incorporated by reference.

14.     Due to the contained pandemic and hardship, Mehl remained behind on rent.

15.     On or about about April 15, 2021 Mehl contacted Ronda Baldwin Kennedy who advised hm of the complaint for unlawful detainer after foreclosure of rental housing unit UD20 as exhibit 3.

16.     On information and belief, Snell Wilmer was representing Mehl's landlord or assigned landlords interest.

17.     On or about May 15, 2021 with the assistance of council Kennedy filed a demur and motion to strike on grounds of the face of the complaint failing to meet statutory laws.

18.     On or about May 20 tenant called and spoke to attorney Eric Pezold.  Pezold stipulated to dismiss the complaint and send Mehl costs for the suit as shown on exhibit 4 by reference.

19.     Mehl does not dispute that he was severely behind in rent by June 1, 2021.

20.     On or about May 21, 2021, Mehl meet with Mr. A, the district manager for Bank of America, Sacramento and explained to him his situation and type of rental housing financing he required.  Mr. P highly recommended Mehl make an appointment with Mr. H, who Mr. A considered the person most knowledge in Bank of America to help secure the approval.

21.     Mr. A provided Mehl as list of items to prepare for the meeting and set an appointment for with Mr. H for June 7, 2021.

22.     On or about June 5, 2021, Mehl sent Mr. H a complete file of supporting documents for the rental financing via Fed Ex tracking number 7019xxxxxxxxxxxxxx.

23.     On or about June 7, 2021 Mehl met with Mr. H at Bank of America, Sacramento branch and fully executed the secured application process in person.

24.     Mr. H was sorry to say, that Bank of America was unable to provide the rental house financing to Mehl.  Mr. H said Mehl was a high risk of tenant.  Mr. H said this was due to defendants prior unlawful detainer case 20UD01465 against Mehl, in which Mehl was the winning party.

25.     Mehl, was dependent on his credit worthiness to get approved for new rental housing.

26.     Defendants, adverse action was based on inaccurate information because case 20UD01465 had been dismissed, as shown on exhibit 4.

27.     On or about June 7, 2021 Mehl served notice of dispute on defendant wt's registered agent via fed ex, as incorporated by reference on Exhibit 5.

28.    The notice of dispute placed a statutory duty on wt to conduct an investigation, report incomplete or inaccurate information within the meaning of FCRA, to stop collecting and validate or verify the alleged rental debt.

29.    PLAINTIFF INCORPORATED THE COMPLAINT.... BY REFERENCE NOT TO DISPUTE IT, BUT .....

30.    On June 14, 2021, defendant initiated prosecution of a forcible detainer case 21UD01125 in retaliation for Mehl's successful defeat of the first foreclosure eviction attempted by Defendant in Case 20UD01465, for Mehl's assertion of rights under the Protecting Tenants at Foreclosure Act of 2009 (Revised 2018) ("PFTA") as to the 90-day notice required to be given; incorporated by reference on Exhibit 6.

31.    Mehl was totally confused by the made up, heresy allegations of the complaint for forcible detainer.

32.    Defendants created a false narrative of forcible detainer with willful intent to injure plaintiff by stripping his few legal defenses as a tenant.

33.    On information and belief, the defendant needed to avoid possible *res judicada* for the cause of action under unlawful detainer, under 1161a(b)(3), so defendants created sham filings to secure summary judgment and avoid trial.

34.    On information and belief the forcible detainer complaint was created by a highly clever, devious group of skilled litigation attorneys and paralegals working in concert for Snell & Wilmer, with malicious intent to avoid giving Plaintiff tenant protections, which require sufficient notice under the law.

**WT fails to respond to the first notice of dispute**

35.    Had WT conducted an investigation and determined reporting on case 20UD01465 was inaccurate and report those results to all Consumer Reporting

Agency's ("CRA's"), on information and belief Bank of America would have approved Mehl for the credit for a rental property.

36.    On or about Aug 5, 2021 Mehl served 2nd notice of dispute as shown on exhibit 8. The notice asks genuine questions clarification on what exactly they want tenant to do, how much does he owe, what is required? By reference as Exhibit 7.

37.    The notice of dispute put a statutory duty on defendant conduct an investigation, report incomplete or inaccurate information within the meaning of FCRA, to stop collecting and validate or verify the alleged debt.

38.    On or about August 9, 2021 WT responded to Mehl's discovery Request for admissions as follows:

> Admit that on the total amount due is $59,208.24........ Admit.  Incorperated
> by referernce as Exhibit 8.

**Snell & Wilmer fail to respond to the second notice of dispute**

39.    Plaintiff refences the following court records from the pending case 21UD01125, for the exclusive purpose of showing all administrative and legal remedies have been exhausted before coming to this court for relief under the consumer protection laws.

40.    On or about August 16, 2021, Mehl contacted Experian to purchase a copy of his Experian credit file, which Experian provided that same day.  The report reflected "Judgment Entered" for case 20UD01465.  This was incorrect, because the case was dismissed.

41.    The report reflected "Judgment Enterd" for case 21UD01125.  This was erroneaous because, the case was ongoing.

42.    As of August 16, 2021, Mehl had not been served a summons and complaint.

43.     On or about August 16, 2021, Mehl spoke to attorney Baldwin-Kennedy ("Kennedy") to get legal advice on how to get the court to remove the negative case reporting.   Kennedy advised him of statute Cal. Code Civ. Proc. § 1167.1 which says "If proof of service of the summons has not been filed within 60 days of the complaint's filing, the court may dismiss the action without prejudice."

44.     On or about August 17, 2021, Mehl filed Motion to Dismiss the action for delay in prosecution, Request for Judicial notice and Declaration in support of motion.

45.     The declaration states, "On August 13, 2021, this action reached 60 days. I have not been served the summons and complaint. No proof of service of summons has been filed in the case. On August 16, 2021, negative reporting on my name was publicly release to unlawful detainer registries and credit reporting agencies. THEREFORE, I am being injured...."

46.     On or about August 23, 202, WT filed first amended complaint and added Plaintiff Ron Cupp, and others, incorporated by reference as Exhibit 9.

47.     Plaintiff Cupp Alleges, WT had no right to use his personal information.

**Unwanted Collection Calls**

48.     On or about August 20, 2021 defendant Snell & Wilmer began a serious of collection phone calls to Gavin Mehl's emergency cell phone.

49.     Mehl provided no implied or express consent to use his emergency cell phone number for collection calls.

50.     On information and belief the calls were made using a device with the capacity to store a telephone number using a random or sequential generator as follows;

51.     The first call was on or about August 20, 2021, at 9:50 AM, from an unknown number to Mehl's emergency cell phone rang once and Mehl answered "hello, it is a great day this is Gavin", which is a standard way Mehl answers the phone. There was a tinny hollow sound on the call with no speaking. Mehl then said in a playful voice, "well you got to speak up friend or I am going to hang up". "Going once, going twice,"... then a voice said "Hi Mr. Mehl, its Lyndsey Torp from Snell & Wilmer".

52.     Mehl said, "O hello counselor, do you have express written consent to call this number? I do not consent to this number being used for collection purposes."

53.     Ms. Torp, "Mr. Mehl there is water flooding at 1400 36th street and needs immediate attention."

54.     Mr. Mehl, "Flood?  What flood  Where?"

55.     Ms. Torp, "I don't know, but we need to come by and inspect the premises immediately"

56.     Mr. Mehl, "Sorry, I do not consent to strangers on my land. I will have a mantence person immediately on this alleged flood and I promise to call you back."

57.     Mr. Mehl promptly called maintenance person John Mehl to check on the flooding at once.

58.     John Mehl checked all water spots on the premises and no flooding was found.

59.     On or about August 20, 2021, at 10:00 AM Mehl called the city of Sacramento at 411 and spoke to Ryan.

60.     Mehl asked if Ryan from the City was aware of any flooding on the premises and asked if anyone reported a flood.

61.   Ryan said "No one reported a flood.  We sent you a letter in the mail about your water consumption.  The letter appears that you consumed more water this month then this time last year"

62.   On or about August 20, 2021, at 10:15 AM Mehl called Ms. Torp back and left a voicemail at 805-907-1980 to notify here that there was no flooding on the premises and to please remove his number from collections.

63.   On or about August 20, 2021, at 10:27 AM, Mehl's received a call from an unknown number answered "hello it is a great day, this is Gavin how can I help you?"

64.   Mr. Mehl then said, in his normal chipper voice, "you got to speak up or I am going to hang up",  the phone remained hollow sound of silence with no talking.

65.   Ms. Torp came on, "Mr. Mehl, its Lyndsey Torp with Snell & Wilmer".

66.   Mr. Mehl "Yes counselor, I demanded this number be removed from collections.  This is my emergency cell phone and I am being billed for this call."

67.   Ms. Torp "We need to inspect the property Mr. Mehl".

68.   Mr. Mehl, "Counselor, I do not consent to any collectors on my property without a warrant or lawful order from a court, so please remove me from collections calls. "

69.   Mehl is not in the habit of checking caller ID when the phone rings.  Most calls are from colleges, friends and family who he has consented to calling.

70.   On or about On or about August 20, 2021, at 12:40 PM,  Mehl received an call from an unknown umber on his emergency cell phone number and answered, "Hello this is Gavin its a great day, how can I help you, in a chipper voice".

71.  Mehl said, "Hello friend, is anyone there?  You better speak up or I am going to hang up", in a playful voice.

72.  Ms. Torp said, "Hello Mr. Mehl, it is Lyndsey Torp with Snell & Wlmer and we really need to inspect the property"

73.  Mr. Mehl "Councilor, I have not given consent to use this emergency cell phone.  This is the third time I have requested to be removed from collection calls, please remove this emergency number from all collections."

74.  Ms. Torp "Mr. Mehl, there are questions that we need answered."

75.  Mr. Mehl "Counselor, I am being chared for this call.  I do not consent to debt collectors calling my cell phone.  Please remove this number from collection calls.  Respectfully, I must hang up now"

76.  On or about August 27, 2021, at 1:58 PM Mehl's emergency cell phone rang from an unknown number, and he answered "its a great day this is Gavin, how can I help you?"

77.  The phone remained a dull, hollow silent sound and Mehl said, "Hey partner, you better speak up or I am going to hang up".

78.  Ms Torp "Hello Mr. Mehl, its Lyndsey Torp with Snell & Wilmer".

79.  Mr. Mehl, "Counselor are you trying to ask me out on a date?  I am sorry I am just not interested in dating opposing council" said jokingly.

80.  Ms. Torp, "Mr. Mehl this is about the case".

81.  Mr. Mehl, "Counselor, it sounds like you are on an auto dialer."

82.  Ms Torp "Mr. Mehl, I am calling to talk to you about this case".

83.  Mr. Mehl, "Counselor, with all due respect, I do not consent to collection calls on my emergency cell phone, haven't we been through this a number of times now?

84.  Ms. Torp, "Mr. Mehl, we want you out of the property."

85.  Mr. Mehl, "Counselor, I worked for a company called Refractive Dialer and DialSource for SalesForce.  It was my job to sell dialing technology to

enterprise businesses  I sat on the computer with a headset plugged in and the computer would do all the dialing.  I would talk to new people one after the next.  The value was, that our dialing technology had solved the problem of dead air that you are experiencing.  This brainiacs guy called Nicholas Blasgen figured out how to write some complex algorithm and then partnered with Josh Tillman and hired me for sales.  Incorporated by reference https://www.linkedin.com › in › gavinmehl.

86.    Ms Torp, "Mr. Mehl, we just want you out".

87.    Mr. Mehl, "Sorry councilor, I don't sell the dialing technology any more, but it would help solve the problem you are having with the dead air on your collection calls.  I was calling to sell software as a service at the time, not collections.  Any reasonable person who has received calls from you when the line is hollow and no agent comes on for 2-5 seconds can tell it is likely a telemarketer or debt collector.  In your case, you are debt collector.  Respectfully, I demand this number be removed from collections, this is costing me for the call, its causing me stress and frustration.  I had a maintenance man John Mehl, who is a 76 year old senior citizen, running around in a panic trying to find this non-existent flood.  Then i called and had to spend time calling the city speaking to Ryan, to report to me that there was no flood.  This is humiliating, cost me unwanted stress and mental anguish.  I do not appreciate being made a fool by collectors.  Good bye".

88.    On or about September 13, 2021 Mehl invited Ryan from the city of Sacramento over for a general safety inspection.  Ryan identified no flooding or safety issues.

89.    On or about October 12, 2021, Lyndsey Torp was terminated from Snell & Wilmer for agrieges, willful disregard for the consumer protection laws. Mehl incorporates by reference an email he received from Ms. Torp confirming such termination as exhibit 10.

