1  Eric S. Pezold, Bar No. 255657
   epezold@swlaw.com
2  Andrew B. Still, Bar No. 312444
   astill@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
4  Costa Mesa, California 92626-7689
   Telephone:    714.427.7000
5  Facsimile:    714.427.7799

6  *Attorneys for Defendants*

7

8                      UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF CALIFORNIA
9

10  GAVIN MEHL; RON CUPP; and DOES 1-10       Case No. 2:21-CV-01861-TLN-JDP
    inclusive consumers,
11                                            **DEFENDANTS' NOTICE OF MOTION
                  Plaintiffs,                 AND MOTION TO STRIKE FIRST
12                                            AMENDED COMPLAINT PURSUANT
         vs.                                  TO CAL. CODE CIV. PROC. § 425.16
13                                            AND TO DISMISS PURSUANT TO
    WILMINGTON TRUST, NATIONAL                FED. R. CIV. P. 12(b)(6);
14  ASSOCIATION, NOT IN ITS INDIVIDUAL        MEMORANDUM OF POINTS AND
    CAPACITY, BUT SOLELY AS TRUSTEE           AUTHORITIES**
15  OF MFRA TRUST 2016-1, A DELAWARE
    STATUTORY TRUST; SNELL & WILMER           Hearing Information:
16  L.L.P.; ANDREW B. STILL an individual, and Date:        February 3, 2022
    DOES 1-10 inclusive,                      Time:        10:00 a.m.
17                                            Courtroom:   9
                  Defendants.                 Address:     501 I Street
18                                                         Sacramento, CA 95814

19

20       TO THE COURT AND ALL PARTIES:

21       PLEASE TAKE NOTICE that on February 3, 2022, at 10:00 a.m., or as soon thereafter as

22  the matter may be heard, in Courtroom 9 of the above-entitled court, located at 501 I Street,

23  Sacramento, CA 95814, Defendants Wilmington Trust, National Association, not in its Individual

24  Capacity, but Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust

25  ("Wilmington"), Snell & Wilmer L.L.P. ("Snell & Wilmer") and Andrew B. Still[1] (collectively

26  "Defendants") will, and hereby do move pursuant to California Code of Civil Procedure ("CCP")

27  section 425.16 to strike the first amended complaint of Plaintiffs Gavin Mehl and Ron Cupp [Dkt.

28

    ─────────────────────
    [1] Defendants Snell & Wilmer and Andrew Still are sometimes referred to herein collectively as "Attorney Defendants."

    4877-2617-1653

No. 16] (the "FAC") on the grounds that the FAC and all causes of action contained therein are meritless and brought for the purpose of chilling Defendants' right of petition.

In the alternative, Defendants move to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") on the grounds that Plaintiffs fail to state sufficient facts to state a claim upon which relief can be granted.[2]  First, Plaintiffs' claims for Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1292 *et seq.*, ("FDCPA") and Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, ("Rosenthal Act") fail because Plaintiffs have not and cannot allege facts to establish that there was a transaction between the parties, or that Defendants are debt collectors as defined under either statute. Second, the claim for Violation of the Federal Fair Credit Reporting Act ("FCRA"), 15. U.S.C. § 1681s-2(b), fails because Defendants are not furnishers of information and, even if they were, no credit reporting agency provided Defendants notice of a consumer dispute. Third, the claim for violation of the Telephone Consumer Protection Act ("TCPA") fails because Plaintiff Gavin Mehl has not and cannot allege facts to show that non-party Lyndsey Torp, a former employee of Snell & Wilmer, used an automatic telephone dialing system ("ATDS") to place the calls at issue. Accordingly, Defendants respectfully request that this Court grant the Motion to Dismiss without leave to amend.

Defendants further move, pursuant to California Code of Civil Procedure section 425.16(c), for an order awarding their reasonable attorneys' fees and costs in bringing this Motion.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities appended hereto, the Request for Judicial Notice submitted concurrently herewith, the pleadings and papers on file in this action, and any other matters that may properly come before this Court.

Dated: December 17, 2021                                   SNELL & WILMER L.L.P.


By:   */s/ Eric S. Pezold*
      Eric S. Pezold
      Andrew B. Still

      Attorneys for Defendants

---

[2] It should also be noted at the outset that Plaintiffs failed to properly serve Defendants pursuant to FRCP 4.

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................. 7

II.    STATEMENT OF FACTS ......................................................... 8

       A.    The Underlying Actions........................................... 8

       B.    Plaintiffs' Instant Lawsuit ...................................... 12

III.   THIS COURT SHOULD GRANT DEFENDANTS' ANTI-SLAPP MOTION.............. 12

       A.    Legal Standard on an Anti-SLAPP Motion under CCP § 425.16........... 13

       B.    First Step: Plaintiffs' Claims are Based on Constitutionally Protected
             Activity.......................................................... 13

       C.    Second Step: Plaintiffs Cannot Show a Probability of Success on the
             Merits ........................................................... 15

             1.    The Litigation Privilege Bars Plaintiffs' Claims.......................... 15

             2.    Plaintiffs Have Not and Cannot Allege Sufficient Facts to State a
                   Claim Against Defendants ........................................ 16

                   a.    The FDCPA is not Applicable to Plaintiffs' Case as a Matter
                         of Law .................................................... 16

                   b.    Plaintiffs Cannot State A Claim Under the Rosenthal Act ........... 19

                   c.    The FCRA is not Applicable to Plaintiffs' Case as a Matter
                         of Law .................................................... 19

                         (1)   Plaintiffs FCRA Claim Must Be Dismissed Because
                               Defendants are Not Furnishers of Information ................. 20

                         (2)   Plaintiffs' § 1681s-2(b) Claim Must Be Dismissed
                               Because no Credit Reporting Agency Provided
                               Notice of Consumer Dispute................................ 21

                   d.    The FAC Fails to State a Claim Under the TCPA Because
                         There Are No Factual Allegations to Show That Defendants
                         Used an ATDS to Call Plaintiff ................................. 22

       D.    Defendants Should Be Awarded Reasonable Attorneys' Fees Incurred in
             Bringing This Anti-SLAPP Motion .................................... 24

IV.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS................. 25

       A.    Legal Standards For A Rule 12(b)(6) Motion......................... 25

       B.    Plaintiffs Fail to Allege Sufficient Facts to State a Claim on Which Relief
             Can Be Granted ................................................... 26

V.     CONCLUSION .................................................................. 27

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alkan v. Citimortgage, Inc.*,
  336 F.Supp.2d 1061 (N.D. Cal. 2004) ......................................................................... 19

*American Humane Ass'n v. Los Angeles Times,*
  *Corp.*, 92 Cal. App. 4th 1095 (2001) .......................................................................... 25

*Arikat v. JP Morgan Chase & Co.*,
  430 F. Supp. 2d 1013 (N.D. Cal. 2006) ....................................................................... 22

*Bader v. Navient Sols., LLC*,
  No. 18-cv-1367, 2019 WL 2491537 (N.D. Ill. June 14, 2019)..................................... 23

*Bel Air Internet, LLC v. Morales*,
  20 Cal. App. 5th 924 (2018) ......................................................................................... 14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 25, 26

*Birkner v. Lam*,
  156 Cal.App.4th 275 (2007) ......................................................................................... 15

*Bishop v. Hug*,
  No. B147942, 2002 WL 660910 (Cal. Ct. App. Apr. 23, 2002) ................................... 15

*Briggs v. Eden Council for Hope & Opportunity*,
  19 Cal. 4th 1106 (1999) ................................................................................................ 14

*Callahan v. Equifax Info. Servs*. LLC,
  2013 WL 5503949 (N.D. Cal. Oct. 3, 2013).................................................................. 20

*Carney v. Experian Info. Solutions, Inc.*,
  57 F. Supp. 2d 496 (W.D. Tenn. 1999)......................................................................... 20

