Eric S. Pezold, Bar No. 255657
epezold@swlaw.com
Andrew B. Still, Bar No. 312444
astill@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL; RON CUPP; and DOES 1-10 inclusive consumers,<br><br>Plaintiffs,<br><br>vs.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST; SNELL & WILMER L.L.P.; ANDREW B. STILL an individual, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:21-CV-01861-TLN-JDP<br><br>**JOINT SCHEDULING REPORT**<br><br>Scheduling Conference:<br>Date:    June 23, 2022<br>Time:    10:00 a.m. |

Pursuant to this Court's Order Setting Mandatory Scheduling Conference [Docket No. 3] ("Scheduling Conference Order"), Plaintiffs Gavin Mehl and Ron Cupp (together, "Plaintiffs") and Defendants Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Wilmington" or "WT"), Snell & Wilmer L.L.P. and Andrew B. Still (collectively, "Defendants") (Plaintiffs and Defendants are referred to collectively herein as the "Parties"), jointly submit this Scheduling Report.

**JOINT SCHEDULING REPORT**

**1.     Overview.**

In this action, Plaintiffs claim that Defendants violated state and federal laws and have filed a First Amended Complaint [Docket No. 16] ("Complaint"), asserting claims for relief under (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.; (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788; (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.; and (4) the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiffs seek monetary damages, in the form of statutory, treble and punitive damages, and injunctive relief.

Defendants have filed a Motion to Strike the Complaint pursuant to California Code of Civil Procedure § 425.16 and to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 18] ("Motion to Dismiss"). The Motion to Dismiss is fully briefed and is pending before the Court.

**2.     Deadline for Amendments.**

Plaintiffs filed their First Amended Complaint on December 3, 2021 [Docket No. 16]. Defendants filed their Motion to Dismiss on December 17, 2021, which is currently pending before the Court.

**3.     Factual Summary.**

   *a.     Plaintiffs' Statement*

Gavin Mehl ("Mehl") leased two units for a property in Sacramento [First Amended Complaint ("FAC") ¶ 11]. Mehl was served a notice of failure to pay rent from the landlord ("debt") [FAC ¶ 12]. WT was assigned the debt in default and referred Mehl to Snell & Wilmer with authorization to sue. Snell & Wilmer issued notice to quit, and filed case 20UD01465 [FAC ¶ 13-16]. WT and Snell & Wilmer stipulated to pay Mehl costs of suit and dismissed case 20UD01465 [FAC ¶ 18].

Mehl applied for credit and was denied due to defendants inaccurate reporting of the dismissed case 20UD01465 [FAC ¶ 20-26].

Mehl served WT a Notice of dispute [FAC ¶ 27-28]. WT did not respond to the Notice of dispute and initiated case 21UD01125 [FAC ¶ 30-35]. In discovery of case 21UD01125, WT admitted the total debt owed was $59,208.24 [FAC ¶ 38].

Snell & Wilmer began a series of collection calls to Mehl's using a device with the capacity to store a telephone number using a random or sequential generator (see ¶ 48-89 FAC).

Ron Cupp ("Cupp") was denied credit due to inaccurate reporting of case 21UD01125 (FAC ¶ 46, 47, 90-102 FAC). Mehl and Cupp informed the credit reporting agencies ("CRA's") that their credit reports included inaccurate information [FAC ¶ 103-104].

On information and belief, defendants were notified by the CRA's and responded to the CRAs who notified Plaintiffs that the status of "judgment entered" was correct [FAC ¶ 103-104]. Plaintiffs requested reinvestigation [FAC ¶ 109-110]

On October 8, 2021, Plaintiffs' filed the instant action (Dkt. No. 1). Defendants filed their Motion to Strike Complaint Pursuant to Cal. Code. Civ. Proc. § 425.16 and to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Motion to Strike"). [*See generally*, Motion to Strike (Dkt. No. 7)].

