UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL, *et al.*, | Case No. 2:21-cv-01861-TLN-JDP (PS) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED AND PLAINTIFFS' MOTION TO STRIKE BE DENIED |
| v. | |
| WARREN GREEN, *et al.*, | |
| Defendants. | ECF Nos. 18 & 20 |
| | ORDER DENYING PLAINTIFFS' MOTION TO FILE DOCUMENTS ELECTRONICALLY AND DENYING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| | ECF Nos. 6 & 18 |

Defendants Wilmington Trust, N.A., Snell & Wilmer, L.L.P., and Andrew B. Still move to strike plaintiffs Gavin Mehl and Ron Cupp's first amended complaint under California's anti-SLAPP statute or, in the alternative, to dismiss it under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have moved to strike defendants' motion and for permission to file documents electronically. I recommend that defendants' motion to dismiss be granted, the amended complaint be dismissed for failure to state a claim, and plaintiffs' motion to strike be denied.[1]  I

---

[1] Because the first amended complaint should be dismissed for failure to state a claim, I need not address defendants' motion to strike all claims under California's anti-SLAPP statute. However, since I recommend that plaintiffs be granted leave to file an amended complaint, which could result in further motion practice, it is worth noting that California's anti-SLAPP statute

1

1   will also deny plaintiffs' motion to file documents electronically and defendants' request for
2   judicial notice.

### Plaintiffs' Motions

Plaintiffs request permission to file documents electronically. ECF No. 6. Under Local Rule 133, parties appearing without counsel are required to file paper documents unless the assigned district judge or magistrate judge grants permission to file electronically. Plaintiffs' motion does not establish a need to file electronically, and plaintiffs have demonstrated an ability to file documents conventionally. Accordingly, I see no reason to deviate from the general rule, and their motion is denied.

Plaintiffs also move to strike certain phrases from defendants' motion—i.e., defendants' contentions that plaintiffs are "squatters" who "broke into" and "trespass[ed]" on property owned by defendant Wilmington Trust, N.A. ("Wilmington")—arguing that these statements are "scandalous" and will prejudice them at trial. ECF No. 20 at 5-6. They also ask the court to strike defendants' statement that the "FAC fails to state a claim under the TCPA because there are no factual allegations to show that defendant used ATDS to call plaintiff." *Id.* at 9.

Courts can strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An allegation is scandalous if it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004); *see also In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (observing that scandalous matters include allegations "that cast a cruelly derogatory light on a party or other person"). Because motions to strike are disfavored, they are typically "denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." *See Travelers Cas. & Sur. Co. of Am. v. Dunmore*, No. 2:07-cv-02493-LKK-DAD, 2010 WL 5200940, at *3 (E.D. Cal. 2010). The statements plaintiffs seek to

---

applies only to state, and not federal, claims. *See Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F. Supp. 2d 1172, 1182 (C.D. Cal. 2006); *see also Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 ("[W]e have long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction.").

2

strike relate to the controversy at issue. Moreover, plaintiffs have not demonstrated that they will be prejudiced. Accordingly, I recommend that plaintiffs' motion to strike be denied.

**Defendants' Motion to Dismiss**

I.      <u>Factual Allegations</u>

In June 2020, Mehl allegedly leased two housing units on a piece of property located in Sacramento, California. ECF No. 16 at 4. In September 2020, after losing his job and falling behind on the rent, Mehl was served with a notice of failure to pay rent. *Id.* The following month, Mehl received a notice to vacate the units within three days. *Id.* at 4, 27. He apparently remained in the units, and on October 28, 2020, Wilmington, the owner of the property, commenced an unlawful detainer action against him. *Id.* at 4, 29-32. Wilmington, represented by Snell & Wilmer, eventually reached an agreement with Mehl for dismissal of that action. *Id.* at 5, 35-36.

In June 2021, Mehl attempted to secure a loan to help him pay his rent. *Id.* at 5. However, he was allegedly informed that he did not qualify for financial assistance because of the unlawful detainer action. *Id.* Mehl then served a notice of dispute on Wilmington regarding the unlawful detainer action. *Id.* According to plaintiffs, "[t]he notice of dispute placed a statutory duty on [Wilmington] to conduct an investigation, report incomplete or inaccurate information within the meaning of FCRA, to stop collecting and validate or verify the alleged rental debt." *Id.* at 6.

That same month, defendants filed a forcible detainer case against Mehl, Cupp, and other individuals residing in the two units. *Id.* at 6, 43, 66. In August 2021, Mehl served defendants with a second notice of dispute. *Id.* at 7, 48. He also obtained a copy of his credit report, which reflected judgments against him in both the earlier unlawful detainer action and the ongoing forcible detainer case. *Id.* at 7. Plaintiffs appear to claim that Equifax investigated Mehl's credit and determined that the judgments against him were valid. *Id.* at 14. Plaintiffs also appear to allege that Equifax investigated Cupp's credit and determined that the judgment against him for the forcible detainer case was valid. *Id.*

3

Plaintiffs allege that a bank denied Cupp a line of credit because of the forcible detainer action, that "Cupp's good credit [was] ruined by defendant's [sic] fraudulent debt collection case," and that "Cupp served [defendants with a] notice of credit dispute." *Id.* at 13-14.

