Eric S. Pezold, Bar No. 255657
epezold@swlaw.com
Andrew B. Still, Bar No. 312444
astill@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:     714.427.7000
Facsimile:     714.427.7799

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL; RON CUPP; and DOES 1-10 inclusive consumers,<br><br>Plaintiffs,<br><br>vs.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST; SNELL & WILMER L.L.P.; ANDREW B. STILL an individual, and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:21-cv-01861-TLN-JDP<br><br>**DEFENDANTS' LIMITED OBJECTION TO FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED**<br><br>[Docket No. 38] |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Defendants Wilmington Trust, National Association, not in its Individual Capacity, but Solely as Trustee of MFRA Trust 2016-1, a Delaware Statutory Trust ("Wilmington"), Snell & Wilmer L.L.P. and Andrew B. Still (collectively, "Defendants"), respectfully submit the following Limited Objection to the Court's Findings and Recommendation that Defendants' Motion to Dismiss be Granted [Docket No. 38] ("Findings and Recommendation").

This Limited Objection is made pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 304 of the Local Rules of Practice for the Eastern District of California, and is made on the following grounds:

1. On September 2, 2022, the Honorable Jeremy D. Peterson, United States Magistrate Judge, issued his Findings and Recommendation to this Court regarding the above-captioned case. In the Findings and Recommendation, His Honor recommends, among other things, that Defendants' Motion to Dismiss [Docket No. 18] be granted. Specifically, His Honor recommends that each of the claims asserted in Plaintiffs' First Amended Complaint [Docket No. 16] be dismissed as to Defendants, but that Plaintiffs be afforded an opportunity to file another amended complaint to cure the several deficiencies that were identified in the Findings and Recommendation.

2. Defendants file this Limited Objection to the Findings and Recommendation solely to the extent that it recommends that Plaintiffs be granted leave to file a second amended complaint. Defendants further object, on a limited basis, to the recommendation that Defendants' Request for Judicial Notice [Docket No. 18-1] not be granted, as judicial notice of those documents, including specifically Exhibits 19 and 25, which are orders from the Sacramento Superior Court, demonstrate that dismissal of Plaintiffs' claims without leave to amend is warranted.

This Limited Objection is based on Defendants' Motion to Dismiss, the Request for Judicial Notice submitted in support thereof, His Honor's Findings and Recommendation, the other pleadings and papers on file with the Court in this action, and such other matters that may be properly received by the Court.

Dated:  September 9, 2022             SNELL & WILMER L.L.P.


                                      By: */s/ Eric S. Pezold*
                                          Eric S. Pezold
                                          Andrew B. Still

                                      Attorneys for Defendants

## I. INTRODUCTION

Defendants agree with the Findings and Recommendation and submit this Limited Objection only to request that leave to amend the First Amended Complaint not be granted. Plaintiffs' claims are based on a fiction and are part of a larger scheme to frustrate and interfere with Wilmington's forcible detainer lawsuit against Plaintiffs. The Sacramento Superior Court ("State Court") has already entered judgment against Plaintiffs for forcible detainer, and specifically found that Plaintiff Mehl took possession of the subject residential property without any valid claim or right to possession and without Wilmington's authorization. After litigating in State Court, an improper removal to this Court as well as to the Bankruptcy Court of this District, Plaintiffs have now commenced this lawsuit based on the dishonest and false allegation that Plaintiffs owed unpaid "rent" to Wilmington and which Wilmington (and its lawyers) attempted to recover. This is blatantly false and contradicted by the State Court's detailed findings and rulings – where the State Court specifically found Plaintiffs liable for *forcible* detainer (i.e., the unauthorized occupation of another's property without their consent).

Based on this categorically false and judicially controverted allegation of unpaid rent, Plaintiffs have asserted claims for violation of the Fair Debt Collection Practices Act ("FDCPA") (and its state law counterpart) and the Fair Credit Reporting Act ("FCRA"). Plaintiffs also assert claims under the Telephone Consumer Protection Act ("TCPA") in connection with four phone calls placed by Wilmington's lawyers to Mehl in connection with the subject property and the underlying lawsuit. These claims are fabricated, deceitful and constitute not only a waste of judicial resources but a mockery of state and federal laws. Ultimately, for the reasons set forth herein and in the Findings and Recommendation, any amendment of Plaintiffs' claims would be futile. In addition, Plaintiffs have acted in bad faith and have already had an opportunity to amend their complaint. Accordingly, Defendants respectfully request that leave to file another amended complaint not be granted.

