Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Consumer Plaintiffs

**FILED**

SEP 26 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN MEHL; RON CUPP; and DOES 1-10 inclusive consumers<br><br>                      Plaintiff(s),<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST; SNELL & WILMER L.L.P.; ANDREW B. STILL an individual, and DOES 1-10 inclusive,<br><br>                      Defendant(s). | Case No.: **2:21-cv-01861-TLN-JDP**<br><br>**PLAINTIFF(S) RESPONSE TO DEFENDANTS' LIMITED OBJECTION TO FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**<br><br>[Docket 40] |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that Plaintiff(s) Gavin Mehl and Ron Cupp (hereinafter collectively "Plaintiffs") timely respond to Defendants' WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1, A DELAWARE STATUTORY TRUST; SNELL & WILMER L.L.P.; ANDREW B. STILL, (hereinafter collectively "Defendants") limited objection to findings and recommendations that Defendants motion to dismiss be granted.

This response is made pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Rule 304 of the Local Rules of Practice for the Eastern District of California and is made on the following grounds:

1. On September 2, 2022, the Honorable Jeremy D. Peterson, United States Magistrate Judge, issued his Findings and Recommendation to this Court regarding the above-captioned case. In the Findings and Recommendation, His Honor recommends, among other things, that Defendants' Motion to Dismiss [Docket No. 18] be granted. Specifically, His Honor recommends that each of the claims asserted in Plaintiffs' First Amended Complaint [Docket No. 16] be dismissed as to Defendants, but that Plaintiffs be afforded an opportunity to file an amended complaint to cure the several deficiencies that were identified in the Findings and Recommendation that leave to amend is warranted.

2. Plaintiffs' file this Response to Defendants' Limited Objection to the Findings and Recommendation to the extent that Defendant's object to the recommendation that Plaintiffs be granted leave to amend. Plaintiff further responds to Defendants' objection to the recommendation that Defendant's Request for Judicial Notice [Docket No. 18-1] not be

1  granted, as judicial notice of those documents is wholly objected to by Plaintiffs [Docket No.
2  22, see OBJECTIONS 4-6].
3      This response is based on Plaintiffs Opposition to Motion to Strike and Dismiss [Docket
4  No. 21], Plaintiff's Objections in Support of Opposition [Docket No. 22], Plaintiff's Counter-
5  Moton to Strike in support of Opposition to motion to strike First Amended Complaint and
6  Dismiss [Docket No. 20], Plaintiff's Declarations [Docket No. 23-24] and his Honor's Findings
7  and Recommendation, the other pleadings and papers on file with the Court in this action, and
8  such other matters that may be properly received by the Court.
9      Respectfully,    /s/: Gavin: Mehl.
10 Date: September 26, 2022,
11                               Gavin Mehl, Consumer
12                               /s/ Ron Cupp
13 Date: September 26, 2022,
14                               Ron Cupp, Consumer

## I. Introduction

Plaintiffs agree with the Findings and Recommendation and submit this Response to Defendants Limited Objection only to request that leave to amend the First Amended Complaint be granted. Defendant's objections to findings fail to address Plaintiff's Objections in Support of Opposition [Docket No. 21]. Defendants ask the Court to take judicial notice of state court records and documents related to the underlying action. ECF No 18-1. These documents, which appear to relate primarily to defendants' motion to strike, Plaintiff's contend these should not be considered in resolving their motion to dismiss. Accordingly, Plaintiffs contend defendants' request for judicial notice is denied as unnecessary.

DIVERSITY VS FEDERAL QUSTION

This is a Federal Question complaint and not a Diversity suit. Plaintiffs claim that Defendants violated Consumer Protections by not strictly adhering to Federal & State Statutes.

Plaintiffs should be granted leave to amend as the deficits have been cured in Defendant's forthcoming Second Amended Complaint.

## II. Legal Standard

The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Industries Co.,* 126 F.3d 926 (7th Cir. 1997)

An order may be deemed contrary to law " when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.,*92 F.Supp.2d 70, 74 (N.D.N.Y.2000). The party seeking to overturn a magistrate judge's decision carries a

1 heavy burden. *Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y.1980). Citing
2 *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y.
3 2002)

### III. Defects in the Complaint are Curable by amendment

1. <u>Fair Debt Collection Practices Act Claim</u>

Amending Plaintiff's complaint will cure the defects to state specific facts as to who, what, where, when, why, and how (1) Plaintiffs are consumers within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions of the FDCPA.

