FILED

SEP 0 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Consumer Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br><br>Plaintiff(s),<br><br>v.<br><br>PeerStreet; Snell & Wilmer L.L.P.; Andrew B. Still an individual; Wilmington *et al.* and Does 1 through 10 inclusive<br><br>Defendant(s). | Case No.: 2:21-cv-01861-TLN-JDP<br>*Hon. Troy L. Nunley, US District Judge*<br>*Hon. Jeremy D. Peterson, US Magistrate Judge*<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR CLARIFICATION OF THE COURTS MOTION TO DISMISS DECISION (ECF No. 66)**<br><br>Date: October 5, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>[ECF NO. 68] |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 5, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 located at 500 I Street Sacramento, CA 95814, Plaintiffs Gavin Mehl and Ron Cupp will move this Court for an Order clarifying the Court's ruling in its

1  ORDER signed by District Judge Troy L. Nunley on 8/23/2023 ADOPTING [58] The Findings
2  and Recommendations in full; GRANTING [44] Motion to Dismiss. Plaintiffs' second amended
3  complaint [43] is DISMISSED without leave to amend (ECF No. 66) (the "ORDER").
4   This motion is based upon the accompanying Memorandum of Points and Authorities,
5  the affidavit of Gavin Mehl and the documents on the Court's docket submitted with
6  Defendants' Motion to Dismiss (ECF No. 44-50) and the OBJECTIONS to [58] FINDINGS
7  and RECOMMENDATIONS (ECF No. 64).
8   <u>Plaintiffs request clarification on the following:</u>
9   (1) Effect of the *Younger-Harris and/or Pullman* abstention doctrine based on principles of
10 equity, comity, and federalism, pending the full resolution of the parallel state court proceedings
11 as outlined in Objections to Findings and Recommendations (ECF No. 64).
12  (2) Effect of Plaintiffs *England-Jennings* reservation as outlined in Objections to Findings
13 and Recommendations (ECF No. 64).
14  (3) Effect of NOTICE of FILING BANKRUPTCY Upon the Record as to PS Funding, Inc.
15 by PS Funding, Inc., Snell & Wilmer L.L.P. (ECF No. 61).
16  This motion is made following the conference of counsel pursuant to Local Rules, which
17 took place on August 31, 2023. Mr. Treder stated he would oppose the motion and stated his
18 legal basis for opposing the motion. Mr. Pezold stated his client was a chapter 11 debtor in a
19 bankruptcy case in Delaware. Mr. Still did not respond.

Date: September 1, 2023,

*Gavin Mehl*
Gavin Mehl, Consumer

Date: September 1, 2023,

*Ron Cupp*
<sub>Ron Cupp (Aug 31, 2023 20:30 PDT)</sub>
Ron Cupp, Consumer

---

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Consumer Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br><br>Plaintiff(s),<br><br>v.<br><br>PeerStreet; Snell & Wilmer L.L.P.; Andrew B. Still an individual; Wilmington *et al.* and Does 1 through 10 inclusive<br><br>Defendant(s). | Case No.: 2:21-cv-01861-TLN-JDP<br>*Hon. Troy L. Nunley, US District Judge*<br>*Hon. Jeremy D. Peterson, US Magistrate Judge*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S MOTION TO DISMISS DECISION**<br><br>Date: October 5, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>[ECF NO. 69] |

Plaintiffs Gavin Mehl and Ron Cupp ("Plaintiffs") submit this motion for clarification of the Court's Order Granting Defendants Motion to Dismiss (ECF No. 66) (the "Order").

**PRELIMINARY STATEMENT**

1    As outlined in Plaintiffs OBJECTIONS to [58] FINDINGS and RECOMMENDATIONS
2    (ECF No. 64), Plaintiffs seek clarity on the applicability of the *Younger-Harris and/or Pullman*
3    abstention doctrine, federal courts must refrain from interfering with ongoing state court
4    litigation out of respect for state sovereignty. Here, abstaining would allow the state case to run
5    its full course without federal interference. No party would be unduly prejudiced by temporary
6    federal abstention while awaiting the finality of state proceedings.

7    In the OBJECTIONS to [58] FINDINGS and RECOMMENDATIONS (ECF No. 64),
8    Plaintiffs requested that this Court abstain from issuing any rulings at this time based on
9    principles of equity, comity, and federalism, pending the full resolution of the parallel state court
10   proceedings. However, the court did not address the abstention doctrines.

11   Because the court found that the Plaintiffs were collaterally estopped due to a state court
12   judgment which is currently on appeal, (see the attached ORDER from the appellate court with
13   briefing schedule) Plaintiffs seek a clarification of said doctrines for purposes of appeal.