**Plaintiff Ron Cupp's dispute**

90.   Cupp and Mehl are business colleagues and share similar interests.   On or about October 1, 2021 Plaintiff Ron Cupp meet Gavin Mehl for a business meeting in Sacramento at Bank of America on Del Paso Road and then Jacks Urben Eats.

91.   Mehl introduced Cupp to Bank of America Banker Mr. H to apply for a credit line for Cupp's business.

92.   Cupp had spent over ten hours in preparing banking documents for Mr. H.   Cupp has excellent credit and was counting on getting approved for the special financing.

93.   After two hours in a meeting with the banker Mr. H, Cupp was denied the financing due to eviction case 21UD01125.

94.   Cupp had no notice of the eviction case.

95.   Cupp had no reason why he would be sued for eviction.

96.   Cupp had no contract with the defendants that entitled them to collect.

97.   Cupp alleges defendant took his person identifying information to obtain money or property, without Cupp's authorization.

98.   Cupp is not obligated to the defendant for their claim.

99.   Any interest the defendant purportedly got in collection with defendants claim is void and unenforceable.

100.   Cupp's good credit is ruined by defendant's fraudulent debt collection case

101.   Cupp was turned down substantial business financing by Mr. H at Bank of America, due to defendants lawless acts.

102.   Cupp alleges defendant used his personal identifying information without authorization is a victim of identity theft.

103.   On or about Oct 07, 2021 Cupp served notice of credit dispute, incorporated by reference as exhibit 11 via certified mail.

104.   On or about Oct 07, 2021 Mehl served notice of credit dispute, incorporated by reference as exhibit 12 via certified mail.

105.   On or about Oct 18, 2021 Mehl filed notice of dispute in case 21UD01125, incorporated by reference as exhibit 13.

106.   On or about October 22, 2021 Cupp and Mehl served council Andrew still Notice of Dispute, incorporated by reference as exhibit 14.

107.   On or about November 15, 2021 Equifax responded to Mehl that they complied their investigation and determined that both case entry's of "Judgment Entered" were correct.

108.   On or about November 16, 2021 Equifax responded to Cupp that they completed their investigation and determined that the entry of "Judgment Entered" in case 21UD01125 was correct.

**Reinvestigation**

109.   On or about November 25, 2021 Mehl served demand for reinvestigation of both cases for reporting incorrect information under FCRA, incorporated by reference as exhibit 15.

110.   On or about Nov 25 Cupp served demand for reinvestigation for reporting incorrect information under FCRA incorporated by reference as exhibit 16.

111.   Plaintiff brings the courts attention to the above facts only to show defendants total disregard for all consumer protection laws, with ruthless, criminal intent to collect using, unethical litigation strategy, unauthorized use of the victims personal identifying information to obtain money or property;  creating a total embarrassment to our jurisprudence.

112.   Plaintiff is not disputing the unlawful detainer action 20UD01465 or the forcible detainer actin 21UD01125; Plaintiff is bringing a claim under the federal and state consumer protectin laws, for a representation Defendants made in connection with collecting Plaintiffs unpaid rent.

## COUNT I

## VIOLATIONS OF FDCPA

### 15 .S.C. 1692 *et seq.* by All Defendants

113. Plaintiff(s) realleges and incorporates by reference the facts and allegations contained in the previous paragraphs above, as though fully set forth herein.

114. Plaintiff(s) and each of them is a consumer within the meaning of 15 U.S.C. § 1692a (3).

115. Defendants and each of them is a debt collector with respet to plaintiff WT is a "debt collector" with respect to plaintiff within the meaning of 15 § U.S.C. 1692a (6) since Defendant (s) is attempting collection of a debt from Plaintiff (s) who IS NOT A CUSTOMER OF nor client of Defendant (s).

116. Defendant(s) have violated the FDCPA as follows:

i.   Defendant(s) violated 15 U.S.C. § 1692d (5) by using a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff(s) at the called number.

ii.   Defendant(s) violated 15 U.S.C. § 1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed.

iii.   Defendant(s) violated 15 U.S.C. § 1692e (10) by using a false representation or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer.

iv.    Defendant(s) violated 15 U.S.C. § 1692e (11) by failing to disclose that the defendant debt collectors were attempting to collect a debt and that any information obtained would be used for that purpose.

v.    Defendant(s) violated 15 U.S.C. § 1692g by failing to cease collection until the debt was validated or verified.

vi.    Defendant(s) violated 15 U.S.C. § 1692j by furnishing a form knowing that such form would be used to create the false belief in Plaintiff(s) that a person other than the creditor of such consumer is participating in the collection or attempted collection of a debt that such consumer allegedly owes such creditor, when in fact such person is not so participating.

vii.    Defendant(s) violated 15 U.S.C. § 1692f by the continued collection of the debt.

## PRAYER FOR RELIEF COUNT I

**WHEREFORE**, Plaintiff(s) demands judgment for damages against Defendants and each of them for statutory damages of $1,000 x 3 defendants for a total of $3,000, for each Plaintiff, and attorney's fees and costs, pursuant to 15 U.S.C. § 1692.

## COUNT II

## VIOLATION OF CFDCPA

### Cal. Civ. Code § 1788 *et. seq* by All Defendants

117. Plaintiff(s) realleges and incorporates by reference the facts and allegations contained in the previous paragraphs above, as though fully set forth herein.

118. Plaintiff(s) is a "debtor" as that term is defined within Cal. Civ. Code § 1788.2(h) with respect to defendants.

119. Defendants and each of them are "debt collectors," with respet to plaintiff as defined in Civ. Code § 1788.2(c).  Amended by SB 187 in 2020, which removed the exception for attorney firms from the definition of debt collector.

120. Defendant(s) seeks to collect a consumer debt from Plaintiff (s) defined by Cal. Civ. Code § 1788.10(f).

121. The account in question is a consumer credit transaction as defined by Cal. Civ. Code § 1788.2(e) as Plaintiff has allegedly received property, services, or money from Defendants on an extension of credit. Such property, services, or money was used primarily for personal, family, or household purposes.

122. Defendant(s) has damaged Plaintiff(s) by violations of CFDCPA (Cal. Civ. Code § 1788) as follows:

i. Cal. Civ. Code § 1788.10(a), the use, or threat of use, of physical force, or to cause harm to the person, the reputation, or the property of Plaintiff(s).

ii. Cal. Civ. Code § 1788.10(c), the debt collectors know or should have known their actions would defame the Plaintiff(s).

iii. Cal. Civ. Code § 1788.10(f), the threat to take action which is prohibited by this title.

iv. Cal. Civ. Code § 1788.11(b), by placing phone calls without disclosing, defendants are debt collectors.

v. Cal. Civ. Code § 1788.11(c), by causing expense to Plaintiff Gavin Mehl for the phone calls to Plaintiff's emergency cell phone, and by misrepresenting to Plaintiff Gavin Mehl the purpose of the telephone call.

vi. Cal. Civ. Code § 1788.11(d), by causing plaintiff Gavin Mehl's phone to ring repeatedly to annoy the Plaintiff.

vii. Cal. Civ. Code § 1788.11(e), by communicating with Plaintiff(s) in a manner that constituted harassment.

viii. Cal. Civ. Code § 1788.11(f), by sending written or digital communication to the Plaintiff (s) that does not display the California license number of the collector in at least 12-point type.

ix. Cal. Civ. Code § 1788.12(d), by communicating with the debtor through written communication that displays or conveys any information about the consumer debt intended to be seen by any other person and embarrass the Plaintiff (s).

x.    Cal. Civ. Code § 1788.13(i), by the false representation of the true nature of the business or services rendered by the debt collector.

xi.   Cal. Civ. Code § 1788.15, by Defendants', continued to attempt to collect a consumer debt by means of judicial proceedings but failing to effect legal service over plaintiffs Ron Cupp, which is essential to jurisdiction.

xii.  1788.17, by not complying with provisions of 15 U.S.C. § 1692b to 1692j, subject to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF COUNT II

**WHEREFORE**, Plaintiff(s) demands judgment for damages against Defendant and each of them as follows:

for statutory damages of $1,000 x 3 defendants, a total of $3,000 for each Plaintiff, and attorney's fees pursuant to Cal. Civ. Code § 1788.30(b) and costs, according to Cal. Civ. Code § 1788.30(c).

## COUNT III – FCRA
## 15 .S.C. § 1681s-2(b) (Against Defendants)

113. Plaintiff(s) realleges and incorporates by reference the facts and allegations contained in the previous paragraphs above, as though fully set forth herein.

114. Defendant, either directly or through their agents, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer reporting agencies, as that term is defined by title 15 U.S.C.§ 1681a(f).

115. Defendant knew that case 20UD0025 was dismissed and reporting "judgment entered" was incorrect.

116. Defendants should have corrected the credit reports, thus only providing accurate and complete information.

117. Defendants further violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute.

118. Defendants further violated 15 U.S.C. § 1681s-2(b) by failing to review all relevant information regarding the same (pursuant to section 1681i(a)(2), thus violating section 1681s2(b)(1)(B); 173. Defendants further violated 15 U.S.C. § 1681s-2(b) by continuing the representations within Plaintiff's credit file with Equifax, Trans Union and Experian without also including a notation that the derogatory information was disputed;

119. Defendants's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was willful and in reckless disregard of Plaintiff's rights and there safety.

120. Defendants willfully and negligently failed to correct the erroneous and inaccurate credit information in direct violation of the Federal Fair Credit Reporting Act.

121. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered harm, as described above, and including credit denial damages.

122. Defendants willfully and negligently failed to comply with its duty to investigate Plaintiff's disputes under 15 U.S.C. § 1681(n) & (o).

123. Defendants's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by a trier of fact, pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

124. Plaintiff is also entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

1

2

## COUNT IV

3

### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT

4

### 47 U.S.C. § 227(b)(1)(A) and § 227(b)(1)(A)(iii)

5

### (With respect to Plaintiff Gavin Mehl, against Defendant Snell & Wilmer)

6

125. Plaintiff(s) realleges and incorporates by reference the facts and allegations

7

contained in the previous paragraphs above, as though fully set forth herein.

8

126. Defendant Snell & Wilmer is a "person" defined by 47 U.S.C. § 153 (10).

9

127. This damage is for the calls from Defendant Snell & Wilmer's former

10

employee Lyndsey Torp with respect to Plaintiff Gavin Mehl's emergency cell

11

phone on August 20, 2021, and August 27, 2021, without prior express consent,

12

totaling four (4) individual violations of the statute.  As separate and distinct

13

damage and cause of action, Defendant Snell & Wilmer has demonstrated

14

intentional and willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)

15

and § 227(b)(1)(A)(iii), in violating strict liability statute; by the following:

16

17

47 U.S.C. § 227(b)(1)(A) states in part:

18

 ("(b) Restrictions on use of automated telephone equipment

19

(1) Prohibitions. ----It shall be unlawful for any person within

20

the United States, or any person outside the United States if the

recipient is within the United States-

21

(A) to make any call (other than a call made for emergency

22

purposes or made with the prior express consent of the called

23

party) using any automatic telephone dialing system or an

artificial or prerecorded voice-")

24

47 U.S.C. § 227(b)(1)(A)(iii) states in part:

25

(1) Prohibitions. ----It shall be unlawful for any person within

26

the United States, or any person outside the United States if the

recipient is within the United States-

27

(A) to make any call (other than a call made for emergency

28

purposes or made with the prior express consent of the called

party) using any automatic telephone dialing system or an
artificial or prerecorded voice-")
("(iii) to any telephone number assigned to a paging service,
cellular telephone service, specialized mobile radio service, or
other radio common carrier service, or any service for which
the called party is charged for the call;)

128. Defendant Snell & Wilmer has damaged Plaintiff Gavin Mehl by violations of
47 U.S.C. 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to
call an emergency cell phone.

§ 227(b)(1)(A) using a phone system with automatic telephone
dialing system ***capabilities*** without an emergency purpose.

§ 227(b)(1)(A) making a call without prior express (written)
consent of Gavin Mehl.

§ 227(b)(3)(B) making a call without an established business
relationship.

§ 227(b)(1)(A)(iii) making a call for which Gavin Mehl is
charged for the call.

§ 227(b)(1)(A)(iii) making a call without permission to call
Gavin Mehl's Emergency Cell Phone.

129. An unintentional call carries a damage amount of $500; an intentional call
made knowingly and willfully carries potential treble damage in the amount of
$1,500 per violation.

130. Defendant Snell & Wilmer has demonstrated willful, intentional, and
knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. §
227(b)(1)(A)(iii) by calling Plaintiff Gavin Mehl's Emergency Cell Phone.
Accordingly, the call is subject to treble damages pursuant to 47 U.S.C. §
227(b)(3) as it was knowingly intentional and willful.