*Cook v. Hamrick*,
  278 F.Supp.2d 1202 (D. Colo. 2003) ........................................................................... 18

*eCash Tech., Inc. v. Guagliardo*,
  127 F.Supp.2d 1069 (CD. Cal. 2000) ........................................................................... 24

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*,
  29 Cal.4th 53 (2002) ............................................................................................... 13, 15

*Facebook, Inc. v. Duguid*,
  141 S. Ct. 1163 (2021) .................................................................................................. 23

*Feldman v. 1100 Park Lane Assoc.*,
  160 Cal. App.4th 1467 (2008) ...................................................................................... 15

*GeneThera, Inc. v. Troy & Gould Prof. Corp.*,
  171 Cal.App.4th 901 (2009) ......................................................................................... 15

*Hamilton v. US Bank, N.A.*,
  2011 U.S. Dist. LEXIS 136493 (S.D. Cal. Nov. 28, 2011) ......................................... 18

*Heintz v. Jenkins*,
  514 U.S. 291 (1995) ...................................................................................................... 17

*Heras v. Nelnet, Inc.*,
  2017 WL 4586334 (C.D. Cal. Apr. 28, 2017) .............................................................. 20

*Heritage Pacific Financial, LLC v. Monroy*,
  215 Cal.App.4th 972 (2013) ......................................................................................... 17

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Hufnus v. DoNotPay, Inc.*,
    2021 WL 2585488 (N.D. Cal. June 24, 2021) ........................................................ 23

*Ines v. Countrywide Home Loans*,
    2008 WL 4791863 (S.D. Cal. Nov. 3, 2008) .......................................................... 18

*Jarrow Formulas, Inc. v. LaMarche*,
    31 Cal. 4th 728 (2003) ........................................................................................... 16

*Kashian v. Harriman*,
    98 Cal. App. 4th 892 (2002) .................................................................................. 16

*Klueh v. Paul Vallas for All Chicago*,
    2020 WL 4934975 (N.D. Ill. Aug. 24, 2020) ........................................................ 23

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*,
    186 F.Supp.3d 1014 (N.D. Cal. 2016) ................................................................... 17

*McFadden v. Deutsche Bank Nat'l Trust Co.*,
    2011 U.S. Dist. LEXIS 91010 (E.D. Cal. Aug. 15, 2011) ..................................... 18

*Molina v. Synchrony Bank/Walmart*,
    No. EDCV171464JGBJEMX, 2018 WL 2721903 (C.D. Cal. Apr. 17, 2018) ........ 21

*Nelson v. Chase Manhattan Mortg. Corp.*,
    282 F.3d 1057 (9th Cir. 2002) ............................................................................... 22

*Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999) ................................................................................. 24

*Peasley v. Verizon Wireless (VA W) LLC*,
    364 F.Supp.2d 1198 (S.D. Cal. 2005) .............................................................. 21, 22

*Perez v. Quicken Loans, Inc.*,
    2020 WL 1491145 (N.D. Ill. Mar. 27, 2020) ........................................................ 23

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
    890 F.3d 828 (9th Cir.) .......................................................................................... 13

*Rieger v. Am. Exp. Co.*,
    No. C 11-4202 MEJ, 2011 WL 5080188 (N.D. Cal. Oct. 25, 2011) ................. 21, 22

*Rogers v. Home Shopping Network, Inc.*,
    57 F. Supp. 2d 973 (C.D. Cal. 1999) ............................................................... 15, 26

*Rohde v. Wolf*,
    154 Cal. App. 4th 28 (2007) .................................................................................. 14

*Romine v. Diversified Coll. Servs.*,
    155 F.3d 1142 (9th Cir. 1998) ............................................................................... 18

*Silberg v. Anderson*,
    50 Cal.3d 205 (1990) ............................................................................................. 16

*Stewart v. Network Cap. Fund. Corp.*,
    2021 WL 3088011 (C.D. Cal. July 16, 2021) .................................................... 23, 24

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................................. 26

*Watts v. Emergency Twenty Four, Inc.*,
    2021 WL 2529613 (N.D. Ill. June 21, 2021) ......................................................... 24

- 5 -

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

# TABLE OF AUTHORITIES
(continued)

Page(s)

## STATUTES

15 U.S.C. § 1681 ............................................................................................... 20

15 U.S.C. § 1681i(a)(2) ..................................................................................... 22

15 U.S.C. § 1681s-2 .................................................................................... 21, 22

15 U.S.C. § 1681s-2(b) ............................................................................. passim

15 U.S.C. § 1692(e) ........................................................................................... 17

15 U.S.C. § 1692a(6) ......................................................................................... 18

15 U.S.C. § 1692e .............................................................................................. 17

15 U.S.C. § 1692k .............................................................................................. 19

15 U.S.C. §§ 1692b–1692j ................................................................................ 19

15 U.S.C.A. § 1692a(3) ..................................................................................... 17

47 U.S.C. § 227(b) ............................................................................................. 23

Cal. Civ. Code § 1788 ........................................................................................ 19

Cal. Civ. Code § 1788.17 ................................................................................... 19

Cal. Civ. Code § 47(b) ....................................................................................... 15

Cal. Civ. Proc. Code § 128.7 ............................................................................. 10

Cal. Civ. Proc. Code § 425.16 .................................................................... passim

Cal. Civ. Proc. Code § 425.16(c) ................................................. 8, 13, 24, 25

Cal. Civ. Proc. Code § 425.16(e)(1) ................................................................. 14

Cal. Civ. Proc. Code § 425.16(e)(2) ................................................................. 14

Cal. Code Civ. Proc. § 662 ................................................................................ 11

## RULES

Fed. R. Civ. P. 12(b) .......................................................................................... 25

Fed. R. Civ. P. 12(b)(6) ............................................................................. passim

Fed. R. Civ. P. 8 ................................................................................................. 25

Fed. R. Civ. P. 8(a)(2) ............................................................................... passim

## REGULATIONS

47 C.F.R. § 64.1200(a)(2) .................................................................................. 22

47 C.F.R. § 64.1200(f)(1) .................................................................................. 22

47 C.F.R. § 64.1200(f)(12) ................................................................................ 22

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

As was the case with the original Complaint, this Court should grant Defendants' Motion to Strike the First Amended Complaint pursuant to California Code of Civil Procedure section 425.16 *et seq.* (the "anti-SLAPP Motion") because the FAC is meritless and brought for the purpose of chilling Defendants' right of petition. In the alternative, this Court should dismiss the FAC *without* leave to amend pursuant to FRCP 12(b)(6) because Plaintiffs have not—and cannot—state a claim upon which relief can be granted, even after being given the additional opportunity to do so.

This action arises from Defendants' communications in furtherance of unlawful and forcible detainer actions Defendant Wilmington filed against, *inter alia*, Plaintiffs herein, in Sacramento County Superior Court ("Underlying Litigation"). The Underlying Litigation, in turn, arises out of Plaintiffs' unlawful possession of a piece of residential real property to which they have no legal claim or right to occupy.  Rather, Plaintiffs broke into the property after Wilmington obtained title pursuant to a nonjudicial foreclosure, unlawfully and forcibly took possession, and refused to vacate for well over a year until they were finally evicted by the Sacramento Sheriff in December 2021 after the state court entered judgment in favor of Wilmington and against Plaintiffs. In a word, they are "squatters."

Plaintiffs successfully delayed the Underlying Litigation for well over a year by filing frivolous motions and engaging in other abusive litigation practices. Plaintiffs' latest abuse of the judicial process manifests itself in the instant action alleging Defendants violated federal and California consumer protection laws by filing the underlying lawsuits a placing four telephone calls to Plaintiff Gavin Mehl's cell phone in connection with the Underlying Litigation. Put simply, Plaintiffs' First Amended Complaint should be stricken as a SLAPP suit under CCP section 425.16 because it arises from Defendants' protected litigation conduct.