The parties stipulated to allow Plaintiffs an extension of time to file a first amended complaint. [*See generally*, Stipulation (Dkt. No. 14)]. On December 3, 2021, Plaintiffs filed the operative First Amended Complaint for violations of Consumer Protection Laws, including 15 U.S.C. § 1692 Fair Debt Collection Practices Act (hereinafter "FDCPA") and Civil Code § 1788 *et seq.,* California Rosenthal Fair Debt Collection Practices Act (hereinafter "CFDCPA"), 15 U.S.C. 1681s-2(b), Fair Credit Reporting Act (hereinafter "FCRA") and Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii),. [*See generally*, FAC (Dkt. No. 16)].

On December 18, 2021, Defendants filed their Motion to Strike First Amended Complaint Pursuant to Cal. Code. Civ. Proc. § 425.16 and to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Motion to Strike"). [*See generally*, Motion to Strike (Dkt. No. 18)].

b. *Defendants' Statement*

This action stems from unlawful and forcible detainer actions (the "Underlying Litigation") Wilmington filed against, *inter alia*, Plaintiffs herein in the Superior Court of California, Sacramento County ("State Court") to obtain possession of the residential real property located at 1400 36th Street, Sacramento, CA ("Property").

On July 2, 2020, Wilmington acquired title at a trustee's sale to the Property. The prior owner of the Property was Ikon Homes, Inc. ("Ikon"), a third-party not related to either Plaintiffs or Defendants. On October 6, 2020, Defendant Wilmington served on Ikon and any others in possession of the Property a three-day notice to quit and vacate the Property. On October 28, 2020, because possession of the Property was not delivered to Wilmington, it filed a Complaint for Unlawful Detainer ("UD Complaint") in the State Court, commencing the case titled *Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust v. Ikon Homes, Inc.*, Case No. 20UD01465 (the "UD Case").

On April 26, 2021, in response to the UD Complaint, Plaintiff Gavin Mehl filed a prejudgment claim of right to possession. On May 3, 2021, Plaintiff Mehl filed a Motion to Strike and a Demurrer to the UD Complaint.

On May 12, 2021, because there was no privity of contract between the parties and no basis for the Plaintiffs to possess the Property, Wilmington dismissed the UD Complaint. On May 24, 2021, Wilmington served Plaintiffs, among others, with a written demand to surrender the Property.

On June 14, 2021, Defendant Wilmington, through its counsel, Defendant Snell & Wilmer LLP, filed a Complaint for Forcible Detainer ("FD Complaint") in the State Court, commencing the case titled *Wilmington Trust, National Association, Not in Its Individual Capacity, But Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust v. Laurie Harms, Gavin Mehl, et. al,* Case No. 21UD01125 (the "FD Case"). The FD Complaint alleges that approximately one

month after Wilmington took possession of the Property from the prior owner (Ikon), Plaintiffs, among others, unlawfully entered, forcibly detained and continued and refused to vacate the Property.

On July 29, 2021, Plaintiff Gavin Mehl filed a Motion to Quash in the FD Case. On August 9, 2021, the State Court granted the Motion to Quash in part merely because Wilmington conceded it mistakenly served Mehl with an incorrect copy of the complaint (containing a mistaken allegation regarding the county where the Property was located which was corrected prior to filing), and thus Wilmington re-served the summons with the correct version of the complaint. On August 18, 2021, Mehl filed a Motion to Dismiss Action for Delay in Prosecution in the FD Action. On August 26, 2021, the State Court denied that motion to dismiss.

On or about August 23, 2021, Defendant Wilmington filed its First Amended Complaint in the FD Case. On September 7, 2021, Mehl filed (1) a Demurrer to Wilmington's First Amended Complaint; (2) a Motion to Strike Wilmington's Complaint; and (3) a Motion to Reclassify from Limited to Unlimited. On October 4, 2021, the State Court denied each of these motions.

On October 15, 2021, Mehl filed a Motion for Sanctions in the FD Case, setting forth largely the same assertions as the allegations in this lawsuit and his Demurrer and Motion to Strike. After Wilmington filed an opposition, Mehl elected not to prosecute his Motion for Sanctions.