In August 2021, Snell & Wilmer allegedly engaged in a series of collection calls to Mehl. *Id.* at 8. Plaintiffs allege that "the calls were made using a device with the capacity to store a telephone number using a random or sequential generator." *Id.* They allege that during each call Mehl spoke with Lyndsey Torp, an attorney employed by Snell & Wilmer, about the underlying action and the rental units. *Id.* at 9. They claim that Mehl informed Torp that he had not consented to receiving collection calls on his cell phone and asked her to remove his number from the collection list. *Id.* at 9-12.

Based on these allegations, plaintiffs claim that each defendant violated the Fair Debt Collection Practices Act ("FDCPA"), California's Rosenthal Act ("Rosenthal Act"), and the Federal Fair Credit Reporting Act ("FCRA"), and that Snell & Wilmer violated the Telephone Consumer Protection Act ("TCPA"). *Id.* at 15-22.

II.  Rule 12(b)(6) Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

4

1  which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.
2  308, 322 (2007).  The court is to "accept all factual allegations in the complaint as true and
3  construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp.,*
4  *Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, "the tenet that a court
5  must accept as true all of the allegations contained in a complaint is inapplicable to legal
6  conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "While legal conclusions can
8  provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679.
9  Those facts must be sufficient to push the claims "across the line from conceivable to plausible."
10 *Id.* at 683.  Ultimately, the allegations must "give the defendant fair notice of what the . . . claim
11 is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and
12 citation omitted).
13 III.   Analysis
14      Plaintiffs have failed to state a claim under the FDCPA, FCRA, or TCPA.  These claims
15 should therefore be dismissed, and the court should decline to exercise supplemental jurisdiction
16 over the remaining state law claim.
17      A.   Fair Debt Collection Practices Act
18      Defendants argue that plaintiffs' complaint fails to state a claim under the FDCPA
19 because plaintiffs cannot "establish that a debt is owed, [that] there was a transaction between the
20 parties, or that Defendants are debt collectors as defined under the FDCPA."[2]  ECF No. 18 at 16-
21 17.
22      The FDCPA was enacted "to eliminate abusive debt collection practices by debt
23 collectors, to insure that those debt collectors who refrain from using abusive debt collection
24 practices are not competitively disadvantaged, and to promote consistent State action to protect
25 consumers against debt collection abuses."  15 U.S.C. § 1692(e).  To effectuate this purpose, the

---

[2] Defendants ask the court to take judicial notice of state court records and documents related to the underlying action.  ECF No 18-1.  These documents, which appear to relate primarily to defendants' motion to strike, need not be considered in resolving their motion to dismiss.  Accordingly, defendants' request for judicial notice is denied as unnecessary.

5

1  FDCPA prohibits a "debt collector" from making false or misleading representations and from
2  engaging in various abusive and unfair practices. *See Schlegel v. Wells Fargo Bank, N.A.*, 720
3  F.3d 1204, 1207-08 (9th Cir. 2013).

4  "To establish a claim under the FDCPA, a plaintiff must show: (1) she is a consumer
5  within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into
6  for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C.
7  § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA." *Alonso v.*
8  *Blackstone Fin. Grp. LLC*, 962 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013) (quoting *Laugenour*
9  *v. Northland Grp. Inc.*, No. 2:12-cv-02995-GEB-DAD (PS), 2013 WL 3745727, at *2 (E.D. Cal.
10 July 15, 2013)). Under the FDCPA, a debt collector is defined as "any person who uses any
11 instrumentality of interstate commerce or the mails in any business the principal purpose of which
12 is the collection of any debts, or who regularly collects or attempts to collect, directly or
13 indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
14 "Because these prohibitions apply only to 'debt collectors' as defined by the FDCPA, the
15 complaint must plead 'factual content that allows the court to draw the reasonable inference' that
16 [the defendant] is a debt collector." *Schlegel*, 720 F.3d at 1208.

17 Plaintiffs allege that defendants are debt collectors under the FDCPA because they
18 attempted to collect the debt associated with the state court case. ECF No. 16 at 15. Defendants
19 attempts to collect a single debt, however, do not make them debt collectors. *See Alexander v.*
20 *Wells Fargo Bank, N.A.*, No. C15-459RAJ, 2015 WL 5123922, at *5 (W.D. Wash. Sept. 1, 2015)
21 (dismissing the FDCPA claims because the complaint did not allege that defendants' "principal
22 business is to collect debts or that they regularly do so on behalf of others"); *c.f. Smith v. Credit*
23 *Corp Sols., Inc.*, No. 3:20-CV-01295-JAH-RBB, 2022 WL 959597, at *4 (S.D. Cal. Mar. 30,
24 2022) (finding that the amended complaint sufficiently alleged a FDCPA claim because it
25 "alleges that Credit Corp is 'a collection agency which regularly collects consumer debts,'
26 'engages in debt collection,' and 'are debt collectors' as defined by 15 U.S.C. § 1692a(6)").
27 Accordingly, plaintiff's FDCPA claim should be dismissed with leave to amend. *See In re Daou*
28