## II. STATEMENT OF RELEVANT FACTS

The underlying substantive facts are set forth in the Motion to Dismiss and the Findings and Recommendation. By way of procedural background, Plaintiffs commenced this action on

October 8, 2021 by filing their complaint for alleged violations of the FDCPA and its state law counterpart, the TCPA, intentional infliction of emotional distress and injunctive relief. [Docket No. 1.] On October 29, 2021, Defendants filed their first motion to dismiss.[1] [Docket No. 7.] After filing the first motion to dismiss, and after obtaining an extension therefor, Plaintiffs filed their First Amended Complaint against Defendants for Violations of the FDCPA and its state law counterpart, the FCRA and the TCPA. [Docket No. 16.] The instant motion to dismiss followed on December 17, 2021. [Docket No. 18.] On September 2, 2022, His Honor issued his Findings and Recommendation wherein he recommends that Defendants' Motion to Dismiss be granted, but that Plaintiffs be afforded another opportunity to further amend. [Docket No. 38.] For the reasons set forth herein, Defendants submit that leave to amend is not warranted.

### III.   LEGAL ARGUMENT

"District courts have broad discretion in deciding whether to grant leave to amend and whether to dismiss actions with or without prejudice." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011) (abrogated on other grounds by *Lorenzo v. SEC*, __ U.S. __, 139 S.Ct. 1094 (2019)). While federal courts "should freely give leave [to amend] when justice so requires", (Fed. R. Civ. Proc. 15(a)(2)), leave to amend need not be granted upon "a clear showing that amendment would be futile." *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015); *see also, e.g., In re Daou Systems, Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ("Dismissal without leave to amend is improper *unless* it is clear ... that the complaint could not be saved by any amendment.") (emphasis added). In determining whether leave to amend should be granted, courts focus on five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Those matters that are properly subject to judicial notice may be considered by the Court when ruling on a motion to dismiss. *See, e.g., Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, fn. 9 (9th Cir. 2012); *Shaw v. Hahn*, 56 F.3d 1128, 1129 fn. 1 (9th Cir. 1995). Judicially

---

[1] The first motion to dismiss was filed by the then-named defendants. In connection with filing their first amended complaint, Plaintiffs removed nine defendants and added Mr. Still, one of Wilmington's lawyers, as a defendant to the action.

noticed facts often consist of matters of public record, such as prior court proceedings. *See, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (the Court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.").

Here, Plaintiffs' claims should be dismissed without leave to amend because amendment would be futile, because Plaintiffs have acted in bad faith and because Plaintiffs have already had ample opportunity to amend their complaint.

**A.      Amendment of Plaintiffs' Claims Would Be Futile.**

"Under the futility analysis, '[d]ismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by any amendment.'" *Corinthian Colleges, supra*, 655 F.3d at 995 (citations omitted); *see also, e.g., Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that a court should permit amendment "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'") (citations omitted). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *U.S. v. Corinthian Colleges, supra*, 655 F.3d at 995 (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).

Here, amendment of the FDCPA claim, the FCRA claim and the TCPA claim would be futile and leave to amend should not be granted.

        1.      <u>Fair Debt Collection Practices Act Claim</u>

As noted in the Findings and Recommendation, Defendants challenged Plaintiffs' claim under the FDCPA because Plaintiffs "cannot 'establish that a debt is owed, [that] there was a transaction between the parties, or that Defendants are debt collectors as defined under the FDCPA.'" [Findings and Recommendation, 5:19-20 (citing Motion to Dismiss, 18:16-17).] As His Honor noted in the Findings and Recommendation, to establish a claim under the FDCPA, a

plaintiff must show, among other things, that "'the debt arises out of a transaction entered into for personal purposes.'" [Findings and Recommendation, 6:5-6 (citing *Alonso v. Blackstone Fin. Grp. LLC*, 926 F. Supp. 2d 1188, 1193-94 (E.D. Cal. 2013) (quotations omitted)).]

Plaintiffs' FDCPA claim is deceitfully based on alleged back rent owed by Mehl. [*See* FAC, 2:9-11; FAC ¶¶ 10-19; *see also* Findings and Recommendation, 3:6-7.] However, the State Court has already found that there was no contractual or other relationship between Mehl and Wilmington when it granted summary judgment in favor of Wilmington for forcible detainer. As stated in the State Court's detailed order, a finding of forcible detainer necessarily requires a finding that a "defendant, in the night-time or during the plaintiff-occupant's absence, unlawfully entered on the property..." [Docket No. 18-1, 225-26:28-2 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment, 3-4:28-2)).] The State Court went on to find that Wilmington "establishes that [Mehl] unlawfully entered the Property ... on August 5, 2020 ... without [Wilmington's] knowledge or consent." [Docket No. 18-1, 226-24:27-4 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment, 4-5:27-4)).] Significantly, the State Court also found that neither Wilmington nor the prior owner of the subject property "did not have any agreement, oral or written, with [Mehl] or any other party, to lease the Property.... [Mehl] did not submit any admissible evidence to controvert that material fact." [Docket No. 18-1, 227:15-19 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment, 5:15-19)).]

With these judicially noticeable findings from the State Court in mind, Plaintiffs cannot allege that the debt arises out of a transaction entered into for personal purposes. Neither Wilmington nor any of the other Defendants entered into a voluntary transaction with Plaintiffs. To the contrary, the only relationship that ever existed between Plaintiffs and Wilmington was that of trespasser and trespassee. As such, and in addition to the reasons stated in the Findings and Recommendation, any "additional facts" that Plaintiffs might allege if given the opportunity will not enable Plaintiffs to allege that the "debt" arose out of a "transaction entered into for personal purposes." Accordingly, any amendment of the FDCPA claim would be futile and leave to amend should not be granted.

2. <u>Fair Credit Reporting Act Claim</u>

As set forth in the Findings and Recommendation, "Defendants argue that the amended complaint does not state an FCRA claim because it does not contain factual allegations establishing that defendants are 'furnishers' of credit information or that a credit reporting agency ('CRA') provided defendants with notice of a consumer dispute." [Findings and Recommendation, 7:4-7.] Plaintiff Mehl claims that his credit report "inaccurately showed that the unlawful detainer and forcible detainer actions resulted in judgments against him" while "Cupp notified defendants that he disputed the entry of judgment from the forcible detainer action." [Findings and Recommendation, 7:20-23.] His Honor granted Defendants' Motion to Dismiss on the grounds that Plaintiffs "do not allege that a CRA provided defendants with a notice of dispute, which is required to trigger the statutory duties under § 1681s-2(b)" but declined to address Defendants' argument that Plaintiffs failed to allege sufficiently that Defendants are "furnishers" under the FCRA. [Finding and Recommendation, 7:23-25; *Id*., 7-8:28-1, fn. 3.]

Like the FDCPA claim, Plaintiffs' FCRA claim is based on the dishonest and fanciful allegation that the State Court lawsuits against Plaintiffs were premised on unpaid rent. Not so. As detailed in the State Court's orders, there was never any relationship between Plaintiffs and Wilmington nor did Plaintiffs ever have authority to enter, let alone reside, at the property. [Docket No. 18-1, 226-27:27-6 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment, 4-5:27-6)).] Plaintiffs are not "tenants" or "consumers" who entered into a mutually voluntary relationship with Wilmington. Rather, and as found by the State Court, after Wilmington foreclosed on *vacant* residential property and took possession by changing the locks and securing the property, Plaintiffs moved in, changed the locks, denied Wilmington access thereto and, after Wilmington was forced to resort to judicial process, engaged in a lengthy and abusive litigation strategy designed to thwart Wilmington at every turn. [*See* Docket No. 18-1, 223-28 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment); *see also* Docket No. 18-1, 325 (Request for Judicial Notice, Ex. 25 (State Court's *Sua Sponte* Order Denying Ex Parte Application to Stay Writ of Possession) (detailing Mehl's "lack of good faith" and "weaponized" use of legal process to "delay the proceedings."))].

Setting aside the fact that Plaintiffs are not "consumers" under the FCRA or "tenants" of Wilmington, Plaintiffs' "disputes" are not legitimate. Judgment *was* entered against Plaintiffs in the forcible detainer action (Case No. 21UD01125). [*See* Docket No. 18-1, 221 (Request for Judicial Notice, Ex. 19 (Judgment in forcible detainer action)).] The unlawful detainer (Case No. 20UD01465) *was* dismissed. [*See* Complaint ¶ 18, Ex. 4; *see also* Docket No. 18-1, 49 (Request for Judicial Notice, Ex. 6 (Request for Dismissal)).] More, it was the CRA, not Defendants, who investigated and allegedly determined that "both case entry's [sic] of 'Judgment Entered' were correct." [Complaint ¶ 107.] Plaintiffs' claims are not premised on legitimate consumer disputes – Plaintiffs are not "consumers" entitled to protection under the FCRA as it relates to the trespasser-trespassee relationship between them and Wilmington. Moreover, Plaintiffs' "disputes" are belied by judicially noticeable records – the judgment in the forcible detainer case and dismissal of the unlawful detainer case. Accordingly, any amendment of the FCRA claim is futile and leave to amend should not be granted.

3.    Telephone Consumer Protection Act Claim

Finally, amendment of the TCPA claim is likewise futile for the reasons set forth in the Findings and Recommendation. Specifically, His Honor notes the "conclusory nature" of Plaintiffs' allegations of the TCPA claim and that the "contention that Torp used an automatic dialer system is implausible in light of the complaint's factual allegations." [Findings and Recommendation, 8:16-18.] His Honor explains that the subject matter of the calls – which "concerned either specific problems occurring at the subject property or the state course cases ... dispel[s] any notion that the calls were made randomly." [Findings and Recommendation, 8:18-20.] Calls specifically related to the property (which Plaintiffs never had any right or authority to occupy, as found by the State Court) and calls related to the State Court cases (which were only occasioned as a result of Plaintiffs' deceitful and egregious conduct in forcibly detained the property) are not random.

Leave to amend need not be granted where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). This is the case

1  here – Plaintiffs cannot allege any facts consistent with the current iteration of the complaint that
2  would cure the deficiency.[2] As such, the TCPA claim should be dismissed without leave to amend.

**B.    Plaintiffs' Bad Faith Warrants Dismissal Without Leave to Amend.**

A litigant's bad faith may serve as a basis to deny leave to amend. *See Corinthian Colleges, supra*, 655 F.3d at 995. Here, Plaintiffs' claims against Defendants are premised on a fictitious story of unpaid rent and Defendants' alleged quest to recover that rent. This is emphatically false. The underlying tale involves Wilmington acquiring the property only to be stripped of possession by Plaintiffs, who never had *any* right to possession thereof and forcibly detained the property from Wilmington for well over a year, all as specifically found by the State Court. [*See* Docket No. 18-1, 223-28 (Request for Judicial Notice, Ex. 19 (State Court Order Granting Motion for Summary Judgment).] Plaintiffs have made multiple representations in their pleadings that contradict the express rulings of the State Court. This bad faith warrants dismissal without leave to amend.

**C.    Plaintiffs Have Previously Amended.**

The Court may also consider whether a plaintiff has had prior opportunities to amend his pleading before dismissing a claim without leave to amend. *See Corinthian Colleges, supra*, 655 F.3d at 995. Here, Plaintiffs filed their First Amended Complaint only after Defendants filed their first motion to dismiss [Docket No. 7]. Plaintiffs have had multiple opportunities to plead their meritless claims. Any additional amendments would be futile and subject to dismissal for the reasons stated herein. Accordingly, the fact that Plaintiffs have already had an opportunity to amend further warrants dismissal without leave to amend.

---

[2] It should be noted that Plaintiffs have already made contradictory and dishonest allegations in connection with the TCPA claim. In the first iteration of this complaint, Plaintiffs specifically stated that the allegedly violative calls were placed to Mehl "from phone number 805-907-[xxxx]." [Docket No. 1, Complaint ¶ 25.] After reviewing Defendants' first motion to dismiss and having an opportunity to amend, Plaintiffs retreated, contradicted their prior allegation, and alleged that the calls were received "from an unknown number." [Docket No. 16, First Amended Complaint ¶ 51.] Interestingly, Mehl was then able to return a call to that same, specific number identified in the first complaint and leave a message for Ms. Torp. [*See* Docket No. 16, First Amended Complaint ¶ 62 ("Mehl called Ms. Torp back and left a voicemail at 805-907-[xxxx]....").] This mendacious conduct constitutes bad faith and should not be tolerated by this Court.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that this Court sustain this Limited Objection and enter an order adopting the Findings and Recommendations with the caveat that Plaintiffs' claims be dismissed *without* leave to amend. Defendants further request that the Court take judicial notice of those documents submitted in support of the Motion to Dismiss, which demonstrate that denial of leave to amend is appropriate. Defendants further request such other and additional relief as the Court deems just and proper.

Dated:  September 9, 2022                                       SNELL & WILMER L.L.P.


By: */s/ Eric S. Pezold*
    Eric S. Pezold
    Andrew B. Still

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On September 9, 2022, I served, in the manner indicated below, the foregoing document described as: **DEFENDANTS' LIMITED OBJECTION TO FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED** on the interested parties in this action:

| | |
|---|---|
| **Ron Cupp**<br>150 Raley Town Center, Ste 2512<br>Rohnert Park, CA 94926 | **Plaintiffs** |
| **Gavin Mehl**<br>5960 S Land Park Dr. #1166<br>Sacramento, CA 95822 | |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒ BY E-FILING (USDC Eastern): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on September 9, 2022, at Costa Mesa, California.

SNELL & WILMER L.L.P.

By: /s/Kelley Nestuk
Kelley Nestuk

4887-8615-0705

- 11 -