Plaintiffs take notice that that facts in the first amended complaint was not specific because the complaint did not allege that defendants' "principal business is to collect debts or that they regularly do so on behalf of others"); c.f. Smith v. Credit Corp Sols., Inc., No. 3:20-CV-01295-JAH-RBB, 2022 WL 959597, at *4 (S.D. Cal. March 30, 2022) (finding that the amended complaint sufficiently alleged a FDCPA claim because it "alleges that Credit Corp is 'a collection agency which regularly collects consumer debts,' 'engages in debt collection,' and 'are debt collectors' as defined by 15 U.S.C. § 1692a(6)").

This defect is curable, because Mehl secured a copy of Defendant's trustee Notice of Trustee Sale recorded with the Sacramento County Clerk-Recorder as Document # 2020-06081228. Plaintiff alleges that defendant "principal business is to collect debts or that they regularly do so on behalf of others," as Defendant's Trustee Patricio S. Ince, states it is a "Debt Collector".

1   On such basis, Plaintiffs pray leave to amend by the Court.

2       2. <u>Fair Credit Reporting Act Claim</u>

3   Amendment to the FCRA claim is curable. Plaintiff's take notice that the complaint only
4   alleges that plaintiffs provided notices of a dispute directly to defendants and failed to allege the
5   Credit Reporting Agencies notified the Defendants. Plaintiffs contend this defect is curable by
6   amendment.

7   Ron Cupp ("Cupp") was denied credit due to inaccurate reporting of case 21UD01125
8   (FAC ¶ 46, 47, 90-102 FAC). Mehl and Cupp informed the credit reporting agencies ("CRA's")
9   that their credit reports included inaccurate information [FAC ¶ 103-104].

10  On information and belief, defendants were notified by the CRA's and responded to the
11  CRAs who notified Plaintiffs that the status of "judgment entered" was correct [FAC ¶ 103-
12  104]. Plaintiffs requested reinvestigation [FAC ¶ 109-110]

13  Accordingly, Plaintiffs should be granted leave to amend on this claim.

14      3. <u>Telephone Consumer Protection Act</u>

15  Plaintiff defects are curable on amendment. Snell & Wilmer began a series of collection
16  calls to Mehl's using a device with the capacity to store a telephone number using a random or
17  sequential generator (see ¶ 48-89 FAC). Plaintiffs take notice that the complaint must state
18  specific facts and not legal conclusions to state a claim for TCPA.

19  Plaintiff address Defendant's allegations of bad faith in the amended complaint under the
20  TCPA claim of the number dialed vs. unknown number. This allegation of Defendant calling
21  "from phone number 805-907-[xxxx]." [Docket No. 1, Complaint ¶ 25.] After reviewing
22  Defendants' first motion to dismiss and then addressing in the amended complaint that the calls

were received "from an unknown number." [Docket No. 16, First Amended Complaint ¶ 51.]. This allegation is not bad faith, but nothing more than a harmless error on the part of Plaintiff and curable by amendment.

4. Rosenthal Act – State Cause of Action.

Jurisdiction under 28 U.S.C. §1367 is appropriate as Plaintiffs and Defendants are the same, with the same set of facts and evidence, giving concurrent jurisdiction to this Court.

This is a Federal Question complaint and not a Diversity suit. Plaintiffs claim that Defendants violated Consumer Protections by not strictly adhering to Federal & State Statutes.

Plaintiff(s) second amended complaint alleges and each of them is a "debtor" within the meaning of *Cal. Civ. Code* § 1788.2(h), in that they are natural people from whom Defendants are seeking to collect a consumer debt alleged to be due and owing. Defendants and each of them are "debt collectors," concerning Plaintiff as defined in Civ. Code §1788.2(c). Defendant(s) seeks to collect a "consumer debt" from Plaintiff(s) within the meaning of *Cal. Civ. Code* §1788.2(f). As Plaintiff has allegedly received property, services, or money from Defendants on an extension of credit. Such property, services, or money was used primarily for personal, family, or household purposes. Defendant(s) has damaged Plaintiff(s) by violations of Rosenthal Act (Cal. Civ. Code § 1788).

**III. Alternative Response – If the Court takes Judicial Notice from Defendant**

Alternatively, should the Court consider Defendants Request for Judicial notice, Plaintiff notes Gavin Mehl ("Mehl") leased a property in Sacramento [First Amended Complaint ("FAC") ¶ 11]. Mehl was served a notice of failure to pay rent from the landlord ("debt") [FAC ¶ 12]. Wilmington was assigned the debt in default and referred Mehl to Snell & Wilmer with

Plaintiff's Response to Objections                                      Mehl Cupp Vs. Wilmington *et al.*

authorization to sue. Snell & Wilmer issued notice to quit and filed case 20UD01465 [FAC¶ 13-16]. Wilmington and Snell & Wilmer stipulated to pay Mehl costs of suit and dismissed case 20UD01465 [FAC ¶ 18].

Mehl applied for credit and was denied due to defendants inaccurate reporting of the dismissed case 20UD01465 [FAC ¶ 20-26]. Mehl secured a copy of Defendant's trustee Notice of Trustee Sale recorded with the Sacramento County Clerk-Recorder as Document # 2020-06081228. Defendant's Trustee Patricio S. Ince, states it is a "Debt Collector".

Mehl served Wilmington a Notice of dispute [FAC ¶ 27-28]. Wilmington did not respond to the Notice of dispute and initiated case 21UD01125 [FAC ¶ 30-35]. In discovery of case 21UD01125, Wilmington admitted the total debt owed was $59,208.24 [FAC ¶ 38].

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the total amount of damages you are seeking to recover as of August 5, 2020, amounts to greater than $59,208.24 (fifty-nine thousand two hundred and eight dollars and twenty-four cents), as alleged in paragraph's 12 and 18 of the complaint on file herein.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Admit.

### A. Defendant's Fabricated Forcible Detainer Case Handicap Plaintiffs' Defenses

Defendant would like the Court to believe that Plaintiffs could have used tenancy as a defense in the forcible detainer action. The California legislature made specific to a forcible detainer defense, Cal. Code Civ. Proc. § 1172 ("On the trial of any proceeding for any forcible entry or forcible detainer...The defendant may show in his defense that he or his ancestors, or

Plaintiff's Response to Objections                                Mehl Cupp Vs. Wilmington *et al.*

those whose interest in such premises he claims, have been in the quiet possession thereof for the space of one whole year together next before the commencement of the proceedings, and that his interest therein is not then ended or determined; and such showing is a bar to the proceedings.")

Mehl's successful defeat of Plaintiff's Unlawful Detainer Case 20UD01465 caused motive for Defendant's retaliatory Forcible detainer case. The Court in Forcible Detainer could not hear standard tenant defenses of Unlawful Detainer (Cal. Code Civ. Proc. § 1172) thus inevitably awarded summary judgment. Case 21UD01125 is currently on appeal and waiting to be considered in the state court. Plaintiff's complaint is specific to defendant's consumer protection violations and in no way an attempt to re-litigate a state case.

## IV. Conclusion

For the reasons stated here, Plaintiffs respectfully request that this Court overrule Defendants Limited Objection and order adopting the Findings and Recommendations with leave to amend. Plaintiff further request the Court deny the judicial notice of those documents submitted in support of the plaintiffs Anti Slap Motion to Strike and motion to dismiss as irrelevant and immaterial. Plaintiff further request such other and additional relief as the Court deems just and proper.

Respectfully,

Date: September 26, 2022,

/s/: Gavin: Mehl.
_____
Gavin Mehl, Consumer

Date: September 26, 2022,

/s/ Ron Cupp
_____
Ron Cupp, Consumer

9

Plaintiff's Response to Objections  Mehl Cupp Vs. Wilmington *et al*.

## PROOF OF ELECTRONIC SERVICE

I am over the age of 18 years old.

My residence or business address is 5960 S Land Park Drive #1166, Sacramento, California ~95822.

My electronic service address is: mehlgavin@gmail.com

I electronically served the documents (exact titles):

PLAINTIFF(S) RESPONSE TO DEFENDANTS' LIMITED OBJECTION TO FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED

Names and electronic service addresses of persons served:

Eric Pezold epezold@swlaw.com

Andrew Still astill@swlaw.com

I Declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: September 26, 2022         /s/: Gavin: Mehl.

_____
Gavin Mehl