14   **RELEVANT PROCEDURAL BACKGROUND**

15   Plaintiffs' claims stem from alleged violations of federal and state consumer protection
16   laws by defendants relating to debt collection practices. Plaintiffs properly disputed the disputed
17   debt in writing, which should have paused collection efforts under the FDCPA. However,
18   PeerStreet and Wilmington continued collection activities through credit reporting and pursuing
19   a second lawsuit against plaintiffs in state court.

20   Plaintiffs had filed this federal lawsuit on October 8, 2021, reserving their federal claims
21   for federal court. In *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84
22   S.Ct. 461, 11 L.Ed.2d 440 (1964), the Supreme Court recognized a procedure whereby parties

Motion for Clarification                                          Mehl Cupp Vs. PeerStret

who are involuntarily litigating state-law claims in state court may "reserve" their federal claims for a later determination by a federal court.

Case law since *England, supra* confirms this notion with regard to reserving federal issue questions, including *Jennings v. Caddo Parish School Bd.,* 531 F.2d 1331 (5th Cir. 1976) and *Sharpley v. Davis,* 786 F.2d 1109 (11th Cir. 1986) (noting that, where a plaintiff wishes to preserve access to a federal forum, he must do so "at the earliest administrative level" or else "subsequent state court review of that initial administrative determination… eliminates the opportunity to present such federal claims in a federal forum.)"

Plaintiffs timely filed this federal lawsuit to reserve their federal claims before the state court made findings of fact then entered judgment. Subsequently, the magistrate judge issued findings and recommendations concluding plaintiffs were collaterally estopped based on the state court findings and court judgment that are not final.

However, that state court judgment is currently being appealed in Case No. 21UD01125 (see the attached ORDER from the appellate court with briefing schedule). Because the magistrate judge relied on state court findings that remain subject to appeal, plaintiffs requested the district court judge stay this federal case under applicable abstention doctrines until the state appeal concludes.

Plaintiffs argued abstention would avoid the risk of conflicting rulings between the state appeal and this federal case. It would also prevent federal interference with the ongoing state appellate proceedings. Plaintiffs contend abstaining pending the appeal's resolution would adhere to principles of equity, comity, and federalism, consistent with the rationale underlying abstention doctrines. However, the court did not address the abstention doctrines.

# ARGUMENT

## I. Applicable Legal Standards

A District Court has the inherent authority to clarify or modify prior decisions. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. All Assets Held at Bank Julius, Baer & Company*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018); *see also Air & Liquid Sys. Corp. v Allianz Underwriters Ins. Co.*, 2014 WL 4060309, at *14 (W.D. Pa. Aug. 15, 2014). "Although such a motion cannot open the door to relitigating a matter that the court has considered and decided, courts . . . have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling." *Adams v. Symetra Life Ins. Co.*, 2020 WL 4814249, at *1 (D. Ariz. Aug. 19, 2020). A motion for clarification is "especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *All Assets Held at Bank Julius, Baer & Company*, 315 F. Supp. 3d at 99.

**1. Plaintiffs are uncertain about the scope of a ruling and request clarification on the following points for purposes of appeal:**

(1) What is Effect of the *Younger-Harris and/or Pullman* abstention doctrine based on principles of equity, comity, and federalism, pending the full resolution of the parallel state court proceedings as outlined in Objections to Findings and Recommendations (ECF No. 64)?

(2) What is the effect of Plaintiffs *England-Jennings* reservation as outlined in Objections to Findings and Recommendations (ECF No. 64)?

(3) What is the effect of NOTICE of FILING BANKRUPTCY Upon the Record as to PS Funding, Inc. by PS Funding, Inc., Snell & Wilmer L.L.P. (ECF No. 61)?

**CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court clarify its Order dismissing Plaintiffs' second amended complaint regarding the applicability of the abstention doctrines, the effect of Plaintiffs' England reservation and the PeerStreet Bankruptcy filing. Plaintiffs contended that abstaining from ruling until the state appeal concludes would adhere to principles of equity, comity and federalism and avoid potentially conflicting rulings. Plaintiffs seek to preserve their federal claims and requested clarification regarding the effect of their England reservation. Therefore, Plaintiffs are uncertain about the scope of a ruling and request clarification on the above points for purposes of appeal:

Respectfully,  
Date: September 1, 2023,   *Gavin Mehl*   BY FAX  
Gavin Mehl, Consumer

Date: September 1, 2023,   *Ron Cupp*   BY FAX  
Ron Cupp (Aug 31, 2023 20:50 PDT)  
Ron Cupp, Consumer

---

Gavin Mehl
5960 S. Land Park Dr. #1166
Sacramento, California ~95822
Phone: (917) 304-6089
Email: mehlgavin@gmail.com

Ron Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California 94925
Phone: (707) 318-9929
Email: ronc2009@gmail.com

Consumer Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gavin Mehl; Ron Cupp<br>Plaintiff(s),<br><br>v.<br><br>PeerStreet; Snell & Wilmer L.L.P.; Andrew B. Still an individual; Wilmington *et al.* and Does 1 through 10 inclusive<br><br>Defendant(s). | Case No.: 2:21-cv-01861-TLN-JDP<br>*Hon. Troy L. Nunley, US District Judge*<br>*Hon. Jeremy D. Peterson, US Magistrate Judge*<br><br>**AFFIDAVIT SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S MOTION TO DISMISS DECISION** |

**AFFIDAVIT OF GAVIN MEHL**

I, Gavin Mehl, affirm that the following statements are true and correct:

1. I am a plaintiff in this federal civil action and have personal knowledge of the facts stated herein.
2. I submit this affidavit in support of Plaintiffs' motion asking the Court to its order dismissing the case based on collateral estoppel.

3. On August 31, 2021, I had a meet and confer with opposing counsels prior to bringing this motion.

4. Mr. Treder stated he would oppose the motion and stated his legal basis for opposing the motion.

5. Mr. Pezold stated his client was in chapter 11 debtor in a bankruptcy case in Delaware.

6. Mr. Still did not respond.

7. On August 24, 2023, the Court entered judgment for the defendant and dismissed the case, finding Plaintiffs were barred under collateral estoppel based on a state court judgment in case 21UD01125.

8. Before the dismissal, I objected to the magistrate's recommendations, arguing the Court should abstain from ruling under the *Younger-Harris and/or Pullman* abstention doctrines because the state court appeal in case 21UD01125 was still pending.

9. On August 22, 2023, the state appellate court granted appellants' request for relief from default, an extension of time to file the opening brief, and augmentation of the record in the state court appeal.

10. The state appellate court set a briefing schedule for the appeal with oral argument set for January 19, 2024, at 10 a.m.

11. I could not have obtained this new information about the pending state court appeal any earlier, because the state appellate court did not grant relief from default until August 22, 2023, allowing the appeal to move forward.

12. Attached as Exhibit A is a true and correct copy of the state appellate court's order.

13. I respectfully ask this Court to issue its clarification of its ruling for purposes of appeal.

14. What is Effect of the *Younger-Harris and/or Pullman* abstention doctrine based on principles of equity, comity, and federalism, pending the full resolution of the parallel state court proceedings as outlined in Objections to Findings and Recommendations (ECF No. 64)?
15. What is the effect of Plaintiffs *England-Jennings* reservation as outlined in Objections to Findings and Recommendations (ECF No. 64)?
16. What is the Effect of the Notice of Filing Bankruptcy upon the Record as to PS Funding, Inc. (ECF No. 61)?

I Declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed September 1, 2023.

*Gavin Mehl*

Gavin Mehl, Plaintiff

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
## APPELLATE DIVISION

| | | | |
|---|---|---|---|
| DATE | : AUGUST 22, 2023 | DEPT. NO | : 41 |
| JUDGE | : HELENA R. GWEON, PRESIDING APPELLATE JUDGE | CLERK | : M. MCLAUGHLIN |

**WILMINGTON TRUST,**

      Plaintiff/Respondent,

CASE NO: 21UD01125

VS.

**GAVIN MEHL,**

      Defendant/Appellant.

---

**Nature of Proceedings:**   **REQUEST FOR EXTENSION OF TIME / REQUEST TO AUGMENT THE RECORD - ORDER**

The clerk is directed to file respondent's Consent to Electronic Service. The clerk is also directed to file appellant's "Application for Extention[sic] of the Time Period for Filing Opening Brief."

Appellant's request for relief from default and request for extension of time to file appellant's opening brief is granted.

Appellant also claims that the appellate record is deficient and seeks to utilize an attached appendix as the appellate record. Appellant's request to utilize an appendix as the appellate record is denied. The appellate record has already been prepared and transmitted to the appellate division. However, to the extent that appellant seeks augmentation of the appellate record with documents filed or lodged in the underlying case and omitted from the appellate record but included in the appendix, the court grants augmentation with such documents and shall deem the record augmented with such documents. (Cal. Rules of Court, Rule 8.841)

Appellant's opening brief must be served and filed on or before 30 days from the date of this order. Respondent's brief, if any, must be served and filed within 30 days from the date on which appellant's opening brief is filed. Appellant's closing brief, if any, must be served and filed within 20 days from the date on which respondent's brief is filed.

The October 20, 2023 hearing date for this appeal is VACATED.

This Appeal will be heard in the courtroom of the Presiding Judge of the Appellate Division, on January 19, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard.

Dated: AUGUST 22, 2023

                                                HELENA R. GWEON
                                                HONORABLE HELENA R. GWEON,
                                                JUDGE OF THE SUPERIOR COURT

Certificate of Service by Mailing, attached.

## CERTIFICATE OF SERVICE BY MAILING
### C.C.P. Sec. 1013a(4))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, hereby certify that I am not a party to the action within, and that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the U. S. Mail at 720 9th Street, Sacramento, CA.

GAVIN MEHL
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

SNELL & WILMER, L.L.P.
Eric S. Pezold / Lyndsey A. Torp
600 Anton Blvd, Suite 1400
Costa Mesa, CA 92626-7689

APPEALS UNIT
(Inter-office mail)

Dated: AUGUST 22, 2023

Superior Court of California,
County of Sacramento

By:   M. MCLAUGHLIN,
         Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**
**APPELLATE DIVISION**

| | | | |
|---|---|---|---|
| DATE | : JULY 31, 2023 | DEPT. NO | : 41 |
| JUDGE | : HELENA R. GWEON, PRESIDING APPELLATE JUDGE | CLERK | : M. MCLAUGHLIN |

WILMINGTON TRUST,
              Plaintiff/Respondent,

CASE NO: 21UD01125

VS.

GAVIN MEHL,
              Defendant/Appellant.

**Nature of Proceedings:    REQUEST FOR RELIEF FROM DEFAULT - ORDER**

On July 14, 2023, appellant filed a motion for relief from default.

The proof of service for the motion it indicates that appellant utilized electronic service to serve the document. But there is no indication that respondent expressly consented to receive electronic service. (C.C.P. § 1010.6.) As such, the court may not consider granting any relief sought by way of the motion.

Appellant shall have 15 days from the date of this order to file a proper proof of service showing that the motion was properly served on all other parties.

If a proper proof of service showing proper service is timely and properly filed, the court shall consider the motion.

If no proper proof of service showing proper service is timely and properly filed the motion shall be deemed denied.

The clerk is directed to confirm that the court's records indicate that appellant's address: 5960 S. Land Park Dr., #1166, Sacramento, CA 95822.

Dated: JULY 31, 2023

                                    HELENA R. GWEON
                             HONORABLE HELENA R. GWEON,
                             JUDGE OF THE SUPERIOR COURT

Certificate of Service by Mailing, attached.

## CERTIFICATE OF SERVICE BY MAILING
C.C.P. Sec. 1013a(4))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, hereby certify that I am not a party to the action within, and that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the U. S. Mail at 720 9th Street, Sacramento, CA.

GAVIN MEHL
5960 S. Land Park Dr. #1166
Sacramento, CA 95822

SNELL & WILMER, L.L.P.
Eric S. Pezold / Lyndsey A. Torp
600 Anton Blvd, Suite 1400
Costa Mesa, CA 92626-7689

APPEALS UNIT
(Inter-office mail)

Dated: JULY 31, 2023

Superior Court of California,
County of Sacramento

By:   M. MCLAUGHLIN,
       Deputy Clerk

**PROOF OF ELECTRONIC SERVICE**

1. At the time I served the documents listed in 3, I was at least 18 years old.

2. a. My business address is: 5960 S Land Park Drive #1166 Sac, CA 95822.

    b. My electronic service address is: mehlgavin@gmail.com

3. I electronically served the following document, as indicated below:
**PLAINTIFF'S NOTICE OF MOTION FOR CLARIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES AND AFFIDAVIT IN SUPPORT**

4. I electronically served the document checked in 3 as follows:

    a. (1) Name of person served: Edward A. Treder, Barrett Daffin

       On behalf of: Wilmington Trust, NA, as Trustee of MFRA Trust

       (2) Electronic service address of person served: edwardt@bdfgroup.com

    b. (1) Name of Person served: Eric S. Pezold

       On behalf of: Peer Street, Inc., Snell & Wilmer L.L.P.

       (2) Electronic service address of person served: epezold@swlaw.com

    c. (1) Name of Person served: Andrew Blake Still

       On behalf of: Andrew Blake Still

       (2) Electronic service address of person served: astill@swlaw.com

5. On (*date*): September 1, 2023

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 1, 2023,

By: *Gavin Mehl*

Gavin Mehl

---

11
Motion for Clarification                         Mehl Cupp Vs. PeerStret