131. Plaintiff Gavin Mehl and Defendant Snell & Wilmer do not have within the
meaning of 47 U.S.C. § 227 (1) an established business relationship, (2) Plaintiff

Gavin Mehl did not give defendant Snell & Wilmer express written consent to call Plaintiff's emergency cell phone, (3) Plaintiff Gavin Mehl was charged for the call, therefore, has Article III standing. (4) Plaintiff Gavin Mehl directed Defendant Snell & Wilmer not to call the emergency cell phone. Accordingly, Plaintiff Gavin Mehl is entitled to damages of $1,500 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF COUNT IV**

**WHEREFORE,** Plaintiff Gavin Mehl prays that this Court enters a judgment in his favor and against Defendant Snell & Wilmer as follows:

For statutory damages of $6,000 (4 calls $1,500) pursuant to 47 U.S.C. § 227(b)(3)(C); Costs of suit, including attorneys' fees, pursuant to 47 U.S.C. § 227; and such other and further relief as the Court may deem just and proper.

A preliminary and permanent injunction enjoining Defendant (s), agents, employees, officers, assigns, attorneys, from engaging in or performing any further acts of debt collection against the Plaintiff(s);

Enjoin Defendants from directly or indirectly collecting an alleged debt against Plaintiff(s).

**THEREFORE,** Plaintiff(s) and each is entitled to punitive damages in an amount to be determined by proof at trial.

Such other and further relief as the Court may deem is just and proper.

Plaintiff requests that if pleadings have not shown a prima facie case and is correctable by amendment clarifying or adding additional facts, leave of this court to amend is required, or in the alternative, leave for more definite statement.

Respectfully,

1

2  Dated: December 3, 2021          *Gavin: Mehl*

3                                   Gavin Mehl, Plaintiff *Pro Se*

4  Dated: December 3, 2021

5                                   Ron Cupp, Plaintiff *Pro Se*

6

7

8  **VERIFICATION**

9

10  I heave read the foregoing and know it to be true from my own personal knowage
    except for that which is taated on information and belief. I certify or declare under
11  peanalty of purjurgy under the laws of the Unitied States of America the Foirgoing
    is true and correct.

12

13

14  Dated: December 3, 2021          *Gavin: Mehl*

15                                   Gavin Mehl, Plaintiff *Pro Se*

16

17

18  **VERIFICATION**

19

20  I heave read the foregoing and know it to be true from my own personal knowage
    except for that which is taated on information and belief. I certify or declare under
21  peanalty of purjurgy under the laws of the Unitied States of America the Foirgoing
    is true and correct.

22

23  Dated: December 3, 2021

24

25                                   Ron Cupp, Plaintiff *Pro Se*

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

# Notice of Overdue Rent Payment

9/15/2020

Date

Gavin Mehl                                              EKJP Diversified Development Group, LLC

Tenant name(s)                                          Landlord name

1400 36th St                                            9739 Everbloom Way

Street address                                          Street address

Sacramento, Ca 95816                                    Sacramento, CA 95829

City / State / ZIP                                      City / State / ZIP

Dear _____ Mr. Mehl _____ ,

This letter is to inform you that your rent is overdue at the time of this notice. According to your lease, a late fee of $ 250 [ has been/will be ] applied to the total amount due. Your balance due immediately is $ 4,750 .

Acceptable forms of payment include _____ Personal Check or Money Order _____ .

Your prompt attention to this matter is needed to avoid further consequence. Failure to pay the rent could lead to eviction proceedings, and you may be responsible for charges, such as legal fees, in addition to past-due rent. Your credit rating could also be adversely affected.

Regards,

EKJP Diversified Development Group, LLC

Landlord name

# EXHIBIT 2

# THREE (3) DAY NOTICE TO QUIT

## 20UD01465

From: **Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust**
**c/o MFResidential Assets I, LLC**
**350 Park Avenue, 20th Floor**
**New York, NY 10022**
**(212) 207-6412**

To: **Ikon Homes, Inc., a California corporation; and Any Others in Possession Of The Residential Real Property Commonly Known as 1400 36th St., Sacramento, California 95816 (the "PREMISES")**

Within three (3) days after the service on you of this Notice, you must VACATE and DELIVER POSSESSION of the above described PREMISES to the undersigned. Your failure to VACATE and DELIVER POSSESSION of the PREMISES within three (3) days will cause the undersigned to institute legal proceedings against you to obtain possession of the PREMISES and recover damages and costs of suit.

The reason for service of this Notice is your improper possession of the PREMISES following the undersigned's acquisition of title to the PREMISES pursuant to a non-judicial foreclosure sale of the PREMISES on July 2, 2020 (the "Foreclosure Sale"). Any interest you had in the PREMISES was terminated by the Foreclosure Sale.

Executed this 6th day of October, 2020

**WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST**

By: _____
Matthew Dameron, Authorized Signatory of PS Funding, Inc., itself
the Master Servicer for Wilmington Trust, National Association, not in its
individual capacity, but solely as trustee of the specified MFRA Trust, together
with any permitted successors or assigns

4817-5980-0616.1                                   -11-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

1   SNELL & WILMER L.L.P.
    Eric S. Pezold, Bar No. 255657
2   epezold@swlaw.com
    Lyndsey A. Torp, Bar No. 261734
3   ltorp@swlaw.com
    600 Anton Blvd, Suite 1400
4   Costa Mesa, California 92626-7689
    Telephone:    714.427.7000
5   Facsimile:    714.427.7799

6   Attorneys for Plaintiff Wilmington Trust, National
    Association, Not in Its Individual Capacity, But
7   Solely as Trustee of MFRA Trust 2016-1, a Delaware
    Statutory Trust

8

9

ELECTRONICALLY
**FILED / ENDORSED**
Superior Court of California
County of Sacramento
Unlawful Detainer Division
10/28/2020
12:35 PM
S. Heng - Deputy Clerk

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SACRAMENTO

12                                                    **BY FAX**

13   WILMINGTON TRUST, NATIONAL          Case No.   **20UD01465**
     ASSOCIATION, NOT IN ITS INDIVIDUAL
14   CAPACITY, BUT SOLELY AS TRUSTEE     **Limited Civil Case**
     OF MFRA TRUST 2016-1, A DELAWARE
15   STATUTORY TRUST,                    **Plaintiff's Verified Complaint for**
                                         **Unlawful Detainer**
16                     Plaintiff,

17        v.

18   IKON HOMES, INC., a California corporation,
     an individual; DOES 1 through 30, inclusive,
19
                       Defendant.
20

21

22        Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as

23   Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Plaintiff") hereby alleges as

24   follows:

25                              **VENUE**

26        1.     Venue is proper in this Court pursuant to Code of Civil Procedure section 392(a)(1)

27   because the real property that is the subject matter of this action is located in Sacramento County,

28   California.

PLAINTIFF'S VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

**20UD01465**

1        **PARTIES**

2        2.        Plaintiff is, and at all times relevant herein was, Trustee of MFRA Trust 2016-1, a

3    Delaware Statutory Trust.

4        3.        Plaintiff is informed and believes, and thereupon alleges, that defendant Ikon

5    Homes, Inc., a California corporation ("Borrower"), is, and at all relevant times herein was, a

6    corporation duly organized under the laws of the State of California and doing business in the

7    County of Sacramento, California.

8        4.        The true names and capacities, whether individual, corporate or otherwise, of

9    defendants DOES 1 through 30, inclusive, are unknown to Plaintiff at this time, and Plaintiff

10   therefore sues these defendants, and each of them, by such fictitious names.  Plaintiff is informed

11   and believes, and thereupon alleges, that each of the fictitiously named defendants improperly

12   possesses the property described below or claims a right to possession of such property that is

13   subordinate, subsequent, and junior to that of Plaintiff.  Plaintiff will amend this Complaint to

14   allege the true name and capacities of said defendants when ascertained.  Does 1 through 30 and

15   Borrower are collectively referred to as "Defendants."

16       5.        Plaintiff is informed and believes, and thereupon alleges, Defendants, and each of

17   them, are and acted as the agents, partners, co-venturers, shareholders and alter-egos of each other

18   with respect to the actions alleged herein.

19                **FIRST CAUSE OF ACTION**

20                **(Unlawful Detainer against All Defendants)**

21       6.        Plaintiff incorporates herein by this reference paragraphs 1 through 5 of this

22   Complaint as if set forth in full.

23       7.        This action involves the property commonly described as 1400 36th St.,

24   Sacramento, California 95816 (the "Property").  The Property is a residence.

25       8.        On or about July 2, 2020, the Property was acquired by Plaintiff at a trustee's sale

26   and Plaintiff was issued a Trustee's Deed Upon Sale ("Trustee's Deed").  A true and correct copy

27   of the Trustee's Deed is attached hereto as Exhibit 1 and fully incorporated herein by this

28   reference.

- 2 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

20UD01465

9.       By reason of the Trustee's Deed, Plaintiff is the current and lawful owner of the Property.  Any interest that the prior owner, Borrower, had in the Property was terminated by the foreclosure sale.

10.      On October 9, 2020, Plaintiff caused to be served on Borrower a Three (3) Day Notice to Quit informing Defendants that Plaintiff had foreclosed on the Property and thus any interests in the Property were terminated.  A true and correct copy of the Three (3) Day Notice to Quit with proof of service attached is attached hereto as Exhibit 2 and fully incorporated herein by this reference.

11.      The three-day notice period to quit for Borrower expired on October 14, 2020, following personal service of the 3-Day Notice on Borrower on October 9, 2020.

12.      Possession of the Property was not delivered to Plaintiff within the three-day period set forth above, and Plaintiff is informed and believes, and thereupon alleges, that Defendants continue in possession of the Property without Plaintiff's permission or consent.

13.      Plaintiff is entitled to immediate possession of the Property.

14.      Plaintiff is informed and believes, and thereupon alleges, that Defendants' withholding of possession of the Property from Plaintiff has been willful, deliberate, intentional and obstinate and done with knowledge that any right to possession has been lawfully terminated by Plaintiff's acquisition of the Property at the foreclosure sale and that the withholding of possession is against Plaintiff's will.

15.      Plaintiff is entitled to the reasonable rental value of the Property following the expiration of the three-day period under the 3-Day Notice so long as Defendants remain in possession of the Property.  Plaintiff is informed and believes that the fair market rental value is at least $162.66 per day.  Plaintiff is also entitled to statutory damages pursuant to Code of Civil Procedure Section 1174(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.       For possession of the Property;

2.       For damages against Defendants for the unlawful detention and use of the Property

- 3 -

PLAINTIFF'S VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

**20UD01465**

1  equal to the reasonable rental value of the Property following the expiration of the three-day

2  period under the 3-Day Notice, in an amount equal to at least $162.66 per day;

3      3.    For statutory damages;

4      4.    For costs of suit, including reasonable attorneys' fees if permissible by contract

5  and/or law; and

6      5.    For such other and further relief as the Court may deem proper.

7

8  Dated: October 20, 2020               SNELL & WILMER L.L.P.

9

10                              By: _____

11                                  Eric S. Pezold
                                   Lyndsey A. Torp

12                                  Attorneys for Plaintiff Wilmington Trust,
                                   National Association, Not in Its Individual

13                                  Capacity, But Solely as Trustee of MFRA
                                   Trust 2016-1, a Delaware Statutory Trust

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 4**

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric S. Pezold/Lyndsey A. Torp/Morgan T. Petrelli 255657/261734/331206<br>SNELL & WILMER L.L.P.<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, California 92626<br>TELEPHONE NO.: 714.427.7000  FAX NO.: 714.427.7799<br>E-MAIL ADDRESS: epezold@swlaw.com/ltorp@swlaw.com/mpetrelli@swla<br>ATTORNEY FOR (Name): Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, California 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF/PETITIONER: Wilmintgon Trust, National Association, et al.
DEFENDANT/RESPONDENT: Ikon Homes, Inc., a California corporation, et al.

| NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br>☐ Motor Vehicle  ☒ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☐ Other (specify): | 20UD01465 |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the *Request for Dismissal. (Attach a copy completed by the clerk.)*

Date: May 21, 2021

Lyndsey A. Torp
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)    ► (SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. My residence or business address is:
   600 Anton Blvd., Suite 1400, Costa Mesa, California 92626

2. ☒ I am a resident of or employed in the county where the mailing occurred. I served a copy of the *Notice of Entry of Dismissal and Request for Dismissal* by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. ☐ I deposited the envelope with the United States Postal Service.
   b. ☒ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: May 21, 2021    d. Place of deposit (city and state): Costa Mesa, California
   e. Addressed as follows (name and address):
      See attached service list

3. ☐ I served a copy of the *Notice of Entry of Dismissal and Request for Dismissal* by personally delivering copies as shown below:
   a. Name of person served:
   b. Address at which person served:
   c. On (date):    d. At (time):

4. ☐ I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by electronically serving copies as shown below (complete if electronic service is used based on a court order or agreement of the parties):
   a. Name of person served:
   b. Electronic service address of person served:
   c. On (date):    d. At (time):
   e. Electronic service address from which I served the documents:
   ☐ Proof of electronic service is attached.

5. ☐ Proof of service on additional parties is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 21, 2021

Sandi Martinez
(TYPE OR PRINT NAME)    ► (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-120 [Rev. January 1, 2012] | **NOTICE OF ENTRY OF DISMISSAL<br>AND PROOF OF SERVICE** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

# Snell & Wilmer

600 ANTON BLVD, SUITE 1400
COSTA MESA, CA 92626-7689
714.427.7000 P
714.427.7799 F

**Lyndsey A. Torp**
**(714) 427-7529**
**ltorp@swlaw.com**

May 27, 2021

## VIA FEDERAL EXPRESS

Mr. Gavin Mehl
1400 36th Street
Sacramento, California 95816

> **Re:** *Wilmington Trust, National Association v. Ikon Homes, Inc.*
> **Sacramento Superior Court, Case No. 20UD01465**

Dear Mr. Mehl:

Pursuant to our email correspondence dated May 27, 2021, enclosed is a check in the amount of $345.00 for your costs in the above-referenced action. As agreed, plaintiff is paying you these amounts in exchange for you not filing a memorandum of costs or any other related documents in this action.

Very truly yours,

Snell & Wilmer

Lyndsey A. Torp

LAT:/sem

cc:     Eric Pezold, Esq.

Enclosure

4837-4626-6092.1

ALBUQUERQUE   BOISE   DENVER   LAS VEGAS   LOS ANGELES   LOS CABOS   ORANGE COUNTY
PHOENIX   PORTLAND   RENO   SALT LAKE CITY   SAN DIEGO   SEATTLE   TUCSON   WASHINGTON, D.C.

951599

**Snell & Wilmer L.L.P.**
One Arizona Center
Phoenix, AZ 85004-0001

JPMorgan Chase Bank N.A.
201 N. Central
Phoenix, AZ 85073

91-3-1221

Date: May 26, 2021

Pay: Three hundred forty-five and 00/100*

$ ***345.00***

PAY
TO THE
ORDER OF:

Gavin Mehl

Void after 90 days

⑈000951599⑈ ⑈122100024⑈ 0000105971⑈

| Payee: | Gavin Mehl | | Check #: | 951599 |
| Vendor ID: | 43201 | | Check Date: | May 26/21 |

| Invoice Num | Invoice Date | Reference | Invoice Amount | Discount Taken | Payment Amt |
|---|---|---|---|---|---|
| 052621 | May 26/21 | 78948.00052 | $345.00 | $0.00 | $345.00 |
| | | Totals: | $345.00 | $0.00 | $345.00 |

# EXHIBIT 5

## CONSUMER NOTICE OF DISPUTE
[15 U.S.C. § 1692g(1)(2)(5)(b) and Cal. Civ. Code § 1788]

From: Gavin Mehl                          June 7, 2021
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089
Email: mehlgavin@gmail.com              **SENT FED EX**

To: CSC - LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

℅ Warren Green of PS Funding, Inc., for Wilmington Trust, National
Association, Not in Its Individual Capacity, But Solely as Trustee
of the specified MFRA Trust ("Wilmington")
3500 South Dupont Highway Dover DE 19901

**Gavin Mehl**, pursuant to 15 USC§1692g, Fair Debt Collection
Practices Act ("FDCPA") and Cal. Civ. Code § 1788, the Rosenthal
Fair Debt Collection Practices Act hereby disputes the alleged
debt, Wilmington claims in the above entitled matter. Therefore
this Notice shall be deemed a request/demand for "verification" and
debt validation request as defined by 15 USC 1692g (1)(2)(5)(b) and
Cal. Civ. Code § 1788 et. seq., as combined by 15 U.S.C. § 1692n,
respectively.

Unfortunately, I have no recollection of the alleged debt you
are stating I have an obligation to. It is therefore imperative
that you comply with federal and state law in order for me to
investigate the matter and either determine the debt is valid, or
in the alternative not a valid debt. If the alleged debt is
determined to be valid, otherwise requiring my contractual
performance, I will comply with all elements pursuant to the said
contract and agreement. However, based upon the information
contained herein, I am able to give merit to your demands.

Accordingly, I dispute as to the identity of the true owner
(if any) of this alleged debt, the alleged amount due and owing, I
dispute all signatures appearing on Wilmington's documents, and
Wilmington's alleged authority and capacity to collect and or sue
on behalf of the same. Wilmington is a "debt collector" as that
term is defined by 15 USC§1692a (6). Gavin Mehl is a "consumer" as
that term is defined by 15 USC §1692a (3). Wilmington is attempting

to collect a "household debt" as that term is defined by 15 USC §1692a (5). Consumer disputes the alleged amounts due and owing and demands a <u>full accounting inclusive of each payment made</u>, and or not made from inception.

Accordingly since it appears Wilmington is attempting to collect an alleged debt regarding a Promissory Note and alleged default the Consumer demands the following information be provided in accordance with law;

1. True and correct certified copy of the "genuine original" debt instrument in your possession;
2. The exact amount of alleged principal amount due including all fees, interest, escrow and any other charges calculated in that amount. These calculations must be itemized separately and in a manner easy to read. The verification of the alleged debt must categorically describe the amount of interest charged by you, and from what date, period;
3. Provide a copy of all notices of default that were served, the date(s) the loan was defaulted, the date the loan was matured, (if applicable);
4. Provide documentation that the alleged creditor served notice of acceleration of the debt, the exact amount of default interest that was charged and at what rate it was charged;
5. Please also provide the name, address, telephone number of the alleged original Creditor which you have validated/verified the alleged debt with. If not the original Creditor, the Creditor acting in that capacity. I must be provided this information so I may investigate the matter in case legal action is needed on my part.

Be advised that a failure to provide the specific information "prior to taking any further collection action" may be a violation of law to which I may take legal action against you. Additionally, it is important to note that I intend to satisfy any legal obligation required of me, if your alleged debt proves valid. Therefore the requirements set forth above will ensure both parties are protected.                                        BY FAX

Dated: 06/07/2021                        <u>/s/ :Gavin: Mehl.</u>
                                         Gavin Mehl, Consumer

Gavin Mehl
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089
Email: mehlgavin@gmail.com

# PROOF OF SERVICE

[Pursuant to Cal. Civ. Proc. Code § 1010.6]

1. I am at least 18 years old.
   a.   My home or business address is (specify):

   1400 36th Street.  Sacramento Cal. ~95816

   b.   My Electronic service address is (specify):

   mehlgavin@gmail.com

2. I served the following document (exact titles):

   1) CONSUMER NOTICE OF DISPUTE

3. I served the following documents listed in 2 via FEDEx as follows:

| | |
|---|---|
| a. Name of person served: | To: CSC - LAWYERS INCORPORATING SERVICE |
| b.  Address of Person | 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833 |

4.   On (date):      06/07/2021

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  This declaration was executed at Sacramento California.

Gavin Mehl  - Date 06/07/2021                    /s/ :Gavin: Mehl.        BY FAX
_____            _____
(Type or Print name of Declarant)                      (Autograph of Declarant)

# M Gmail

Gavin Mehl <mehlgavin@gmail.com>

## FW: 939900068819 Your Deliver order
1 message

usa1146@fedex.com <usa1146@fedex.com>
Reply-To: usa1146@fedex.com
To: mehlgavin@gmail.com

Sat, Jun 12, 2021 at 6:44 PM

FedEx Office | Store #1146 | phone 916.515.1306 | fax 916.515.1479

3810 Truxel Rd, Ste 100, Sacramento, CA 95834 | usa1146@fedex.com | fedex.com

From: Demarcus Boyd <demarcus.boyd@fedex.com>
Sent: Friday, June 11, 2021 3:08 PM
To: usa1146 <usa1146@fedex.com>
Subject: 939900068819

| Customer | Address | City | State | Zip Code | Phone | O | O | Precall | Status | Stop Type | ETA | Time Window | Arrival | Departure | Signer | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1146 SACRAMENTO CA MATO | 3810 TRUXEL RD STE 100 | SACRAMENTO | CA | 95834 | 9165151306 | CUS | | Not Considered | Considered | Pickup | | 09:00 AM - 12:00 PM | 11:37 AM | 11:40 AM | | 06/08/2021 |
| JACKIE SHETANA | 2710 GATEWAY OAKS DR SUITE 150N | SACRAMENTO | CA | 95833 | 9172046689 | CUS | | Not Considered | Completed | Delivery | | 09:30 AM - 01:00 PM | 11:51 AM | 11:56 AM | | 06/08/2021 |

Demarcus Boyd|National Dispatch Center| office: 1.877.983.1010

7900 Legacy Drive, Plano, TX 75024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT 6

ELECTRONICALLY

**FILED / ENDORSED**

Superior Court of California
County of Sacramento
Unlawful Detainer Division
06/14/2021
5:00 PM
T. Williams-Jordan - Deputy C

1   SNELL & WILMER L.L.P.
Eric S. Pezold, Bar No. 255657
2   epezold@swlaw.com
Lyndsey A. Torp, Bar No. 261734
3   ltorp@swlaw.com
Morgan T. Petrelli, Bar No. 331206
4   mpetrelli@swlaw.com
600 Anton Blvd, Suite 1400
5   Costa Mesa, California 92626-7689
Telephone:    714.427.7000
6   Facsimile:    714.427.7799

7   Attorneys for Plaintiff Wilmington Trust, National
Association, Not in Its Individual Capacity, But
8   Solely as Trustee of MFRA Trust 2016-1, a Delaware
Statutory Trust

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                       **COUNTY OF SACRAMENTO**

13

14   WILMINGTON TRUST, NATIONAL          Case No. **21UD01125**
ASSOCIATION, NOT IN ITS INDIVIDUAL
15   CAPACITY, BUT SOLELY AS TRUSTEE     **Limited Civil Case**
OF MFRA TRUST 2016-1, A DELAWARE
16   STATUTORY TRUST,                   **[Amount demanded does not exceed
$10,000]**
17              Plaintiff,
**Plaintiff's Verified Complaint for**
18        v.                             **Forcible Detainer**

19   LAURIE HARMS, an individual; GAVIN
MEHL, an individual; DOES 1 through 20,
20   inclusive,

21              Defendants.

22

23

24        Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as

25   Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Plaintiff") hereby alleges as

26   follows:

27                                **VENUE**

28        1.    Venue is proper in this Court pursuant to Code of Civil Procedure section 392(a)(1)

4842-6896-8172

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

BY FAX

1  because the real property that is the subject matter of this action is located in Sacramento County,

2  California.

### PARTIES

4      2.      Plaintiff is, and at all times relevant herein was, a Delaware limited liability

5  company, and duly authorized to conduct business in the State of California.

6      3.      Plaintiff is informed and believes and thereupon alleges that defendant Laurie

7  Harms ("Ms. Harms") is, and at all relevant times herein was, an individual residing in the County

8  of Sacramento, California.

9      4.      Plaintiff is informed and believes and thereupon alleges that defendant Gavin Mehl

10  ("Mr. Mehl") is, and at all relevant times herein was, an individual residing in the County of

11  Sacramento, California.

12      5.      The true names and capacities, whether individual, corporate or otherwise, of

13  defendants DOES 1 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff

14  therefore sues these defendants, and each of them, by such fictitious names. Plaintiff is informed

15  and believes, and thereupon alleges, that each of the fictitiously named defendants improperly

16  possesses the property described below or claims a right to possession of such property that is

17  subordinate, subsequent, and junior to that of Plaintiff. Plaintiff will amend this Complaint to

18  allege the true name and capacities of said defendants when ascertained. Ms. Harms, Mr. Mehl,

19  and Does 1 through 20 are collectively referred to as "Defendants."

20      6.      Plaintiff is informed and believes, and thereupon alleges, Defendants, and each of

21  them, are and acted as the agents, partners, co-venturers, shareholders and alter-egos of each other

22  with respect to the actions alleged herein.

### FIRST CAUSE OF ACTION

#### (Forcible Detainer against All Defendants)

25      7.      Plaintiff incorporates herein by this reference paragraphs 1 through 6 of this

26  Complaint as if set forth in full.

27      8.      This action involves the property commonly described as 1400 36th St.,

28  Sacramento, California 95816 (the "Property"). The Property is a residence.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4842-6896-8172                                          - 2 -

1     9.    On or about July 2, 2020, the Property was acquired by Plaintiff at a trustee's sale

2    and Plaintiff was issued a Trustee's Deed Upon Sale ("Trustee's Deed").  A true and correct copy

3    of the Trustee's Deed is attached hereto as Exhibit 1 and fully incorporated herein by this

4    reference.

5     10.   By reason of the Trustee's Deed, Plaintiff is the current and lawful owner of the

6    Property.

7     11.   On or about July 9, 2020, Plaintiff was in actual, peaceful possession of the

8    Property.

9     12.   On or about August 5, 2020, during the absence of Plaintiff from the Property,

10   Defendants unlawfully entered upon the Property.

11    13.   On May 24, 2021, Plaintiff caused to be served on Defendants a Demand for

12   Surrender demanding Defendants surrender the Property to Plaintiff due to unlawful entry. A true

13   and correct copy of the Demand for Surrender with proofs of service attached is attached hereto as

14   Exhibit 2 and fully incorporated herein by this reference.

15    14.   The five-day notice period to surrender the property expired on June 2, 2021,

16   following posting and mailing of the Demand for Surrender on Ms. Harms and Mr. Mehl on May

17   24, 2021.

18    15.   Since that date, Defendants have forcibly prevented Plaintiff from regaining

19   possession of the Property by, after demand made for the surrender thereof, refusing to surrender

20   the Property to Plaintiff.

21    16.   By such forcible detainer, Plaintiff has been deprived of possession of the Property.

22    17.   Defendants have remained and continue to remain, without Plaintiff's consent, in

23   possession of the Property up to and including the date of the verification of this complaint and

24   are threatening to remain permanently in possession of the Property.

25    18.   The reasonable value for use of the premises is and at all relevant times has been

26   $162.66 per day. Damages have accrued at that daily rate since the date of the forcible detainer

27   and will continue to accrue to Plaintiff at that rate until possession of the premises is restored to

28   plaintiff.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    19.    Defendants, fully knowing the consequences of their actions, acted intentionally

2    and with malice to forcibly detain and deprive Plaintiff of its premises and its contents and

3    therefore Plaintiff is entitled to statutory damages of up to $600 pursuant to Section 1174(b) of the

4    California Code of Civil Procedure.

5                          **PRAYER FOR RELIEF**

6         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

7    1.    For possession of the Property;

8    2.    For damages against Defendants for the forcible detention and use of the Property

9    equal to the reasonable rental value in an amount equal to at least $162.66 per day;

10   3.    For statutory damages;

11   4.    For costs of suit, including reasonable attorneys' fees if permissible by contract

12   and/or law; and

13   5.    For such other and further relief as the Court may deem proper.

14   Dated:  June 2, 2021                    SNELL & WILMER L.L.P.

15

16                                          By: _____

17                                              Eric S. Pezold
                                                Lyndsey A. Torp
                                                Morgan T. Petrelli
18                                              Attorneys for Plaintiff Wilmington Trust,
                                                National Association, Not in Its Individual
19                                              Capacity, But Solely as Trustee of MFRA
                                                Trust 2016-1, a Delaware Statutory Trust

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**EXHIBIT 7**

## CONSUMER NOTICE OF DISPUTE

Gavin Mehl, Consumer, Prospective Plaintiff
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089
Email: mehlgavin@gmail.com

August 5, 2021.                    VIA ELECTRONIC PROOF OF SERVICE

Snell & Wilmer LLP
Lyndsey A. Torp, Bar #261734
ltorp@swlaw.com
% WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF
MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST

| RE: | Notice of Dispute and Intent to Litigate.<br>Request for Dismissal of Case No. 21UD01125,<br>WILMINGTON TRUST, NA vs. LAURIE HARMS, et. al. |
|---|---|

Dear Counselors,

I recently received a complaint filed in the Superior Court of California,
County of Sacramento, Case No. 21UD01125. It included a dunning notice, titled
"DEMAND FOR SURRENDER", to immediately surrender.

What is required of me to satisfy this demand? I am sorry, I do not recall the
debt. I do not understand what I owe or how to pay/satisfy the dunning notice.

This notice will be considered a "communication" within both state and
federal consumer protection laws respectively.

On or about June 8, 2021, Fed Ex served your client's agent for service a
"Consumer Notice of Dispute" under 15 U.S.C. § 1692g(1)(2)(5)(b), FDCPA and
Cal. Civ. Code § 1788 California Rosenthal Act (hereinafter "CRA") as EXHIBIT
A, fully incorporated by reference.

Gavin Mehl

15 U.S.C. § 1692g ("(b) provides in a pertinent part:

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

As of the date of this communication, no response has been provided to the "Consumer Notice of Dispute" in Exhibit A.

THEREFORE, it appears that by filing Case No. 21UD01125 on June 14, 2021, the debt collector did not cease collection of the debt.

Based upon the information contained in the dunning notice, and my lack of knowledge of an established business relationship, and or written contract with your company, your alleged debt is herby disputed in its entirety, including all amounts alleged to be due and owing.

Be advised the above-named person is a "consumer" as that term is defined in 15 USC§1692a(3), and CRA 1788.2(g)(h).

Upon information and belief, your company is attempting to collect "debt" pursuant to 15 USC§1692a(5), CRA 1788.2(f).

Upon information and belief, your company was assigned the debt in default solely for the purpose of facilitating the collection of such debt for another.

THEREFORE, you are not a "creditor" as defined in 15 USC§1692a(4), CRA 1788.2(i).

Notwithstanding you and your client's company are considered "debt collectors" as defined by 15 USC§1692a(6), CRA §1788.2(c), as amended by SB

187 on October 07, 2019, which removed the exception for an attorney or counselor at law from the definition of debt collector.

In light of this fact, you are required to comply with all state and federal consumer protection laws accordingly.

In conclusion, should your "debt collection" firm as defined in Cal. Civ. Code § 1788.2(b) not Dismiss Case No. 21UD01125 and continue collection of the alleged debt in any manner, prior to complying with the consumer protection statutes of this state and federal laws, a separate suit may be filed against you without further notice.

Dated: August 5, 2021                         Respectfully Submtted,

By: Gavin Mehl.
_____

            Gavin Mehl
            Consumer, Prospective Plaintiff

Gavin Mehl

# EXHIBIT A

**M Gmail**

Gavin Mehl <mehlgavin@gmail.com>

## FW: 939900068819 Your Deliver order
1 message

usa1146@fedex.com <usa1146@fedex.com>
Reply-To: usa1146@fedex.com
To: mehlgavin@gmail.com

Sat, Jun 12, 2021 at 6:44 PM

FedEx Office | Store #1146 | phone 916.515.1306 | fax 916.515.1479

3810 Truxel Rd, Ste 100, Sacramento, CA 95834 | usa1146@fedex.com | fedex.com

From: Demarcus Boyd <demarcus.boyd@fedex.com>
Sent: Friday, June 11, 2021 3:08 PM
To: usa1146 <usa1146@fedex.com>
Subject: 939900068819

| | Name | Address | | City | State | Zip | Phone | Item | Qty | Not Completed | Completed | Ship type | ETA | Time Window | Started | Dropped | Signed | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| THIS PACKAGE IS A LATE PACKAGE A DELIVERED | PROOF NEEDS NO STOP | 3710 GATEWAY OAKS DR SUITE 150N | | SACRAMENTO | CA | 95833 | 9172908099 | 0.85 | | | Completed | Delivery | | 09:30 AM - 01:09 PM | 11:51 AM | 11:56 AM | | 06/08/2021 |

Demarcus Boyd|National Dispatch Center| office: 1.877.983.1010

7900 Legacy Drive, Plano, TX 75024



**Secretary of State**

**Registered Corporate Agent for Service of Process Certificate**

(Registered Corporations ONLY)

**1505**

# FILED

**Secretary of State**
**State of California**

A0852950

Filing Number

02/10/2021

Filing Date

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

**Filing Fee — $30.00**

**Copy Fees** — First page $1.00; each attachment page $0.50; Certification Fee - $5.00 plus copy fees

**Who Can File?** Any **active** corporation that is registered with the California Secretary of State can file this Form 1505 to become authorized to be a corporate agent for service of process for other business entities that are registered with the Secretary of State. To check the status of your corporation, and to ensure you are entering the **exact** name of the corporation and the **correct** 7-digit Secretary of State file number, go to BusinessSearch.sos.ca.gov.

**1. Corporate Name** (Enter the exact name of the corporation as it is recorded with the California Secretary of State.)

CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE

**2. 7-Digit Secretary of State Entity Number**

C1592199

**3. Address for Service of Process**

(Enter the complete street address in California of the office where any entity that named your corporation as agent for service of process may be served with process.)

Do not enter a P.O. Box or "in care of" an individual or entity.

| Street Address - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2710 Gateway Oaks Drive, Suite 150N | Sacramento | CA | 95833 |

**4. Authorized Employees**

(Enter the names of all persons employed by your corporation who are authorized to accept delivery of any copy of service of process, at the address entered in Item 3 above, on any entity who has designated your corporation as its agent for service of process. Must enter at least 1 person. If there are more than 3, see Instructions.)

| a. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
|---|---|---|---|
| See attached list | | | |
| b. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |
| c. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |

**5. Statement of Consent** (Do not alter the Statement of Consent.)

This corporation consents that delivery of a copy of service of process to an authorized employee at the address designated in item 3 shall constitute delivery of any such copy to the corporation, as the agent for service of process.

**6. Read and Sign Below** (See Instructions. Office or title not required. Do not use a computer generated signature.)

I am a corporate officer and am authorized to sign on behalf of the corporation.

Signature

Jackie Smetana, Executive Vice President
Type or Print Name

1505 (REV 12/2020)

2020 California Secretary of State

## CONSUMER NOTICE OF DISPUTE
[15 U.S.C. § 1692g(1)(2)(5)(b) and Cal. Civ. Code § 1788]

From: Gavin Mehl                                          June 7, 2021
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089
Email: mehlgavin@gmail.com                      **SENT FED EX**

To: CSC – LAWYERS INCORPORATING SERVICE
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

% Warren Green of PS Funding, Inc., for Wilmington Trust, National
Association, Not in Its Individual Capacity, But Solely as Trustee
of the specified MFRA Trust ("Wilmington")
3500 South Dupont Highway Dover DE 19901

**Gavin Mehl**, pursuant to 15 USC§1692g, Fair Debt Collection
Practices Act ("FDCPA") and Cal. Civ. Code § 1788, the Rosenthal
Fair Debt Collection Practices Act hereby disputes the alleged
debt, Wilmington claims in the above entitled matter. Therefore
this Notice shall be deemed a request/demand for "verification" and
debt validation request as defined by 15 USC 1692g (1)(2)(5)(b) and
Cal. Civ. Code § 1788 et. seq.,  as combined by 15 U.S.C. § 1692n,
respectively.

Unfortunately, I have no recollection of the alleged debt you
are stating I have an obligation to. It is therefore imperative
that you comply with federal and state law in order for me to
investigate the matter and either determine the debt is valid, or
in the alternative not a valid debt. If the alleged debt is
determined to be valid, otherwise requiring my contractual
performance, I will comply with all elements pursuant to the said
contract and agreement. However, based upon the information
contained herein, I am able to give merit to your demands.

Accordingly, I dispute as to the identity of the true owner
(if any) of this alleged debt, the alleged amount due and owing, I
dispute all signatures appearing on Wilmington's documents, and
Wilmington's alleged authority and capacity to collect and or sue
on behalf of the same. Wilmington is a "debt collector" as that
term is defined by 15 USC§1692a (6). Gavin Mehl is a "consumer" as
that term is defined by 15 USC §1692a (3). Wilmington is attempting

to collect a "household debt" as that term is defined by 15 USC §1692a (5). Consumer disputes the alleged amounts due and owing and demands a <u>full accounting inclusive of each payment made</u>, and or not made from inception.

Accordingly since it appears Wilmington is attempting to collect an alleged debt regarding a Promissory Note and alleged default the Consumer demands the following information be provided in accordance with law;

1. True and correct certified copy of the "genuine original" debt instrument in your possession;
2. The exact amount of alleged principal amount due including all fees, interest, escrow and any other charges calculated in that amount. These calculations must be itemized separately and in a manner easy to read. The verification of the alleged debt must categorically describe the amount of interest charged by you, and from what date, period;
3. Provide a copy of all notices of default that were served, the date(s) the loan was defaulted, the date the loan was matured, (if applicable);
4. Provide documentation that the alleged creditor served notice of acceleration of the debt, the exact amount of default interest that was charged and at what rate it was charged;
5. Please also provide the name, address, telephone number of the alleged original Creditor which you have validated/verified the alleged debt with. If not the original Creditor, the Creditor acting in that capacity. I must be provided this information so I may investigate the matter in case legal action is needed on my part.

Be advised that a failure to provide the specific information "prior to taking any further collection action" may be a violation of law to which I may take legal action against you. Additionally, it is important to note that I intend to satisfy any legal obligation required of me, if your alleged debt proves valid. Therefore the requirements set forth above will ensure both parties are protected.                                             BY FAX

Dated: 06/07/2021                      <u>/s/ :Gavin: Mehl.</u>
                                       Gavin Mehl, Consumer

CONSUMER NOTICE OF DISPUTE
-2-

Gavin Mehl
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089
Email: mehlgavin@gmail.com

## PROOF OF SERVICE

[Pursuant to Cal. Civ. Proc. Code § 1010.6]

1. I am at least 18 years old.
    a. My home or business address is (specify):

    | 1400 36th Street. Sacramento Cal. ~95816 |
    |---|

    b. My Electronic service address is (specify):

    | mehlgavin@gmail.com |
    |---|

2. I served the following document (exact titles):

    | 1) CONSUMER NOTICE OF DISPUTE |
    |---|

3. I served the following documents listed in 2 via FEDEx as follows:

    | a. Name of person served: | TO: CSC - LAWYERS INCORPORATING SERVICE |
    |---|---|
    | b. Address of Person | 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833 |

    4. On (date):    06/07/2021

    I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed at Sacramento California.

    Gavin Mehl - Date 06/07/2021                 /s/ :Gavin: Mehl.      BY FAX

    (Type or Print name of Declarant)                 (Autograph of Declarant)

**From:** Gavin Mehl mehlgavin@gmail.com
**Subject:** please print these, sign and scan
**Date:** August 5, 2021 at 7:53 PM
**To:** Zeke Layman zeke@powerpolitics.com



| | **POS-050/EFS-050** |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.<br>NAME: GAVIN MEHL<br>FIRM NAME: GAVIN MEHL<br>STREET ADDRESS: 1400 36TH ST<br>CITY: SACRAMENTO     STATE: CA   ZIP CODE: 95816<br>TELEPHONE NO.: (917) 304-6089     FAX NO:<br>E-MAIL ADDRESS: mehlgavin@gmail.com<br>ATTORNEY FOR (name): In Pro Per | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 301 BICENTENNIAL CIR<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SACRAMENTO, CA 95826<br>BRANCH NAME: SACRAMENO - CAROL MILLER | |
| PLAINTIFF/PETITIONER: WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST. | CASE NUMBER:<br>21UD1125 |
| DEFENDANT/RESPONDENT: LAURIE HARMS, ET AL | JUDICIAL OFFICER: |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>BB |

1. I am at least 18 years old.

   a. My residence or business address is (specify):
   6640 Bush Way
   Carmichael, Ca 95608

   b. My electronic service address is (specify):
   zeke@powerpolitics.com

2. I electronically served the following documents (exact titles):
   1) CONSUMER NOTICE OF DISPUTE

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: LINDSEY A. TORP

   On behalf of (name or names of parties represented, if person served is an attorney):
   WILMINGTON TRUST, NATIONAL ASSOCIATION, et. al.

   b. Electronic service address of person served :
   ltorp@swlaw.com

   c. On (date): 08/05/2021

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
   (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: 08/05/2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Zeke Layman**
(TYPE OR PRINT NAME OF DECLARANT)     (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1. 2017]   **PROOF OF ELECTRONIC SERVICE**
(Proof of Service/Electronic Filing and Service)   Cal. Rules of Court, rule 2.251
www.courts.ca.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 8**

1   Eric S. Pezold, Bar No. 255657
    epezold@swlaw.com
2   Lyndsey A. Torp, Bar No. 261734
    ltorp@swlaw.com
3   Morgan T. Petrelli, Bar No. 331206
    mpetrelli@swlaw.com
4   SNELL & WILMER L.L.P.
    600 Anton Blvd, Suite 1400
5   Costa Mesa, California 92626-7689
    Telephone:    714.427.7000
6   Facsimile:    714.427.7799

7   Attorneys for Plaintiff Wilmington Trust, National
    Association, Not in Its Individual Capacity, But
8   Solely as Trustee of MFRA Trust 2016-1, a Delaware
    Statutory Trust
9

10                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                          **COUNTY OF SACRAMENTO**

12

13   WILMINGTON TRUST, NATIONAL            Case No. 21UD01125
     ASSOCIATION, NOT IN ITS INDIVIDUAL
14   CAPACITY, BUT SOLELY AS TRUSTEE       **Limited Civil Case**
     OF MFRA TRUST 2016-1, A DELAWARE
15   STATUTORY TRUST,                      **[Amount demanded does not exceed
                                           $10,000]**
16                  Plaintiff,
                                           **Plaintiff's Response to Defendant Gavin
17         v.                              Mehl's Request for Admissions, Set One**

18   LAURIE HARMS, an individual; GAVIN
     MEHL, an individual; DOES 1 through 20,
19   inclusive,

20                  Defendants.

21

22   PROPOUNDING PARTY:          Defendant Gavin Mehl

23   RESPONDING PARTY:           Plaintiff Wilmington Trust, National Association, Not in Its

24                               Individual Capacity, But Solely as Trustee of MFRA Trust

25                               2016-1, a Delaware Statutory Trust

26   SET NO.:                    One

27   / / /

28   / / /

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

PLAINTIFF'S RESPONSE TO DEFENDANT GAVIN MEHL'S REQUEST FOR ADMISSIONS, SET ONE

Plaintiff Wilmington Trust, National Association, Not in Its Individual Capacity, But

Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Plaintiff") responds to

Defendant Gavin Mehl's ("Mr. Mehl") Request for Admissions, Set One, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purposes of this action. Plaintiff provides

responses to all of Mr. Mehl's Request for Admissions, Set One, to the extent that information

has become known to it. However, Plaintiff's discovery, investigation, and preparation for trial of

this matter has not been completed as of the date of these responses, and therefore, Plaintiff does

not purport to state anything more than information currently known and discovered by it.

This preliminary statement is incorporated into each and every response set forth below.

## RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that the total amount of damages you are seeking to recover as of August 5, 2020,

amounts to greater than $59,208.24 (fifty-nine thousand two hundred and eight dollars and

twenty-four cents), as alleged in paragraph's 12 and 18 of the complaint on file herein.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Admit.

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU contend "*On or about July 2, 2020, the Property was acquired by*

*Plaintiff at a trustee's sale and Plaintiff was issued a Trustee's Deed Upon Sale ("Trustee's*

*Deed*"), as alleged in paragraph 9 of the complaint on file herein.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Admit.

## REQUEST FOR ADMISSION NO. 3:

Admit that YOU contend to have Paid $1,199,900.00, as alleged in paragraph 9

(Exhibit 1) of the complaint on file herein.

- 6 -

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2     Admit that Plaintiff purchased the property for $1,199,900.00 by credit bid.

3

4 **REQUEST FOR ADMISSION NO. 4:**

5     Admit that YOU filed Case Number 20UD01465 in the SUPERIOR COURT OF THE

6 STATE OF CALIFORNIA, COUNTY OF SACRAMENTO on October 28, 2020.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

8     Admit.

9

10 Dated: August 19, 2021           SNELL & WILMER L.L.P.

11

12           By: _____

Eric S. Pezold
13     Lyndsey A. Torp
Morgan T. Petrelli
14     Attorneys for Plaintiff Wilmington Trust,
National Association, Not in Its Individual
15     Capacity, But Solely as Trustee of MFRA
Trust 2016-1, a Delaware Statutory Trust

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

## VERIFICATION

2  I have read the foregoing Plaintiff's Response to Defendant Gavin Mehl's Request for

3 Admissions, Set One, and know its contents.

4  I am an asset manager for PS Funding, Inc., the master servicer for Wilmington Trust,

5 National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-

6 1, a Delaware Statutory Trust, Plaintiff in this action, and I am authorized to provide this

7 verification on its behalf. I have reviewed the statements contained in the foregoing document

8 and I declare under penalty of perjury under the laws of the State of California that I believe the

9 statements therein to be true and correct.

10  Executed on August 18, 2021, at South Pasadena, California

11

12             Warren Green

13 4847-5349-0165

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 93626-7689

PLAINTIFF'S RESPONSE TO DEFENDANT GAVIN MEHL'S REQUEST FOR ADMISSIONS, SET ONE

1  *WILMINGTON TRUST, NATIONAL ASSOCIATION v. IKON HOMES, INC.*
   Sacramento Superior Court, Case No. 20UD01465

2

3                              **PROOF OF SERVICE**

4          I am employed in the County of Orange, State of California.  I am over the age of 18 and
   not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa

5  Mesa, CA  92626-7689.

6          On August 19, 2021, I served, in the manner indicated below, the foregoing document
   described as **PLAINTIFF'S RESPONSE TO DEFENDANT GAVIN MEHL'S REQUEST**

7  **FOR ADMISSIONS, SET ONE** on the interested parties in this action by placing true copies
   thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

8                            *See the attached Service List*

9      ☒   BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States

10          mail at Costa Mesa, California, with postage thereon fully prepaid.  I am readily
            familiar with the firm's practice of collection and processing correspondence for

11          mailing.  It is deposited with the United States Postal Service each day and that practice
            was followed in the ordinary course of business for the service herein attested to

12          (C.C.P. § 1013(a)).

13     ☐   BY ELECTRONIC MAIL/E-SERVICE:  My office caused such document(s) to be
            delivered electronically to the following email address:

14

15     ☐   BY OVERNIGHT DELIVERY:  I caused such envelope to be delivered by air courier,
            with next day service, to the offices of the addressee(s).

16          (C.C.P. § 1013(c)(d)).

17     ☐   BY PERSONAL SERVICE:  I caused such envelopes to be delivered by hand to the
            offices of the addressees. (C.C.P. § 1011(a)(b)).

18

19          I declare under penalty of perjury under the laws of the State of California that the above
   is true and correct.Executed on August 19, 2021, at Costa Mesa, California.

20

21                                        *Sandi Martinez*

22                                        Sandi Martinez

23

24

25

26

27

28

   4841-9695-4845                              1

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BOULEVARD, SUITE 1400
COSTA MESA, CALIFORNIA  92626-7689

1    *WILMINGTON TRUST, NATIONAL ASSOCIATION v. IKON HOMES, INC.*
2    Sacramento Superior Court, Case No. 20UD01465

3                              **SERVICE LIST**

4

5    Gavin Mehl                                        Defendant
     1400 36th St.
6    Sacramento, California 95816

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**EXHIBIT 9**

ELECTRONICALLY

**FILED / ENDORSED**

Superior Court of California
County of Sacramento
Unlawful Detainer Division
08/23/2021
9:00 AM
J. McBroom - Deputy Clerk

1  SNELL & WILMER L.L.P.
   Eric S. Pezold, Bar No. 255657
2  epezold@swlaw.com
   Lyndsey A. Torp, Bar No. 261734
3  ltorp@swlaw.com
   Morgan T. Petrelli, Bar No. 331206
4  mpetrelli@swlaw.com
   600 Anton Blvd, Suite 1400
5  Costa Mesa, California 92626-7689
   Telephone:     714.427.7000
6  Facsimile:     714.427.7799

7  Attorneys for Plaintiff Wilmington Trust, National
   Association, Not in Its Individual Capacity, But
8  Solely as Trustee of MFRA Trust 2016-1, a Delaware
   Statutory Trust

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                        **COUNTY OF SACRAMENTO**

13

14  WILMINGTON TRUST, NATIONAL            Case No. 21UD01125
    ASSOCIATION, NOT IN ITS INDIVIDUAL
15  CAPACITY, BUT SOLELY AS TRUSTEE       **Limited Civil Case**
    OF MFRA TRUST 2016-1, A DELAWARE
16  STATUTORY TRUST,                      **[Amount demanded does not exceed
                                          $10,000]**
17               Plaintiff,
                                          **Plaintiff's Verified First Amended
18        v.                              Complaint for Forcible Detainer**

19  LAURIE HARMS, an individual; GAVIN
    MEHL, an individual; JOHN MEHL, an                          BY FAX
20  individual; DALE NORMAN HARMS, an
    individual; SELLAM ISMAIL, an individual;
21  RON CUPP, an individual; CYNTHIA
    CHIDESTER, an individual; DOES 3 through
22  20, inclusive,

23               Defendants.

24

25        Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as

26  Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Plaintiff") hereby alleges as

27  follows:

28  ///

4826-1698-5589

21UD01125

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA, 92626-1669

### VENUE

1.     Venue is proper in this Court pursuant to Code of Civil Procedure section 392(a)(1) because the real property that is the subject matter of this action is located in Sacramento County, California.

### PARTIES

2.     Plaintiff is, and at all times relevant herein was, Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust.

3.     Plaintiff is informed and believes and thereupon alleges that defendant Laurie Harms ("Ms. Harms") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

4.     Plaintiff is informed and believes and thereupon alleges that defendant Gavin Mehl ("Mr. Gavin Mehl") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

5.     Plaintiff is informed and believes and thereupon alleges that defendant John Mehl ("Mr. John Mehl") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

6.     Plaintiff is informed and believes and thereupon alleges that defendant Dale Norman Harms ("Mr. Harms") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

7.     Plaintiff is informed and believes and thereupon alleges that defendant Sellam Ismail ("Mr. Ismail") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

8.     Plaintiff is informed and believes and thereupon alleges that defendant Ron Cupp ("Mr. Cupp") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

9.     Plaintiff is informed and believes and thereupon alleges that defendant Cynthia Chidester ("Ms. Chidester") is, and at all relevant times herein was, an individual residing in the County of Sacramento, California.

10.     The true names and capacities, whether individual, corporate or otherwise, of defendants DOES 3 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues these defendants, and each of them, by such fictitious names. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants improperly possesses the property described below or claims a right to possession of such property that is subordinate, subsequent, and junior to that of Plaintiff. Plaintiff will amend this Complaint to allege the true name and capacities of said defendants when ascertained. Ms. Harms, Mr. Gavin Mehl, Mr. John Mehl, Mr. Harms, Mr. Ismail, Mr. Cupp, and Ms. Chidester and Does 3 through 20 are collectively referred to as "Defendants."

11.     Plaintiff is informed and believes, and thereupon alleges, Defendants, and each of them, are and acted as the agents, partners, co-venturers, shareholders and alter-egos of each other with respect to the actions alleged herein.

## FIRST CAUSE OF ACTION

### (Forcible Detainer against All Defendants)

12.     Plaintiff incorporates herein by this reference paragraphs 1 through 11 of this Complaint as if set forth in full.

13.     This action involves the property commonly described as 1400 36th St., Sacramento, California 95816 (the "Property"). The Property is a residence.

14.     On or about July 2, 2020, the Property was acquired by Plaintiff at a trustee's sale and Plaintiff was issued a Trustee's Deed Upon Sale ("Trustee's Deed"). A true and correct copy of the Trustee's Deed is attached hereto as Exhibit 1 and fully incorporated herein by this reference.

15.     By reason of the Trustee's Deed, Plaintiff is the current and lawful owner of the Property.

16.     On or about July 9, 2020, Plaintiff was in actual, peaceful possession of the Property.

17.     On or about August 5, 2020, during the absence of Plaintiff from the Property, Defendants unlawfully entered upon the Property.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR FORCIBLE DETAINER

1       18.     On May 24, 2021, Plaintiff caused to be served on Mr. Gavin Mehl, Ms. Mehl, and

2   any other individuals in possession a Demand for Surrender demanding the surrender of the

3   Property to Plaintiff due to unlawful entry. A true and correct copy of the Demand for Surrender

4   with proofs of service attached is attached hereto as Exhibit 2 and fully incorporated herein by this

5   reference.

6       19.     The five-day notice period to surrender the property expired on June 2, 2021,

7   following posting and mailing of the Demand for Surrender on May 24, 2021.

8       20.     Since that date, Defendants, including Ms. Harms and Mr. Gavin Mehl, have

9   forcibly prevented Plaintiff from regaining possession of the Property by, after demand made for

10  the surrender thereof, refusing to surrender the Property to Plaintiff.

11      21.     On August 4, 2021, Plaintiff caused to be served on Mr. John Mehl, Mr. Harms,

12  and any other individuals in possession a Demand for Surrender demanding the surrender of the

13  Property to Plaintiff due to unlawful entry. A true and correct copy of the Demand for Surrender

14  with proofs of service attached is attached hereto as Exhibit 3 and fully incorporated herein by this

15  reference.

16      22.     The five-day notice period to surrender the property expired on August 11, 2021,

17  following posting and mailing of the Demand for Surrender on August 4, 2021.

18      23.     Since that date, Defendants, including Mr. John Mehl and Mr. Harms, have

19  forcibly prevented Plaintiff from regaining possession of the Property by, after demand made for

20  the surrender thereof, refusing to surrender the Property to Plaintiff.

21      24.     By such forcible detainer, Plaintiff has been deprived of possession of the Property.

22      25.     Defendants have remained and continue to remain, without Plaintiff's consent, in

23  possession of the Property up to and including the date of the verification of this complaint and

24  are threatening to remain permanently in possession of the Property.

25      26.     The reasonable value for use of the premises is and at all relevant times has been

26  $162.66 per day. Damages have accrued at that daily rate since the date of the forcible detainer

27  and will continue to accrue to Plaintiff at that rate until possession of the premises is restored to

28  plaintiff.

1    27.    Defendants, fully knowing the consequences of their actions, acted intentionally

2  and with malice to forcibly detain and deprive Plaintiff of its premises and its contents and

3  therefore Plaintiff is entitled to statutory damages of up to $600 pursuant to Section 1174(b) of the

4  California Code of Civil Procedure.

5                                    **PRAYER FOR RELIEF**

6         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

7         1.    For possession of the Property;

8         2.    For damages against Defendants for the forcible detention and use of the Property

9  equal to the reasonable rental value in an amount equal to at least $162.66 per day;

10        3.    For statutory damages;

11        4.    For costs of suit, including reasonable attorneys' fees if permissible by contract

12  and/or law; and

13        5.    For such other and further relief as the Court may deem proper.

14  Dated:  August 20, 2021                    SNELL & WILMER L.L.P.

15

16                                    By: _____
                                          Eric S. Pezold
17                                        Lyndsey A. Torp
                                          Morgan T. Petrelli
18                                        Attorneys for Plaintiff Wilmington Trust,
                                          National Association, Not in Its Individual
19                                        Capacity, But Solely as Trustee of MFRA
                                          Trust 2016-1, a Delaware Statutory Trust

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

I, Warren Green, an Asset Manager for PS Funding, Inc., itself the Master Servicer for Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust, and I am authorized to provide this verification on its behalf.  I have read the foregoing **Plaintiff's Verified First Amended Complaint for Forcible Detainer** and declare under penalty of perjury under the laws of the State of California that the foregoing is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters I believe them to be true.

Executed on August 20, 2021, at South Pasadena, California.

_____
Warren Green

4826-1698-5589

# EXHIBIT 10

 Gmail

**Gavin Mehl
<mehlgavin@gmail.com>**

---

# Fwd: Automatic reply: 21UD1125 WILMINGTON v HARMS - ANSWER - POS

2 messages

---

**Zeke Layman**
<zeke@powerpolitics.com>
To: Gavin Mehl <mehlgavin@gmail.com>

Tue, Oct 12, 2021 at
4:59 PM

Begin forwarded message:

**From:** "Torp, Lyndsey"
<ltorp@swlaw.com>
**Subject: Automatic reply: 21UD1125
WILMINGTON v HARMS - ANSWER -
POS**
**Date:** October 12, 2021 at 4:54:32 PM
PDT
**To:** Zeke Layman
<zeke@powerpolitics.com>

You are receiving this automated response to advise you that Lyndsey Torp is no longer with Snell & Wilmer. Please be aware that communications sent to this email address will not be monitored by Snell & Wilmer, and that this is the only automated response you will receive regarding this email address. If you need immediate assistance, please contact Eric Pezold | epezold@swlaw.com<mailto: epezold@swlaw.com> | 714.427.7414. Alternatively, if another individual from Snell & Wilmer can assist you, please do not hesitate to communicate directly with that individual via our general number 714.427.7000.

---

**Gavin Mehl**        Tue, Oct 12, 2021 at 10:47
<mehlgavin@gmail.com>        PM
To: Ron Cupp <roncupp.law.research@gmail.com>

Ron,

Opposing counsel was let go
[Quoted text hidden]

**EXHIBIT 11**

October 7, 2021

LexisNexis Risk Solutions
P.O. Box 105108
Atlanta, GA 30348-5108
CERT 7020 3160 0001 0360 1307

TransUnion
P.O. BOX 2000
Chester, PA 19016
CERT 7020 3160 0001 0360 1321

Equifax Information Services LLC
PO Box 740241
Atlanta, GA 30374-0241
CERT 7020 3160 0001 0360 1314

Experian
PO Box 9701
Allen, TX 75013
CERT 7020 3160 0001 0360 1338

Innovis Consumer Assistance
PO BOX 1640
PITTSBURGH, PA 15230-1640
CERT 7020 3160 0001 0360 1345

Eric S. Pezold, Bar No. 255657
Lyndsey A. Torp, Bar No. 261734
Morgan T. Petrelli, Bar No. 331206
SNELL & wilmer, L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
CERT 7020 3160 0001 0360 1352

Attorney's for WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA
TRUST 2016-1, A DELAWARE STATUTORY TRUST

SUBJECT:              CREDIT REPORT AND DEBT DISPUTE

CONSUMER:           Ronald Vernon Cupp
DRIVERS LICENCE #: Nxxxxxxxx
STATE:              California
DOB:                xxxxxxxxx

Mailing Address:     150 Raley Town Center Ste 2512
                     Rohnert Park, California [94928]

**GENTLEMEN:**

I AM DISPUTING THE FOLLOWING ITEMS.
PLEASE ***REMOVE*** THE FOLLOWING INCORRECT INFORMATION.

## CREDIT ITEMS: INSTALLMENT/REVOLVING/PUBLIC RECORDS:

- SUPERIOR COURT OF THE STATE OF CALIFORNIA
- FOR THE COUNTY OF SACRAMENTO
- ACCT/CASE: 21UD01125
- WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
  INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA
  TRUST 2016-1, A DELAWARE STATUTORY TRUST,
      Plaintiff(s),      vs.

- LAURIE HARMS, an individual; GAVIN MEHL, an individual; JOHN
  MEHL, an individual; DALE NORMAN HARMS, an individual; SELLAM
  ISMAIL, an individual; RON CUPP, an individual; CYNTHIA
  CHIDESTER, an individual; DOES 3 through 20, inclusive,

      Defendants.

- ADDRESS ASSOCIATED: 1400 36TH ST.
                    SACRAMENTO, CA 95816

## COMMENTS:

*This account is not mine. I have no knowledge of it, no legal obligation for it and
no information as to its origin.*
*There is no valid police report or fraud affidavit possible and no information or
documentation in my possession.*

Please provide me with a description of the investigation procedure for all items.
Please provide me with the source of information for all items.
Please send me all information in my ***consumer*** **FILE**.
Please send me an updated copy of my credit report, after these dispute
adjustments.
Please send me a copy of the **ACDV** forms sent to the furnishers and the return
forms, **AUDs**, received back by you.

Thank you for your cooperation in advance.

Respectfully

Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
ronc2009@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 12**

October 7, 2021

LexisNexis Risk Solutions Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108
866-897-8126 *Accessibility@lexisnexisrisk.com*.
CERTIFIED 7019 1120 0000 3920 6739

Equifax Information Services LLC
PO Box 740241
Atlanta, GA 30374-0241
CERTIFIED 7019 1120 0000 3920 6753

TransUnion
P.O. BOX 2000
Chester, PA 19016
(800) 888-4213
CERTIFIED 7013 1120 0000 3920 6760

Experian
PO Box 9701
Allen, TX 75013
(888) 397-3742
CERTIFIED 7019 1120 0000 3920 6784

Innovis Consumer Assistance
PO BOX 1640
PITTSBURGH, PA 15230-1640
866-712-0021
CERTIFIED 7019 1120 0000 3920 6777

SUBJECT:          CREDIT REPORT DISPUTE

CONSUMER:          GAVIN GREGORY MEHL
DRIVERS LICENCE #: xxxxxxxxx
STATE:             California
DOB:               xxxxxxxxxx

Resident Address:  1400 36th St. Sacramento, California ~95816
Mailing Address:   SAME

**GENTLEMEN:**

I AM DISPUTING THE FOLLOWING ITEMS.
PLEASE ***REMOVE*** THE FOLLOWING INCORRECT INFORMATION.

## CREDIT ITEMS: INSTALLMENT/REVOLVING/PUBLIC RECORDS:

- SUPERIOR COURT OF THE STATE OF CALIFORNIA
  FOR THE COUNTY OF SACRAMENTO
- ACCT/CASE: 20UD01465, 21UD01125
  WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS
  INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA
  TRUST 2016-1, A DELAWARE STATUTORY TRUST,
        Plaintiff(s),    vs.

  IKON HOMES, INC., LAURIE HARMS, an individual; GAVIN MEHL, an
  individual; JOHN MEHL, an individual; DALE NORMAN HARMS, an
  individual; SELLAM ISMAIL, an individual; RON CUPP, an individual;
  CYNTHIA CHIDESTER, an individual; DOES 3 through 20, inclusive,
        Defendants.

## COMMENTS:

*This account is not mine. I have no knowledge of it, no legal obligation for it and
no information as to its origin.*
*There is no valid police report or fraud affidavit possible and no information or
documentation in my possession.*

Please provide me with a description of the investigation procedure for all items.
Please provide me with the source of information for all items.
Please send me all information in my ***consumer*** **FILE**.
Please send me an updated copy of my credit report, after these dispute
adjustments.
Please send me a copy of the **ACDV** forms sent to the furnishers and the return
forms, **AUDs**, received back by you.

Thank you for your cooperation in advance.

Respectfully,

                         /s/: Gavin: Mehl.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 13**

1   Gavin Mehl
    1400 36th St.
2   Sacramento, Cal. ~95816
3   Emergency Cell Phone: (917) 304-6089
    Email: mehlgavin@gmail.com
4
5   Defendant *In Propria Persona*

FILED/ENDORSED

OCT 1 8 2021

By I. Lewis, Deputy Clerk

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SACRAMENTO

10  WILMINGTON TRUST, NATIONAL          Case No.: 21UD01125
    ASSOCIATION, NOT IN ITS
11  INDIVIDUAL CAPACITY, BUT SOLELY     **CONSUMER NOTICE OF DISPUTE**
    AS TRUSTEE OF MFRA TRUST 2016-1,
12  A DELAWARE STATUTORY TRUST,         [Action filed   : June 14, 2021]

13                  Plaintiff(s),

14          vs.

15
    LAURIE HARMS, an individual; GAVIN
16  MEHL, an individual; JOHN MEHL, an
    individual; DALE NORMAN HARMS, an
17  individual; SELLAM ISMAIL, an
    individual; RON CUPP, an individual;
18  CYNTHIA CHIDESTER, an individual;
    DOES 3 through 20, inclusive,
19

20                  Defendants.

21

22      TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

23  I recently received a complaint filed in the Superior Court of California, County of Sacramento,
24
    Case No. 21UD01125. It included a dunning notice, titled "DEMAND FOR SURRENDER", to
25  immediately surrender.
26

27      What is required of me to satisfy this demand? I am sorry, I do not recall the debt. I do
28  not understand what I owe or how to pay/satisfy the dunning notice.

1
2    This notice will be considered a "communication" within both state and federal consumer
3    protection laws respectively.

4    On or about June 8, 2021, Fed Ex served your client's agent for service a "Consumer
5    Notice of Dispute" under 15 U.S.C. § 1692g(1)(2)(5)(b), FDCPA and Cal. Civ. Code § 1788
6    California Rosenthal Act (hereinafter "CRA") as EXHIBIT A, fully incorporated by reference.

7
8    15 U.S.C. § 1692g ("(b) provides in a pertinent part:

9    "If the consumer notifies the debt collector in writing within the thirty-day period described in
10   subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the
11   consumer requests the name and address of the original creditor, the debt collector shall cease
12   collection of the debt, or any disputed portion thereof, until the debt collector obtains verification
13   of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy
14   of such verification or judgment, or name and address of the original creditor, is mailed to the
15   consumer by the debt collector."

16
17   On August 5, 2021, counsel Torp was served a Notice of Dispute electronically.

18
19   As of the date of this communication, no response has been provided to either "Consumer
     Notice of Dispute
20

21   THEREFORE, it appears that by filing Case No. 21UD01125 on June 14, 2021, the debt
22   collector did not cease collection of the debt.

23
24   Based upon the information contained in the dunning notice, and my lack of knowledge
25   of an established business relationship, and or written contract with your company, your alleged
26   debt is hereby disputed in its entirety, including all amounts alleged to be due and owing.

27   Be advised the above-named person is a "consumer" as that term is defined in 15
28   USC§1692a(3), and CRA 1788.2(g)(h).

1   Upon information and belief, your company is attempting to collect "debt" pursuant to 15

2   USC§1692a (5), CRA 1788.2(f).

3

4   Upon information and belief, your company was assigned the debt in default solely for

5   the purpose of facilitating the collection of such debt for another.

6   THEREFORE, you are not a "creditor" as defined in 15 USC§1692a (4), CRA 1788.2(i).

7

8   Notwithstanding you and your client's company are considered "debt collectors" as

9   defined by 15 USC§1692a (6), CRA §1788.2(c), as amended by SB 187 on October 07, 2019,

10  which removed the exception for an attorney or counselor at law from the definition of debt

11  collector.

12  In light of this fact, you are required to comply with all state and federal consumer

13  protection laws accordingly.

14

15  In conclusion, should your "debt collection" firm as defined in Cal. Civ. Code §

16  1788.2(b) not Dismiss Case No. 21UD01125 and continue collection of the alleged debt in any

17  manner, prior to complying with the consumer protection statutes of this state and federal laws, a

18  separate suit may be filed against you without further notice.

19  Respectfully submitted,

20  Dated:  October 15, 2021

21  By: Gavin: Mehl.

22  Gavin Mehl
    Defendant in Propria Persona

23

24

25

26

27

28

PAGE 3 OF 3
CONSUMER NOTICE OF DISPUTE

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: GAVIN MEHL | FILED/ENDORSED |
| FIRM NAME: GAVIN MEHL | |
| STREET ADDRESS: 1400 36TH ST | |
| CITY: SACRAMENTO     STATE: CA    ZIP CODE: 95816 | OCT 18 2021 |
| TELEPHONE NO.: (917) 304-8089     FAX NO.: | |
| E-MAIL ADDRESS: mehlgavin@gmail.com | |
| ATTORNEY FOR (name): In Pro Per | By I. Lewis, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | |
| STREET ADDRESS: 301 BICENTENNIAL CIR | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: SACRAMENO, CA 95826 | |
| BRANCH NAME: SACRAMENO - CAROL MILLER | |

| PLAINTIFF/PETITIONER: WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST. | CASE NUMBER: 21UD1125 |
|---|---|
| DEFENDANT/RESPONDENT: LAURIE HARMS, ET AL. | JUDICIAL OFFICER: Hon. R. Steven Lapham |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT: 88 |

1.  I am at least 18 years old.

    a.  My residence or business address is (specify):
        6640 Bush Way
        Carmichael, Ca 95608

    b.  My electronic service address is (specify):
        zeke@powerpolitics.com

2.  I electronically served the following documents (exact titles):
    1) CONSUMER NOTICE OF DISPUTE

    ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served: ERIC PEZOLD; ANDREW STILL

        On behalf of (name or names of parties represented, if person served is an attorney):
        WILMINGTON TRUST, NATIONAL ASSOCIATION, et. al.

    b.  Electronic service address of person served.:
        epezold@swlaw.com; astil@swlaw.com

    c.  On (date): 10/15/2021

        ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: 10/15/2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Zeke Layman _____      ▶ _Zeke Layman_  By Fax
      [TYPE OR PRINT NAME OF DECLARANT]                    (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 14**

## CONSUMER NOTICE OF DISPUTE

Gavin Mehl, Consumer
1400 36th St.
Sacramento, Cal. ~95816
Emergency Cell Phone: (917) 304-6089

Ron Cupp, Consumer
150 Raley Town Center Ste 2512
Rohnert Park, California 94928

October 22, 2021.          VIA CERTIFIED MAIL: 7019 1120 0000 3920 6852

Andrew B. Still (SBN 312444)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

| RE: | Notice of Dispute. |
| --- | --- |
|  | Dunning Notice 01125 |
|  | WILMINGTON TRUST, NA |

Dear Counselor Andrew B. Still,

Consumers Gavin Mehl and Ron Cupp ("Consumers") recently received your dunning notice in an attempt to collect a debt. Consumers do not recall this debt. Please validate and or verify the alleged debt pursuant to 15 USC 1692g (1)(2)(5)(b) and Cal. Civ. Code § 1788 et. seq., as combined by 15 U.S.C. § 1692n, respectively.

By: /s/:Gavin: Mehl.                    By: /s/ Ron Cupp

Ron Cupp                    Gavin Mehl

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**EXHIBIT 15**

21
22
23
24
25
26
27
28

November 26, 2021

LexisNexis Risk Solutions Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

Equifax Information Services LLC
PO Box 740241
Atlanta, GA 30374-0241

TransUnion
P.O. BOX 2000
Chester, PA 19016
(800) 888-4213

Experian
PO Box 9701
Allen, TX 75013
(888) 397-3742

Innovis Consumer Assistance
PO BOX 1640
PITTSBURGH, PA 15230-1640
866-712-0021

Re: Account: Adverse Action: 21UD01125. Wilmington Trust et al vs Lauri Harms et al

SUBJECT:            CONSUMER REQUEST 15 USC§1681i (6)(b)

CONSUMER:          RON CUPP
DRIVERS LICENCE #:   xxxxxxxxx
STATE:             California
DOB:               xxxxxxxxxx

Resident Address:      150 Raley Town Center Ste 2512.  Rohnert Park, Ca 94925
Mailing Address:       SAME

## GENTLEMEN:

The above-named consumer lodge a dispute with your credit reporting

agency pursuant to 15 USC§1681i, FCRA on October 7, 2021. Such a dispute places a duty upon you the "credit reporting agency" and "furnisher" equally. The final results of the Reinvestigation were provided to me on or about November 10, 2021, in which the alleged account was "verified" as an account belonging to me. Accordingly, such an adverse action by the "furnisher" and you the credit reporting agency" coming to this determination without a factual basis, facts, evidence to support it highly concerns me.

Accordingly, both you and the "furnisher" has come to a legal conclusion over my objections and disputes, that the debt account and been reinvestigate and "verified" in compliance with law and the mandates of the "FCRA". In light of this, I hereby make my request pursuant to 15 USC§1681i (6)(b) and §1681i (7) which states in part that;

(iii) a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

In compliance with your duty under the FCRA, such requirement should be fulfilled within fifteen (15) days. I request that you supply me with any and all information obtained, stored, held by you regarding this alleged account. I also urge that you conduct an independent reinvestigation of the "furnisher" and any "facts" it has to support the continued reporting of this alleged debt over my objections. After performing all conditions precedent as a "consumer" as it relates the FDCPA and FCRA, I have no choice but to bring suit against all parties liable for the reporting of the account that is and has caused me significant damages. If the account is deleted such action will be taken without further notice.

Respectfully,

/s/ Ron Cupp

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
(707) 318-9929
ronc2009@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 16**

November 26, 2021

LexisNexis Risk Solutions Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

Equifax Information Services LLC
PO Box 740241
Atlanta, GA 30374-0241

TransUnion
P.O. BOX 2000
Chester, PA 19016
(800) 888-4213

Experian
PO Box 9701
Allen, TX 75013
(888) 397-3742

Innovis Consumer Assistance
PO BOX 1640
PITTSBURGH, PA 15230-1640
866-712-0021

Re: Account: Adverse Action: 21UD01125. Wilmington Trust et al vs Lauri Harms et al

SUBJECT:             CONSUMER REQUEST 15 USC§1681i (6)(b)

CONSUMER:           GAVIN GREGORY MEHL
DRIVERS LICENCE #:  xxxxxxxxx
STATE:              California
DOB:                xxxxxxxxxx

Resident Address:   1400 36th St. Sacramento, California ~95816
Mailing Address:    SAME

## GENTLEMEN:

The above-named consumer lodge a dispute with your credit reporting

agency pursuant to 15 USC§1681i, FCRA on October 7, 2021. Such a dispute places a duty upon you the "credit reporting agency" and "furnisher" equally. The final results of the Reinvestigation were provided to me on or about November 10, 2021, in which the alleged account was "verified" as an account belonging to me. Accordingly, such an adverse action by the "furnisher" and you the credit reporting agency" coming to this determination without a factual basis, facts, evidence to support it highly concerns me.

Accordingly, both you and the "furnisher" has come to a legal conclusion over my objections and disputes, that the debt account and been reinvestigate and "verified" in compliance with law and the mandates of the "FCRA". In light of this, I hereby make my request pursuant to 15 USC§1681i (6)(b) and §1681i (7) which states in part that;

(iii) a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

In compliance with your duty under the FCRA, such requirement should be fulfilled within fifteen (15) days. I request that you supply me with any and all information obtained, stored, held by you regarding this alleged account. I also urge that you conduct an independent reinvestigation of the "furnisher" and any "facts" it has to support the continued reporting of this alleged debt over my objections. After performing all conditions precedent as a "consumer" as it relates the FDCPA and FCRA, I have no choice but to bring suit against all parties liable for the reporting of the account that is and has caused me significant damages. If the account is deleted such action will be taken without further notice.

Respectfully,

/s/: Gavin: Mehl.

Gavin Gregory Mehl
1400 36th St.
Sacramento, California ~95816
gavingmehl@gmail.com