In the alternative, dismissal is appropriate because, even after having an opportunity to amend their Complaint, Plaintiffs utterly fail to identify one single fact, allegation, or iota of information against Defendants which would ground a viable cause of action. And there is none.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Defendants' relationship to Plaintiffs is non-existent. Plaintiffs were nothing more than trespassers on real property owned by Wilmington, and Defendants' only action has been to pursue its lawful remedies to regain possession of that property. The fact that Plaintiffs' claims in the Underlying Litigation were wholly without merit is best evidenced by the state court's judgment and the subsequent issuance of a writ of possession in favor of Wilmington and the Plaintiffs eviction from the property.

Accordingly, Plaintiffs' FAC should also be dismissed pursuant to FRCP 12(b)(6) because (1) Plaintiffs' FDCPA and Rosenthal Act claims fail because there has been no transaction between the parties and Defendants are not debt collectors as defined by either act; (2) Plaintiffs' FCRA claim fails because Defendants are not furnishers of information, and even if they were, Plaintiffs cannot state a claim under 15 U.S.C. § 1681s-2(b) because Defendants have not been notified by a credit reporting agency about the consumer dispute; and (3) the TCPA claim fails because Plaintiff Gavin Mehl has not and cannot allege that non-party Lyndsey Torp made telemarketing calls using an automatic telephone dialing system ("ATDS"). Notably, Plaintiffs were granted a full and fair opportunity to cure the defects raised in Defendants' previous motion to dismiss but failed to do so—even after adding sixty (60) new paragraphs to their FAC—because their claims still fail as a matter of law.

In short, this Court should reject Plaintiffs' abusive, frivolous litigation behavior and attempts to forum-shop. Plaintiffs' FAC is subject to dismissal and Defendants should be awarded their attorneys' fees incurred in bringing this anti-SLAPP motion pursuant to California Code of Civil Procedure section 425.16(c).

## II.     STATEMENT OF FACTS

### A.     The Underlying Actions

On July 2, 2020, Wilmington acquired title at a trustee's sale to a single-family residence commonly described as 1400 36th Street, Sacramento, California (the "Property"). [Request for Judicial Notice ("RJN"), Ex. 1 (Trustee's Deed Upon Sale)]. The underlying borrower and former owner of the Property was Ikon Homes, Inc., a third-party not related to Plaintiffs. *Id.*

- 8 -

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

On October 6, 2020, Defendant Wilmington served on third-party Ikon Homes, Inc. and any others in possession of the Property a three-day notice to quit and vacate the Property. [FAC, ¶ 13, Ex. 2] On October 28, 2020, because possession of the Property was not delivered to Wilmington, it filed a Complaint for Unlawful Detainer. [FAC, Ex. 3; RJN, Ex. 2 (Plaintiff's Verified Complaint for Unlawful Detainer) (hereinafter the "UD Complaint")].

On April 26, 2021, in response to the UD Complaint, Plaintiff Gavin Mehl filed a prejudgment claim of right to possession. [FAC ¶ 17, RJN, Ex. 3 (Prejudgment Claim of Right to Possession)]. On May 3, 2021, Plaintiff Mehl filed a Motion to Strike and a Demurrer to the UD Complaint. [RJN, Ex. 4 (Motion to Strike); RJN, Ex. 5 (Demurrer to Plaintiff's Complaint for Unlawful Detainer)].

On May 12, 2021, because there was no privity of contract between the parties and no basis for the Plaintiffs to possess the Property, Wilmington dismissed the UD Complaint. [RJN, Ex. 6 (Request for Dismissal)]. On May 24, 2021, Wilmington served Plaintiffs with a written demand to surrender the Property. [RJN, Ex. 7 (Verified Complaint for Forcible Detainer p. 11)].

On June 14, 2021, Defendant Wilmington, through its counsel, Defendant Snell & Wilmer, filed a forcible detainer action in the Superior Court of California, Sacramento County, captioned *Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust v. Gavin Mehl, et. al*, Case No. 21UD01125 (the "Forcible Detainer Action"). [FAC, ¶ 30, Ex. 6; RJN, Ex. 7]. The Forcible Detainer Action alleged that approximately one month after Wilmington took possession of the Property from the prior owner (third-party Ikon Homes, Inc.), Plaintiffs unlawfully entered, forcibly detained and continued and refused to vacate the Property. *See id.* On July 22, 2021, Plaintiff Gavin Mehl was served with the summons and complaint in the Underlying Action. [RJN, Ex. 8 (Proof of Service)].

On July 29, 2021, Plaintiff Gavin Mehl filed a Motion to Quash in the Forcible Detainer Action [RJN, Ex. 9 (Notice of Motion and Motion to Quash Service of Summons for Non-Compliance with Statutory Provisions and/or Stay or Dismiss the Action on Inconvenient Forum)]. On August 9, 2021, the Superior Court granted the Motion to Quash in part merely because Wilmington conceded it mistakenly served Mehl with an incorrect copy of the complaint

- 9 -

1   (containing a mistaken allegation regarding the county where the Property was located which was
2   corrected prior to filing), and thus Wilmington re-served the summons with the correct version of
3   the complaint. [RJN, Ex. 10 (Order Regarding Motion to Quash)].

4          Nine days later, on August 18, 2021, Plaintiff Gavin Mehl filed a Motion to Dismiss Action
5   for Delay in Prosecution in the Underlying Action. [RJN, Ex. 11 (Motion to Dismiss the Action for
6   Delay in Prosecution)]. On August 26, 2021, the Superior Court denied Plaintiff Gavin Mehl's
7   Motion to Dismiss. [RJN, Ex. 12 (Order Regarding Motion to Dismiss Action)].

8          On August 20, 2021, non-party Lyndsey Torp, then counsel of record for Wilmington in the
9   Forcible Detainer Action, placed four phone calls to Plaintiff Gavin Mehl to discuss flooding issues
10  related to the Property and the Forcible Detainer Action. [FAC ¶¶ 51-86].

11         On or about August 23, 2021, Defendant Wilmington filed its First Amended Complaint in
12  the Forcible Detainer Action. [FAC ¶ 46, Ex. 9; RJN, Ex. 13 (FAC)].

13         On September 7, 2021, Plaintiff Gavin Mehl filed another frenzy of unmeritorious motions:
14  (1) Demurrer to Wilmington's First Amended Complaint, [RJN, Ex. 14 (Defendant Gavin Mehl's
15  Notice of Demurrer and Demurrer to Plaintiff's First Amended Complaint)]; (2) Motion to Strike
16  Wilmington's Complaint, [RJN, Ex. 15 (Notice of Motion and Motion to Strike)]; and (3) Motion
17  to Reclassify from Limited to Unlimited. [RJN, Ex. 16 (Notice of Motion and Motion to Reclassify
18  from Limited to Unlimited)]. On October 4, 2021, the Superior Court denied each of Mehl's
19  motions. [RJN, Ex. 17 (Order Regarding Demurrer; Order Regarding Motion to Strike; Order
20  Regarding Motion to Reclassify from Limited to Unlimited)].

21         On October 15, 2021, Mehl filed a Motion for Sanctions in the Forcible Detainer Action,
22  setting forth largely the same assertions as the allegations in this lawsuit and his Demurrer and
23  Motion to Strike. [RJN, Ex. 18 (Motion for Sanctions in the Form of Dismissal Under Code Civ.
24  Proc. § 128.7 and for an Award of Expenses Against Plaintiff, Lyndsey A. Torp. and Snell &
25  Wilmer, LLP in Favor of Gavin Mehl)]. After Wilmington filed an opposition, Mehl elected not to
26  prosecute his Motion for Sanctions.

27         On October 19, 2021, Wilmington filed its Motion for Summary Judgment in the Forcible
28  Detainer Action, and Mehl filed his opposition on October 25, 2021. At the hearing on October 26,

2021, the Superior Court granted Wilmington's Motion for Summary Judgment finding that Wilmington established each element of its claim for forcible detainer. [RJN, Ex. 19 (Order Granting Plaintiff's Motion for Summary Judgment and Notice of Entry of Judgment)]. The Superior Court thereafter entered judgment in favor of Wilmington and against all defendants—including Plaintiffs Gavin Mehl and Ron Cupp—in the Forcible Detainer Action, ruling that Wilmington is entitled to possession of the Property and that its judgment applies to all occupants of the Property. [*Id*]. On November 8, 2021, the Clerk of the Superior Court issued its Writ of Possession. [RJN, Ex. 20 (Writ of Possession)].

Issuance of the Writ of Possession has not deterred Plaintiffs' unmeritorious filings in State Court. On November 22, 2021, Plaintiff Mehl filed his Motion for New Trial, in the Alternative Deny the New Trial Motion and Grant Alternative Relief under CCP § 662 ("Motion for New Trial") [RJN, Ex. 21 (Motion for New Trial)]. The next day, the day prior to Thanksgiving, Mehl filed his *Ex Parte* Motion for Stay of Execution Pending Writ of Mandate, seeking to advance the hearing on the Motion for New Trial and to stay enforcement of the judgment through the adjudication of such motion.  [RJN, Ex. 22 (*Ex Parte* Motion for Stay of Execution)].

Just minutes before the hearing on the Motion for New Trial on November 30, 2021, which the Superior Court advanced pursuant to Mehl's request, Mehl removed the Forcible Detainer Action to this Court, commencing Case No. 2:21-cv-02201-JAM-JDP. [RJN, Ex. 23 (Notice of Removal)]. The basis for the erroneous removal was federal question jurisdiction, diversity jurisdiction and civil rights removals and injunctions. [*Id*.] In his Notice of Removal, Mehl attached the Complaint and his Answer, and represented to the Court that those pleadings, along with the summons and civil case cover sheet, constitute "all process, pleadings, and orders in the State Court Action." [*Id*., ¶ 3.] Mehl did not attach, among other things, the Superior Court's orders denying his motion to strike, demurrer or motion to quash. [*See id*.] Mehl did not attach the Superior Court's order granting Plaintiff's summary judgment against him. [*Id*.] Worse yet, Mehl did not attach the judgment entered by the Superior Court or the Writ of Possession. [*Id*.]

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    On December 2, 2021, this Court entered its Sua Sponte Order Remanding Action to State

2    Court. [RJN, Ex. 24 (Remand Order)].[3] Following remand, the Superior Court entered its Sua

3    Sponte Order Denying Mehl's Ex Parte Application to Stay the Writ of Possession. [RJN, Ex. 25

4    (Superior Court Order entered Dec. 3, 2021)]. In its Order, the Superior Court noted that continuing

5    any sort of stay "would be unwise given [Mehl's] lack of good faith ...." [*Id.*][4] The Sacramento

6    County Sheriff thereafter levied the Writ of Possession and removed the Plaintiffs, along with their

7    compatriots, from the Property. [RJN, Ex. 26 (Return of Writ of Possession executed by

8    Sacramento County Sheriff on Dec. 9, 2021]. On December 13, 2021, the Superior Court denied

9    Mehl's Motion for New Trial. [RJN, Ex. 27 (Order Denying Motion for New Trial)].

10          **B.**     **Plaintiffs' Instant Lawsuit**

11          On October 8, 2021, during the pendency of the Forcible Detainer Action, Plaintiffs filed

12   the instant action for Violation of FDCPA and Rosenthal Act, Violation of the TCPA, Intentional

13   Infliction of Emotional Distress, and Injunctive Relief. [*See generally*, Complaint (Dkt. No. 1)].

14          On October 29, 2021, Defendants filed their Motion to Strike Complaint Pursuant to Cal.

15   Code. Civ. Proc. § 425.16 and to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Motion to

16   Strike"). [*See generally*, Motion to Strike (Dkt. No. 7)].

17          At Plaintiffs' request, on November 19, 2021, the parties stipulated to allow Plaintiffs an

18   extension of time to file a first amended complaint. [*See generally*, Stipulation (Dkt. No. 14)]. On

19   December 3, 2021, Plaintiffs filed the operative First Amended Complaint.  [*See generally*, FAC

20   (Dkt. No. 16)].

21   **III.**    **THIS COURT SHOULD GRANT DEFENDANTS' ANTI-SLAPP MOTION**

22          This is precisely the type of lawsuit that California's anti-SLAPP statute protects against.

23   Plaintiffs are suing Defendants for their litigation activity in the Underlying Litigation.

---

[3] While not a party to this action, it should also be noted that following the Remand Order issued by this Court, John
Mehl, another former occupant of the Property and defendant in the Forcible Detainer Action, reopened his 2018
bankruptcy case and thereafter removed the Forcible Detainer Action to Bankruptcy Court. (RJN, Ex. 28 (Notice of
Removal)]. The Notices of Removal filed by Messrs. Mehl are nearly identical.
[4] The foregoing does not constitute the entirety of Mehl's abusive litigation tactics in the Forcible Detainer Action.
Mehl also sought to disqualify the Superior Court judge from hearing his Motion for New Trial. [RJN, Ex. 29
(Verified Statement for Disqualification)]. That motion was summarily denied. [RJN, Ex. 30 (Order Striking
Statement for Disqualification)]. Mehl has even commenced a recall petition of the Superior Court judge assigned to
the Forcible Detainer Action. [RJN, Ex. 31 (Notice of Intention to Recall)].

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   Accordingly, to defeat Defendants' anti-SLAPP Motion, Plaintiffs must establish, under prong two

2   of the anti-SLAPP analysis, that they are likely to prevail on the merits of their causes of action in

3   this new lawsuit. They simply cannot meet this heavy burden because (i) Defendants' alleged

4   conduct is protected by the litigation privilege, and (ii) Plaintiffs have not and cannot state facts

5   sufficient to state a claim upon which relief can be granted.

6   **A.      Legal Standard on an Anti-SLAPP Motion under CCP § 425.16**

7        Evaluating an anti-SLAPP motion is a two-step process. *Equilon Enterprises, LLC v.*

8   *Consumer Cause, Inc.* 29 Cal. 4th 53, 67 (2002). First, the court decides whether the defendants

9   have made a threshold showing that the challenged causes of action arise from protected activity.

10  *Id*. Second, if the court finds such a showing under the first prong has been made, the court then

11  determines whether plaintiffs have demonstrated a probability of prevailing on the claim. *Id*. If

12  plaintiffs fail to demonstrate they are likely to prevail on their claims, the claims are stricken. *Id.*

13       The Ninth Circuit has held that a federal court applying the second prong of the anti-SLAPP

14  statute may do either of two things. First, strike the complaint without conducting any discovery

15  "based on alleged deficiencies in the plaintiff's complaint" such that "the motion must be treated

16  in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of

17  § 425.16(c) applies." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d

18  828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018). Or, alternatively, if the plaintiff is

19  afforded a reasonable opportunity for some discovery, the Court may then apply the summary-

20  judgment like standard that California courts apply on the second prong to determine if the plaintiff

21  can meet its burden to state and substantiate a legally sufficient claim. *Id.*

22       Here, the Court may decide Defendants' anti-SLAPP Motion without need for discovery

23  because of the deficiencies in Plaintiffs' FAC and Plaintiffs' inability to remedy the same.

24  **B.      First Step: Plaintiffs' Claims are Based on Constitutionally Protected Activity**

25       Defendants satisfy the first prong of the anti-SLAPP statute because each of the claims

26  Plaintiffs allege in the Complaint is based on Defendants' constitutional right of petition. Under the

27  first prong of the anti-SLAPP analysis, "an act in furtherance of the actor's right of petition"

28  includes the following:

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

> (1) any written <u>or oral statement or writing</u> made before a legislative, executive, or <u>judicial proceeding</u>, or any other official proceeding authorized by law; [and]
> (2) any written <u>or oral statement or writing</u> made in connection with an issue under consideration or review by a legislative, executive, or <u>judicial proceeding</u> authorized by law.

Cal. Civ. Proc. § 425.16(e)(1) and (e)(2) (emphasis added).

Statements and writings made in connection with litigation are therefore covered by the anti-SLAPP statute. *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007) ("Section 425.16 is 'construed broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions.'" (citations omitted)). Not only does the anti-SLAPP statute protect a person's own litigation activities, the protections under the anti-SLAPP statute extend even to people who encourage or assist others to participate in litigation. *Bel Air Internet, LLC v. Morales*, 20 Cal. App. 5th 924, 944 (2018); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1116 (1999) (noting that "the statute does not require that a defendant moving to strike under section 425.16 demonstrate that its protected statements or writings were made on its own behalf…").

Plaintiffs' FAC makes plain that they are suing Defendants based on their statements and conduct related to the Underlying Litigation. [*See* FAC, ¶¶ 13-41]. Specifically, in Counts I and II, Plaintiffs allege that Defendants violated the FDCPA and Rosenthal Act by sending a notice to quit related to the Property (*id.*, ¶ 13, Ex. 2) and initiating legal actions to recover Wilmington's rightful possession of the Property (*id.*, ¶¶ 30, 46, Exs. 6, 9).

In Count III, Plaintiffs allege that Defendants violated the FCRA because "Judgment Entered" appeared on their credit reports related to the Underlying Litigation (*id.,* ¶¶ 40-41).

In Court IV, Plaintiff Mehl alleges that Defendant Snell & Wilmer violated the TCPA by an attorney of record for Wilmington calling him four times in connection with the Underlying Litigation. [*Id.*, ¶¶ 23, 52-57]. The foregoing conduct satisfies the first prong of the anti-SLAPP statute.

There is no legal question that the activity underlying Plaintiffs' claim is protected. Courts have recognized that the filing of unlawful detainer and forcible detainer actions is protected by the

1   anti-SLAPP statute. *See Bishop v. Hug*, No. B147942, 2002 WL 660910, at *3 (Cal. Ct. App. Apr.

2   23, 2002) (respondents exercised their right of petition by filing the forcible detainer lawsuit, which

3   brought them under the broad umbrella of section 425.16); *see also, e.g., Birkner v. Lam*, 156 Cal.

4   App. 4th 275, 281-84 (2007) ("[P]rosecution of an unlawful detainer action indisputably is

5   protected activity within the meaning of section 425.16").

6        Moreover, sending a notice to quit or a demand for surrender, which are prerequisites to

7   filing unlawful detainer and forcible detainer actions, is also protected activity. *See Feldman v.

8   1100 Park Lane Assoc.*, 160 Cal. App. 4th 1467, 1479 (2008). Finally, "an attorney's

9   communication with [an] opposing [party] on behalf of a client regarding pending litigation directly

10  implicates the right of petition and thus is subject to a motion to strike." *GeneThera, Inc. v. Troy &

11  Gould Prof. Corp.*, 171 Cal. App. 4th 901, 908 (2009) (citation omitted).

12       Based on the foregoing, Plaintiffs' FAC thus indisputably arises from protected activity

13  under the anti-SLAPP statute.

14       **C.    <u>Second Step: Plaintiffs Cannot Show a Probability of Success on the Merits</u>**

15       Because Defendants have made a prima facie showing that Plaintiffs' FAC arises from

16  protected activity, the burden now shifts to Plaintiffs to demonstrate a probability that they will

17  succeed on the merits of their claims. *Equilon*, *supra*, 29 Cal. 4th at 61. Where, as here, the

18  sufficiency of the pleading is at issue, the anti-SLAPP motion is "treated in the same manner as a

19  motion under Rule 12(b)(6) except that the attorney's fee provision of Section 425.16 applies."

20  *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999).

21       Plaintiffs cannot satisfy their heavy burden under the second prong for at least two reasons.

22  First, the litigation privilege under California Civil Code section 47(b) bars Plaintiffs' claims.

23  Second, Plaintiffs have not – and more notably, cannot allege – sufficient facts to state a claim upon

24  which relief can be granted.

25       **1.    The Litigation Privilege Bars Plaintiffs' Claims**

26       Plaintiffs' entire FAC consists of statements made in and conduct undertaken during the

27  course of the Underlying Litigation, which statements and conduct are protected under the litigation

28  privilege. Cal. Civ. Code § 47(b). The litigation privilege is "a substantive rule of law that grants

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4877-2617-1653

- 15 -

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

absolute immunity from tort liability from communications made in relation to judicial proceedings." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 737 (2003). The litigation privilege protects conduct even if it is "alleged to be fraudulent, perjurious, unethical, or even illegal." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002).

For the litigation privilege to apply, the statements or conduct at issue must be "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). Here, Defendants pursuit of the Underlying Litigation is just that. Plaintiffs nonetheless allege that Defendants are liable for damages Plaintiffs allegedly sustained based on statements and actions that Defendants purportedly took during the course of the Underlying Litigation, such as sending a three day notice to quit (FAC, ¶ 13, Ex. 2); filing the Forcible Detainer Action (*id.*, ¶¶ 30, 46), or calling Plaintiff Mehl in connection with the Underlying Litigation (*id.*, ¶ 51-86).

Defendants conduct allegedly undertaken during the Underlying Litigation is precisely the type of actions that the litigation privilege is designed to protect. *Silberg*, 50 Cal. 3d at 212 (noting that the purpose of the litigation privilege is to allow litigants "the utmost freedom of access to the courts *without fear of being harassed subsequently by derivative tort actions*") (emphasis added).

As such, this Court should grant Defendants' anti-SLAPP motion because Defendants cannot be liable for the act of engaging in the legal system.

### 2.   Plaintiffs Have Not and Cannot Allege Sufficient Facts to State a Claim Against Defendants

Plaintiffs are also unable to satisfy their burden under the second step of the anti-SLAPP analysis because the allegations in the FAC are insufficient to state a claim on which relief can be granted.

### a.   The FDCPA is not Applicable to Plaintiffs' Case as a Matter of Law

Count I in the FAC is for Violation of the FDCPA. However, the allegations in the Complaint are insufficient to state a violation of the FDCPA because Plaintiffs have not and cannot

1  allege facts to establish that a debt is owed, there was a transaction between the parties, or that

2  Defendants are debt collectors as defined under the FDCPA.

3      The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

4  collectors, to insure that those debt collectors who refrain from using abusive debt collection

5  practices are not competitively disadvantaged, and to promote consistent State action to protect

6  consumers against debt collection abuses." 15 U.S.C. § 1692(e). "When alleging a claim under the

7  FDCPA, a plaintiff must establish that (1) the plaintiff is a consumer,[5] as defined by the FDCPA;

8  (2) the debt arises out of a transaction primarily for personal, family or household purposes; (3) the

9  defendant is a debt collector, as that phrase is defined by the FDCPA; and (4) the defendant violated

10  a provision of the Act." *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 997

11  (2013) (citing 15 U.S.C. § 1692e; *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)) (emphasis added).

12      The conclusory allegations in Plaintiffs' FAC are insufficient to state a claim for FDCPA

13  violation. First, Plaintiffs fail to allege *facts* to show that the purported debt arose from a

14  "transaction" between the parties, as that term is defined under the FDCPA. The transaction

15  contemplated under the FDCPA must be a consensual transaction. *Lee v. Pep Boys-Manny Moe &*

16  *Jack of Cal.*, 186 F. Supp. 3d 1014, 1026 (N.D. Cal. 2016). Plaintiffs do not allege or describe any

17  consensual transaction entered into by the parties. Plaintiffs' FAC instead is based on the

18  Underlying Litigation where the parties had no transaction at all, let alone a "consensual

19  transaction." Indeed, forcible detainer actions are filed if there is no privity of relationship between

20  landlord and occupant—*i.e.,* the occupant, like Plaintiffs, is a trespasser. *See* RJN, Ex. 25

21  ("[Wilmington] alleges, and the court has found, that [Mehl] never had a right to occupy the subject

22  property."). With no "transaction," as defined by the FDCPA, there can be no relief for Plaintiffs

23  under the act. This simply was a forcible detainer action to remove Plaintiffs from property they

24  had no legal right to occupy.

25      Next, Plaintiffs fail to allege *facts* to show that Defendants are debt collectors under the

26  FDCPA. Instead, they rely exclusively on a conclusory allegation that Defendants are engaged "in

27  the business of collecting a debt from Plaintiff(s)." [FAC ¶ 115]. The FDCPA defines a "debt

28

---

[5] A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.A. § 1692a(3).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There are no *factual* allegations in the FAC to indicate that Defendants qualify as "debt collectors" under the FDCPA. To the contrary, Wilmington's and its counsel's only action has been to pursue its lawful remedies to regain possession of the Property through filing the Underlying Litigation.

Critically, to the extent Plaintiffs' FAC only copies sections from the governing statutes, without including any facts, allegations, or information specific to the actual facts here, the Complaint is insufficient as a matter of law. *Romine v. Diversified Coll. Servs*., 155 F.3d 1142, 1146 (9th Cir. 1998); *Ines v. Countrywide Home Loans*, 2008 WL 4791863 at *3-4 (S.D. Cal. Nov. 3, 2008) (complaint must allege facts showing that defendant is a debt collector within the scope of the FDCPA and has violated its provisions, mere conclusions will not suffice).

Further, in attempting to generically assert that the Attorney Defendants are debt collectors, Plaintiffs also ignore the precept that the Attorney Defendants' actions are outside of the FDCPA's coverage. Indeed, an attorney prosecuting an unlawful or forcible detainer action on behalf of their client is not a debt collector under the FDCPA. *See e.g. Hamilton v. US Bank, N.A.,* 2011 U.S. Dist. LEXIS 136493, at *11 (S.D. Cal. Nov. 28, 2011) (an attorney filing a wrongful detainer action on behalf of the purchaser of a foreclosed property is not a debt collector within the meaning of the FDCPA); *McFadden v. Deutsche Bank Nat'l Trust Co*., 2011 U.S. Dist. LEXIS 91010, at *36 (E.D. Cal. Aug. 15, 2011) (unlawful detainer action sought possession of the already re-sold property, not the collection of any debt under the FDCPA); *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003) (attorney cannot be deemed a debt collector under the FDCPA based upon his role in filing a complaint in an action for unlawful detainer).

In short, setting forth the name of a statute and reciting purported relevant portions of a statute are not sufficient to state a claim under federal law. Rule 8(a)(2) requires factual allegations supporting a facially plausible claim for relief. Accordingly, this Court should grant Defendants' anti-SLAPP motion as to Count I for violation of the FDCPA because Plaintiffs' FDCPA claim is

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   nothing but conclusory allegations or mere recitations of provisions of said statute.

2             **b.**       **Plaintiffs Cannot State A Claim Under the Rosenthal Act**

3         Count II in the FAC is for Violation of the Rosenthal Act and is based on the same purported

4   violations of the FDCPA discussed above. Accordingly, Plaintiffs' claim for violation of the

5   Rosenthal Act fails for the same reasons explained above.

6         California has incorporated by reference provisions of the FDCPA into the Rosenthal Act.

7   *Alkan v. Citimortgage, Inc*., 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004). California Civil Code

8   section 1788.17 requires debt collectors in California to comply with 15 U.S.C. sections 1692b

9   through 1692j, and states that violators will be subject to the remedies provided by 15 U.S.C.

10   section 1692k. Cal. Civ. Code § 1788.17.

11         As with Plaintiffs' claim under the FDCPA, Plaintiffs' claim for violation of the Rosenthal

12   Act is also devoid of any facts to establish the threshold elements of a claim under that statute,

13   namely, that each defendant is a "debt collector"[6] with respect to Plaintiffs. Critically, Plaintiffs'

14   FAC is insufficient to state a claim under the Rosenthal Act because the alleged conduct is vaguely

15   attributed to all Defendants and the allegations are otherwise conclusory.

16         Again, other than identifying the statute, and quoting portions of Civil Code Section 1788,

17   Plaintiffs wholly fail to identify the elements of the alleged claims, let alone any facts or information

18   to support the claims. Because Plaintiffs have offered no factual allegations that support the

19   elements of a claim for violation of the Rosenthal Act or the sections of the Act upon which they

20   rely, this court should grant Defendants' anti-SLAPP motion as to Count II in the FAC.

21             **c.**       **The FCRA is not Applicable to Plaintiffs' Case as a Matter of Law**

22         Count III in the FAC is for purported violation of section 1681s-2(b) of the Fair Credit

23   Reporting Act ("FCRA"). However, the allegations in the FAC are insufficient to state a violation

24   of the FCRA because Plaintiffs have not and cannot allege *facts* to establish that Defendants are

25   "furnishers" of credit information and, even if Defendants were "furnishers" of credit information,

26

27

28

---

[6] The Rosenthal Act defines "debt collector" as: any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

          - 19 -

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1    the statutorily created obligation imposed on a furnisher of information under Section 1681s-2(b)

2    is owed only to the consumer reporting agency not to individual consumers like Plaintiffs.

3              **(1)      Plaintiffs FCRA Claim Must Be Dismissed Because**

4                        **Defendants are Not Furnishers of Information**

5              The FCRA imposes duties on consumer reporting agencies, users of consumer reports, and

6    furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681, *et seq*. Plaintiffs'

7    FCRA claim must be dismissed because Defendants are not "furnishers of credit information"

8    under the FCRA.

9              Count III is based on the contention that an unspecified "Defendant...regularly and on a

10   routine basis furnishes information to one or more consumer reporting agencies." [FAC ¶ 114]. As

11   a preliminary matter, other than the conclusory statement that an unspecified defendant "regularly

12   furnishes information," Plaintiffs fail to allege that any of the Defendants here furnished Plaintiffs'

13   credit information to a credit reporting agency. Nevertheless, Plaintiffs' FCRA claim fails as a

14   matter of law because none of the Defendants are "furnishers" of credit information.

15             The FCRA does not define "furnisher of information." However, courts have defined a

16   furnisher as an entity that "transmits information concerning a particular debt owed by a particular

17   consumer" to a consumer reporting agency. *Heras v. Nelnet, Inc.,* 2017 WL 4586334, at *5 (C.D.

18   Cal. Apr. 28, 2017); *see also Callahan v. Equifax Info. Servs*. LLC, 2013 WL 5503949, at *2 (N.D.

19   Cal. Oct. 3, 2013) (defining furnishers as entities that "provide credit information to credit reporting

20   agencies"); *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999)

21   (defining a furnisher as an entity which "transmits information concerning a particular debt owed

22   by a particular consumer").

23             Plaintiffs FAC is completely devoid of any *factual* allegations that Defendants provided or

24   transmitted information to any credit reporting agency concerning a particular debt. Plaintiffs fail

25   to allege, among other key facts, that there was a debt; the date(s) and content of any allegedly

26   incorrect or inaccurate credit reporting by Defendants to any credit reporting agency; or how the

27   alleged misreporting was purportedly inaccurate. Plaintiffs also fail to attach any written

28   correspondence from Defendants to any credit reporting agency, any documentation showing

Snell & Wilmer
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

improper reporting or any other materials that actually support Plaintiffs' conclusory assertions. Rather, the FAC generically asserts that "Defendants knew that case 20UD0025[7] [sic] was dismissed" and reporting "judgment entered" to some unknown party "was incorrect." [FAC ¶ 115]. These vague, generic allegations constitute sheer speculation, and are simply not enough to satisfy Rule 8(a)(2).

In short, Plaintiffs have not and cannot establish that any of the Defendants are "furnishers of information" within the meaning of the FCRA because they are not. *See e.g. Molina v. Synchrony Bank/Walmart*, No. EDCV171464JGBJEMX, 2018 WL 2721903, at *3 (C.D. Cal. Apr. 17, 2018) (determining Walmart is a not furnisher within the meaning of FCRA).

**(2)     Plaintiffs' § 1681s-2(b) Claim Must Be Dismissed Because no Credit Reporting Agency Provided Notice of Consumer Dispute**

Even if Defendants were "furnishers" of credit information—which they are not—it is equally clear from the statutory scheme that Plaintiffs cannot bring an action under these circumstances.  Section 1681s-2(b) explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to conduct an investigation and report the results to the appropriate consumer reporting agencies. *See id*. § 1681s-2(b). Moreover, the duties described in subsection (b) of § 1681s-2 are triggered only upon notice received from a consumer reporting agency, <u>not</u> the consumer, and appear to exist solely for the benefit of consumer reporting agencies which face liability under the remainder of the FCRA to the consumer for erroneous and inaccurate reporting. *Rieger v. Am. Exp. Co*., No. C 11-4202 MEJ, 2011 WL 5080188, at *2 (N.D. Cal. Oct. 25, 2011) (citing *Peasley v. Verizon Wireless (VA W) LLC*, 364 F.Supp.2d 1198, 1200 (S.D. Cal. 2005) ("Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."). "A

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

---

[7] It is unclear which lawsuit Plaintiffs refer to in this allegation because this case number does not match any of the other allegations in the FAC. It appears to be a typographical error and Defendants believe Plaintiffs are referring to the Forcible Detainer Action, Case No. 21UD01125.

furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023–25 (N.D. Cal. 2006) (dismissing cause of action for violation of FCRA for failure to state a claim); *see also* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering mechanism" wherein a disputatious consumer notifies a consumer reporting agency which in turns notifies the furnisher, and only a nonresponsive furnisher may be privately sued).

Here, Plaintiffs have not alleged that a consumer reporting agency notified Defendants of a dispute so as to trigger any duty under § 1681s-2(b). Thus, Plaintiffs claim under 15 U.S.C. section 1681s-2(b) fails. *Rieger v. Am. Exp. Co.*, No. C 11-4202 MEJ, 2011 WL 5080188, at *3 (N.D. Cal. Oct. 25, 2011) (citing *Peasley*, 364 F. Supp. 2d at 1200 (dismissing action because "[t]he first amended complaint does not allege that [Defendant] was ever notified by a credit reporting agency .... Thus, the complaint fails to state a claim for violation of § 1681s-2(b) upon which relief can be granted.").

### d.    The FAC Fails to State a Claim Under the TCPA Because There Are No Factual Allegations to Show That Defendants Used an ATDS to Call Plaintiff

The Court should grant Defendants' anti-SLAPP motion as to Count IV for TCPA violation because the FAC is completely devoid of any factual allegations to show that Defendant Snell & Wilmer was making telemarketing calls or used an ATDS to call Plaintiff Gavin Mehl.

The TCPA prohibits "any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice" to cellular telephones unless it is made "with the prior express written consent of the called party." 47 C.F.R. § 64.1200(a)(2). The regulations define "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." *Id.* § 64.1200(f)(1). "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* § 64.1200(f)(12). The Ninth Circuit has stated that courts

1    should evaluate the content of purported telemarketing "with a measure of common sense."

2         Here, Plaintiffs allege that Lyndsey Torp, a former employee of Defendant Snell & Wilmer

3    called Gavin Mehl's cell phone four times to discuss a possible flood at the Property and issues

4    related to the Underlying Litigation. FAC, ¶¶ 51-87. Common sense dictates that these were not

5    advertising or telemarketing calls—Plaintiffs do not allege that the content of these phone calls was

6    to encourage the purchase of any property, goods or services. *Id.* Thus, it is clear from the FAC that

7    the TCPA does not apply to Ms. Torp's telephone calls to Plaintiff Gavin Mehl.

8         Even if the TCPA did apply—which it does not—to state a claim under the TCPA, a plaintiff

9    must allege that the defendant made a call to his or her cellphone using an ATDS. 47 U.S.C.

10   § 227(b). Earlier this year, the United States Supreme Court explained that "to qualify as an

11   'automatic telephone dialing system,' a device must have the capacity either to store a telephone

12   number using a random or sequential generator or to produce a telephone number using a random

13   or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

14        In the FAC, Plaintiffs merely recite the words of the TCPA and state in a conclusory fashion

15   that Ms. Torp used an ATDS to call Plaintiff Gavin Mehl. As numerous courts have explained, this

16   is insufficient to state a claim for violation of the TCPA. *See, e.g., Klueh v. Paul Vallas for All*

17   *Chicago*, 2020 WL 4934975, at *6 (N.D. Ill. Aug. 24, 2020) (allegations that "merely recite the

18   words of the [TCPA]" or that simply state that the defendant used an ATDS "are conclusory"). A

19   TCPA complaint must include "more robust" details to sufficiently allege the use of an ATDS.

20   *Perez v. Quicken Loans, Inc.*, 2020 WL 1491145, at *3 (N.D. Ill. Mar. 27, 2020).

21        District Courts have repeatedly granted motions to dismiss where a complaint, like the FAC

22   in this case, merely recites the words of the TCPA or that simply state that the defendant used an

23   ATDS. *See, e.g.*, *Stewart v. Network Cap. Fund. Corp.,* 2021 WL 3088011, at *2 (C.D. Cal. July

24   16, 2021) (granting motion to dismiss because "Plaintiff did not allege indicia of ATDS use by, for

25   example, showing the identical, repetitive, or impersonal nature of the calls"); *Hufnus v. DoNotPay,*

26   *Inc.*, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (granting motion to dismiss on the grounds

27   that platforms that contact phone numbers "specifically provided by consumers during" their

28   registration process are not ATDS); *Bader v. Navient Sols., LLC*, No. 18-cv-1367, 2019 WL

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

2491537, at *2 (N.D. Ill. June 14, 2019) (granting defendant's motion for judgment on the pleadings and dismissing complaint with prejudice because plaintiff did not allege facts showing that defendant "used a device that had the ability to generate random or sequential numbers and dial such numbers"); *Watts v. Emergency Twenty Four, Inc.*, 2021 WL 2529613, at *3-*4 (N.D. Ill. June 21, 2021) (granting motion to dismiss on the grounds that allegations that a dialing equipment "is capable of contacting thousands of people a day," "stores numbers ... of persons who have not given their express written consent to be called or who have since withdrawn their consent," and is used to call "Plaintiff and others continually and at all hours of the day and night" are insufficient to show that the defendant used an ATDS to place the calls at issue).

Here, Plaintiff Gavin Mehl does not allege any facts to show that Snell & Wilmer used an ATDS to place the calls at issue. FAC, ¶¶ 51-87. To the contrary, Plaintiffs allegations provide detailed personal conversations with Ms. Torp related to the Property and the Underlying Litigation. *Id.* Indeed, Plaintiff Gavin Mehl alleges that he called Ms. Torp back during the series of phone calls. *Id.* Plaintiffs own allegations therefore establish that Ms. Torp did not use ATDS. *See, e.g., Stewart v. Network Cap. Fund. Corp.*, 2021 WL 3088011, at *2 (C.D. Cal. July 16, 2021) (granting motion to dismiss because "Plaintiff did not allege indicia of ATDS use by, for example, showing the identical, repetitive, or impersonal nature of the calls"). Accordingly, this Court should grant Defendants' anti-SLAPP motion as to Count IV for TCPA violation because Plaintiffs cannot show any likelihood that they will prevail on this claim.

**D.    Defendants Should Be Awarded Reasonable Attorneys' Fees Incurred in Bringing This Anti-SLAPP Motion**

California Code of Civil Procedure section 425.16(c) provides for a mandatory award of attorneys' fees and costs when a special anti-SLAPP motion to strike is granted. Federal courts have held this provision to be substantive, and thus fully applicable to state law claims brought in federal court. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 972 (9th Cir. 1999) (holding that the mandatory fee provision of the anti-SLAPP statute is applicable in federal court); *eCash Tech., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1084 (CD. Cal. 2000). Accordingly, in addition to an order granting their anti-SLAPP motion to strike Plaintiffs' FAC, Defendants

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   request an order awarding their reasonable attorneys' fees and costs in connection with bringing

2   this motion pursuant to Section 425.16(c).[8]

3   **IV.    THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS**

4          As explained in detail above in section III, this Court should grant Defendants' anti-SLAPP

5   Motion because the FAC arises from Defendants' protected activities in connection with the

6   Underlying Litigation and Plaintiffs cannot show a likelihood of prevailing on their claims.

7   However, in the event this Court is inclined to deny Defendants' anti-SLAPP Motion, Defendants

8   respectfully request that it grant Defendants' Motion to Dismiss the FAC pursuant to FRCP

9   12(b)(6) with prejudice.

10         **A.    Legal Standards For A Rule 12(b)(6) Motion**

11         Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:

12              Every defense to a claim for relief in any pleading must be asserted
                in the responsive pleading if one is required. But a party may assert
13              the following defenses by motion: … (6) failure to state a claim upon
                which relief can be granted;
14

15         When considering a Rule 12(b)(6) motion, which tests the legal sufficiency of a complaint,

16   a court also reviews compliance with Rule 8. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

17   Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to

18   relief." FRCP 8(a)(2). The Supreme Court in *Twombly* held that satisfying Rules 8(a)(2) and

19   12(b)(6) requires a plaintiff "to provide the grounds of his entitlement for relief [which] requires

20   more than labels and conclusions, and a formulaic recitation of the elements of the cause of action

21   will not do." *Twombly,* 550 U.S. at 555 (citation omitted.) To survive a motion to dismiss, "factual

22   allegations must be enough to raise the right to relief above the speculative level." *Id.* Courts

23   considering a motion to dismiss are not bound by a complaint's legal conclusions, deductions and

24   opinions couched as facts. *Id.* Moreover, under *Twombly*, such fundamental deficiencies "should

25

26

27   [8] Rather than provide an estimation of its reasonable costs and fees incurred in bringing this anti-SLAPP Motion at this time, Defendants requests that, if the Court strikes any or all of Plaintiffs' claims against Defendants pursuant to California's anti-SLAPP statute, it allow Defendants to submit proof of its actual costs and fees in connection with a

28   follow-up motion for such costs and fees at which time Defendants will be able to more accurately document the costs and fees it actually incurred. *American Humane Ass'n v. Los Angeles Times Corp.,* 92 Cal. App. 4th 1095, 1103 (2001).

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   be exposed at the point of minimum expenditure of time and money by the parties and the Court."

2   *Id.* at 558.

3   Typically, if a court relies on materials outside the pleadings in ruling on a motion to

4   dismiss, it must treat the motion as a motion for summary judgment. *United States v. Ritchie,* 342

5   F.3d 903, 907 (9th Cir. 2003). A "court may, however, consider certain materials -- documents

6   attached to the complaint, documents incorporated by reference in the complaint, or matters of

7   judicial notice -- without converting the motion to dismiss into a motion for summary judgment."

8   *Id.* at 908.

9   Plaintiffs clearly fail to meet the pleading requirements of Rules 12(b)(6) and 8(a)(2). The

10  FAC contains nothing more than a jumble of unsupported allegations, lumped together

11  indiscriminately against multiple defendants without differentiation of which particular allegations

12  are made against which defendants. The resulting hodge-podge is neither "a short and plain

13  statement of the claim showing that the pleader is entitled to relief" under Rule 8(a)(2), nor a set of

14  "factual allegations . . . enough to raise the right to relief above the speculative level" under

15  *Twombly*. Dismissal is warranted.

16  **B.**      **Plaintiffs Fail to Allege Sufficient Facts to State a Claim on Which Relief Can**

17           **Be Granted**

18  This Court should grant Defendants' Motion to Dismiss because each of the Plaintiffs'

19  claims in the Complaint fail to allege sufficient facts to state a claim on which relief can be granted.

20  As explained above in the context of Defendants' anti-SLAPP Motion,[9] which analysis is

21  incorporated herein by reference, the first and second counts in the FAC for violation of the FDCPA

22  and Rosenthal Act fail because Plaintiffs have not and cannot allege facts to show there was a

23  transaction between the parties, or that Defendants are debt collectors as defined under either

24  statute.

25

26  _____

27  [9] As explained, Ninth Circuit courts analyze the second prong of the anti-SLAPP test in the same manner as a motion to dismiss pursuant to Rule 12(b)(6) where the anti-SLAPP motion is based on pleading deficiencies. *Rogers,* 57 F.

28  Supp. 2d at 983. Since Defendants' anti-SLAPP motion challenges in part the sufficiency of Plaintiffs' factual allegations in the Complaint, Defendants already discussed the pleading deficiencies of the Complaint in section III.C.2.

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

The third count for violation of the FCRA fails because Plaintiffs cannot allege facts to establish that Defendants are furnishers of credit information and even if they were, Defendants cannot be liable to Plaintiffs because Defendants did not receive a formal notice of consumer dispute from a consumer reporting agency.

The fourth count in the FAC for violation of the TCPA also fails because Plaintiff Gavin Mehl has not—and cannot—allege facts to show that Defendant Snell & Wilmer made any advertising or telemarking telephone calls using an ATDS.

In sum, Plaintiffs have alleged nothing against Defendants to meet even the basic "short and plain statement of the claim." FRCP 8(a)(2). Plaintiffs have not and cannot meet this basic standard because there are simply no facts, evidence or information to support any claim against Defendants—even after Defendants stipulated to allowing Plaintiffs to file an amended complaint. Accordingly, this Court should grant Defendants' Motion to Dismiss without leave to amend.

## V.   CONCLUSION

Plaintiffs concocted the instant lawsuit in an effort to stave off the inevitable: an order of eviction from the Sacramento Superior Court. That was unsuccessful. This Court should not condone Plaintiffs' continued abusive litigation practices.  Based on the foregoing, Defendants respectfully request that the Court grants the anti-SLAPP Motion, or in the alternative, dismiss the Complaint without leave to amend pursuant to FRCP Rule 12(b)(6). Defendants further request such other and additional relief as the Court deems just and proper.

Dated: December 17, 2021                    SNELL & WILMER L.L.P.


                                            By: */s/ Eric S. Pezold*
                                               Eric S. Pezold
                                               Andrew B. Still

                                            Attorneys for Defendants

DEFENDANTS' SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS

1

## CERTIFICATE OF SERVICE

2

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

3

4

On December 17, 2021, I served, in the manner indicated below, the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO CAL. CODE CIV. PROC. § 425.16 AND TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action:

5

6

7

**Ron Cupp**                                                   Plaintiffs
150 Raley Town Center, Ste 2512
Rohnert Park, CA 94926

8

9

**Gavin Mehl**
1400 36th St
Sacramento, CA 95816

10

11

☒        BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (F.R.C.P. § 5 (b)(2)(C)).

12

13

14

15

☒        BY E-FILING (USDC Eastern): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

16

17

☒        FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

18

19

EXECUTED on December 17, 2021, at Costa Mesa, California.

20

21

_____
Kelley Nestuk

22

23

24

25

26

27

28