On October 19, 2021, Wilmington filed its Motion for Summary Judgment in the FD Case, and Mehl filed his opposition on October 25, 2021. At the hearing on October 26, 2021, the State Court granted Wilmington's Motion for Summary Judgment finding that Wilmington established each element of its claim for forcible detainer. The State Court thereafter entered judgment in favor of Wilmington and against all defendants—including Plaintiffs herein Gavin Mehl and Ron Cupp—ruling that Wilmington is entitled to possession of the Property and that its judgment applies to all occupants of the Property. On November 8, 2021, the Clerk of the State Court issued its Writ of Possession.

On November 22, 2021, Plaintiff Mehl filed his Motion for New Trial, in the Alternative Deny the New Trial Motion and Grant Alternative Relief under CCP § 662. The next day, the day prior to Thanksgiving, Mehl filed his *Ex Parte* Motion for Stay of Execution Pending Writ of Mandate, seeking to advance the hearing on the Motion for New Trial and to stay enforcement of the judgment through the adjudication of such motion. Just minutes before the hearing on the Motion for New Trial on November 30, 2021, which the State Court advanced pursuant to Mehl's request, Mehl removed the Forcible Detainer Action to this Court, commencing Case No. 2:21-cv-02201-JAM-JDP. The basis for the removal was federal question jurisdiction, diversity jurisdiction and civil rights removals and injunctions. In his Notice of Removal, Mehl attached the Complaint and his Answer, and represented to the Court that those pleadings, along with the summons and civil case cover sheet, constitute "all process, pleadings, and orders in the State Court Action." Mehl did not attach, among other things, the State Court's orders denying his motion to strike, demurrer or motion to quash. Mehl did not attach the State Court's order granting Wilmington's summary judgment motion against him. Mehl did not attach the judgment entered by the State Court or the Writ of Possession.

On December 2, 2021, this Court entered its Sua Sponte Order Remanding Action to State Court. Following remand, the State Court entered its Sua Sponte Order Denying Mehl's Ex Parte Application to Stay the Writ of Possession. In its Order, the State Court noted that continuing any sort of stay "would be unwise given [Mehl's] lack of good faith ...." [*Id*.] The Sacramento County Sheriff thereafter levied the Writ of Possession and removed the Plaintiffs, and all other unlawful occupants, from the Property. On December 13, 2021, the State Court denied Mehl's Motion for New Trial. Mehl has appealed the State Court's judgment.

At various times during the pendency of the Underlying Litigation, Lyndsey Torp, a former employee of defendant Snell & Wilmer LLP, placed phone calls to plaintiff Mehl. Except as set forth herein, Defendants contest the remaining facts alleged in the Complaint and herein.

**4.     Legal Issue Summary.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1337 based on Plaintiffs' first claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., third claim for relief under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and fourth claim for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the second claim for relief under the Rosenthal Act, California Civil Code § 1788. Venue is proper as this action pursuant to 28 U.S.C. § 1391(b)(2).

5. **Procedural Status.**

Defendants filed their Motion to Dismiss on December 17, 2021, which is fully briefed and currently pending before the Court. In addition, on January 20, 2022, Plaintiffs filed a Counter-Motion to Strike Defendant's Certain Scandalous and Immaterial Matter as to Defendants Anti-SLAPP Motion and Motion to Dismiss [Docket No. 20] ("Counter-Motion"). Briefing on the Counter-Motion is closed, and that motion is likewise pending before the Court.

6. **Discovery Plan.**

In light of the Defendants' pending Motion to Dismiss, there has been no discovery to date and the Parties agree that it is premature to develop a Rule 26(f) Discovery Plan and to provide the disclosures required by Rule 26(a). The Parties agree to meet and confer to create a Rule 26(f) Discovery Plan, to provide the disclosures required by Rule 26(a) and to address the other issues identified on the Court's Scheduling Conference Order within thirty (30) days following the ruling on Defendants' Motion to Dismiss, if necessary.

Notwithstanding the foregoing, the Parties do not anticipate that discovery should be conducted in phases and agree that fact discovery should be completed approximately one year from the issuance of any Scheduling Order. The Parties agree that expert discovery, if necessary, should be completed within the timeframe provided under the Civil Rules.

7. **Discovery Relating to Electronic, Digital and Magnetic Data.**

In light of the Defendants' pending Motion to Dismiss, there has been no discovery to date and the Parties agree that it is premature to develop a Rule 26(f) Discovery Plan or address the issue identified in paragraph 7 of the Court's Scheduling Conference Order. The Parties agree

to meet and confer to create a Rule 26(f) Discovery Plan and to address the issues identified in paragraph 7 of the Court's Scheduling Conference Order within thirty (30) days following the ruling on Defendants' Motion to Dismiss, if necessary.

8. **Duty to Meet and Confer.**

In light of the Defendants' pending Motion to Dismiss, there has been no discovery to date and the Parties agree that it is premature to develop a Rule 26(f) Discovery Plan or address the issues identified in paragraph 8 of the Court's Scheduling Conference Order. The Parties agree to meet and confer to create a Rule 26(f) Discovery Plan and to address the issues identified in paragraph 8 of the Court's Scheduling Conference Order within thirty (30) days following the ruling on Defendants' Motion to Dismiss, if necessary.

9. **Agreed-Upon Dates.**

As the pleadings are not yet closed and Defendants' Motion to Dismiss remains pending, the Parties agree that it is premature to set a cutoff date for law and motion, a pre-trial conference and a trial date. The Parties agree to meet and confer within thirty (30) days following the ruling on Defendants' Motion to Dismiss to propose the foregoing dates, if necessary.

10. **Settlement.**

As the pleadings are not yet closed and Defendants' Motion to Dismiss remains pending, the Parties have not discussed amenability to a settlement conference.

11. **Jury.**

The Parties agree that this is a non-jury case.

12. **Trial Length.**

As the pleadings are not yet closed and Defendants' Motion to Dismiss remains pending, the Parties agree that it is premature to set a trial date. Notwithstanding the foregoing, the Parties anticipate that trial will run 5-7 days.

13. **Consent.**

The Parties consent to proceed before a U.S. Magistrate Judge.

14. **Procedural Proposals.**

As the pleadings are not yet closed and Defendants' Motion to Dismiss remains pending, the Parties agree that it is premature to make any procedural proposals. The Parties agree to meet and confer within thirty (30) days following the ruling on Defendants' Motion to Dismiss to discuss any such proposals, if necessary.

**15.    Related Matters.**

Wilmington voluntarily dismissed the Unlawful Detainer Action (State Court Case No. 20UD01465). Judgment has been entered in the Forcible Detainer Action in favor of Wilmington and against Plaintiffs (State Court Case No. 21UD01125). Plaintiff Mehl has filed an appeal of that judgment.

Dated: June 9, 2022                                SNELL & WILMER L.L.P.

By: _/s/ (signature)_
Eric S. Pezold
Andrew B. Still

Attorneys for Defendants

Dated: June 8, 2022

By: _/s/ Gavin Mehl_
Gavin Mehl, Plaintiff

Dated: June 8, 2022

By: _/S/ Ron Cupp_
Ron Cupp, Plaintiff

Mehl, et al. v. Wilmington Trust, et al.; Case No. 2:21-CV-01861-TLN-JDP

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On June 9, 2022, I served, in the manner indicated below, the foregoing document described as: **JOINT SCHEDULING REPORT** on the interested parties in this action:

| | |
|---|---|
| **Ron Cupp**<br>150 Raley Town Center, Ste 2512<br>Rohnert Park, CA 94926<br><br>**Gavin Mehl**<br>5960 S Land Park Dr. #1166<br>Sacramento, CA 95822 | **Plaintiffs** |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒ BY E-FILING (USDC Eastern): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on June 9, 2022, at Costa Mesa, California.

SNELL & WILMER L.L.P.


By: /s/Kimberly A. Collins
Kimberly A. Collins

PROOF OF SERVICE

2:21-CV-01861-TLN-JDP