6

*Systems, Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

      B.      Fair Credit Reporting Act

Defendants argue that the amended complaint does not state an FCRA claim because it does not contain factual allegations establishing that defendants are "furnishers" of credit information or that a credit reporting agency ("CRA") provided defendants with notice of a consumer dispute. ECF No. 18 at 19-20.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). To ensure the accuracy of consumer credit reports, the FCRA imposes certain duties on sources, known as "furnishers," that provide information to credit reporting agencies. *Id*. Under 15 U.S.C. § 1681s-2(b), a furnisher of information must, after receiving notice from a CRA of a dispute regarding furnished information, conduct an investigation; review all relevant information provided by the CRA; and report its findings of the investigation to the CRA. The FCRA provides a private right of action against furnishers that fail to comply with the duties described in 15 U.S.C. § 1681a-2(b). Although the FCRA does not define the term "furnisher," courts have defined it as an entity that "transmits information concerning a particular debt owed by a particular consumer" to a CRA. *See Heras v. Nelnet, Inc.*, 2017 WL 4586334, at *5 (C.D. Cal. Apr. 28, 2017).

Plaintiffs allege that defendants were aware that Mehl's credit report inaccurately showed that the unlawful detainer and forcible detainer actions resulted in judgments against him. ECF No. 16 at 6-7. Plaintiffs also appear to allege that Cupp notified defendants that he disputed the entry of judgment from the forcible detainer action. *Id.* at 13-14. Plaintiffs, however, do not allege that a CRA provided defendants with a notice of a dispute, which is required to trigger the statutory duties under § 1681s-2(b). *See Gorman*, 584 F.3d at 1154 (stating "duties [under § 1681s-2(b)] arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger the furnishers' duties under subsection (b)"). Because the complaint only alleges that plaintiffs provided notices

of a dispute directly to defendants, they have not stated a FCRA claim.³  Accordingly, this claim should be dismissed with leave to amend.  *See In re Daou Systems, Inc.*, 411 F.3d at 1013.

   C. <u>Telephone Consumer Protection Act</u>

  Plaintiffs alleges that defendant Snell & Wilmer violated the TCPA when one of its attorneys, Lyndsey Torp, called Mehl four times.  ECF No. 16 at 8-12.  Defendants argue that the TCPA claims are insufficient because the complaint failed to allege that Snell & Wilmer either made telemarketing calls or used an automatic telephone dialing system.  ECF No. 18 at 22-24.

  The TCPA prohibits making calls with an automatic telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service unless the call is made for emergency purposes or with the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A).  The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  *Id.* § 227(a)(1).

  Plaintiffs allege that Torp called Mehl on four different occasions, and that each call was "made using a device with the capacity to store a telephone number using a random or sequential generator."  ECF No. 16 at 9.  Aside from the conclusory nature of this allegation, their contention that Torp used an automatic dialer system is implausible in light of the complaint's factual allegations.  Plaintiffs allege that each of the calls concerned either specific problems occurring at the subject property or the state court cases, *id.* at 9-12, thereby dispelling any notion that the calls were made randomly.  *See Hufnus v. DoNotPay, Inc.*, No. 20-CV-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (finding that numbers specifically provided by the consumer did not meet the TCPA's "random or sequential number generator" to qualify under TCPA).  Several courts have held that when a plaintiff provides their number—which is the only logical explanation in this case—a TCPA claim does not lie—even if the plaintiff claims that the defendant used an autodialer.  *See Brickman v. Facebook, Inc.*, No. 16-CV-00751-WHO, 2021 WL 4198512, at *2 (N.D. Cal. Sept. 15, 2021); *Franco v. Alorica Inc.*, No. 2:20-CV-05035-

---

³ Given that dismissal is appropriate on this ground, I decline to address defendants' argument that the complaint fails to allege sufficiently that they are furnishers under the FCRA.

DOC-KESX, 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021) ("When a defendant randomly makes calls from a curated list, it is not randomly or sequentially *generating* phone numbers."). Plaintiffs' TCPA claims should also be dismissed with leave to amend. *See In re Daou Systems, Inc.*, 411 F.3d at 1013.

### D.   State Law Claim

Plaintiffs remaining claim is for violation of California's Rosenthal Fair Debt Collection Practices Act. ECF No. 16 at 16-18. The complaint does not establish diversity of the parties and, as discussed above, plaintiffs have yet to allege a cognizable federal claim. *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction). Consequently, there is no basis for exercising supplemental jurisdiction over plaintiffs' state law claim, and it too should be dismissed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7. (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law."). Accordingly, plaintiffs' state law claim should also be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' motion for permission to file documents electronically, ECF No. 6, is denied.

2. Defendants' request for judicial notice, ECF No. 18, construed as a motion, is denied as unnecessary.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 18, be granted.

2. Plaintiffs' FDCPA, FCRA, and TCPA claims be dismissed with leave to amend.

3. The court decline to exercise supplemental jurisdiction over plaintiffs' Rosenthal Act claim.

4. Plaintiffs' motion to strike, ECF No. 20, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE